1    Craig G. Margulies, Esq. (State Bar No. 185925)
     *Craig@MarguliesFaithLaw.com*
2    Monsi Morales (State Bar No. 235520)
     *Monsi@MarguliesFaithLaw.com*
3    **MARGULIES FAITH LLP**
     16030 Ventura Blvd., Suite 470
4    Encino, CA 91436
     Telephone: (818) 705-2777
5    Facsimile: (818) 705-3777

6    Counsel for Darrell Maag,
     Debtor and Debtor in Possession

7

8                **UNITED STATES BANKRUPTCY COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

                        **NORTHERN DIVISION**
10

11   In re                              Case No.: 9:22-bk-10022-DS

12   SOUTHERN CALIFORNIA RESEARCH, LLC,  Chapter: 11

13                                       Jointly Administered with Case No.:
            Debtor and Debtor in Possession  9:22-bk-10023-DS

14   ─────────────────────────────────  **MOTION FOR DISALLOWANCE OF
                                        PROOF OF CLAIM 7 FILED BY**
15   In re                              **SOUTHWESTERN RESEARCH, INC.;
                                        MEMORANDUM OF POINTS AND**
16   DARRELL MAAG,                       **AUTHORITIES; DECLARATIONS OF
                                        MONSI MORALES AND DARRELL**
17                                       **MAAG**
            Debtor and Debtor in Possession
18   ─────────────────────────────────  Hearing:

19   ☐ Affects Both Debtors             Date:  October 11, 2022
                                        Time:  11:30 a.m.
20   ☐ Affects Southern California Research, LLC  Place:  Courtroom 201 (via ZoomGov)

21   ☒ Affects Darrell Maag                    1415 State Street
                                               Santa Barbara, CA 93101
22

23        Darrell Maag ("Maag" or the "Debtor") hereby objects (the "Objection") to proof of

24   claim number 7 (the "SRI Claim")[1], filed in his chapter 11 case by Southwestern

25   Research, Inc. ("SRI"), on the grounds that the SRI Claim is disallowed under section

26   502(d) of title 11 of the United States Code (the "Bankruptcy Code") because SRI was

27   ──────────────────────

28   [1] A true and correct copy of the SRI Claim is attached hereto as Exhibit A, and it is
     incorporated herein by this reference.

the transferee of several prepetition transfers that are avoidable as preferences under section 547 of the Bankruptcy Code.  Therefore, the Debtor requests an Order disallowing the SRI Claim in its entirety.  In the alternative, the SRI Claim should be reclassified as a general unsecured claim, as any purported lien against the Debtor's property in favor of SRI is avoidable, among other things, as a preferential transfer obtained within ninety (90) days of the Petition Date under Bankruptcy Code section 547and the subject of a pending adversary proceeding brought by the Debtor against SRI.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURSIDICTION

This Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This matter relates to the administration of, and the allowance of claims against, the Debtor's bankruptcy estate and is, accordingly, a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).  Venue of this matter is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 502(b) and 502(d) of the Bankruptcy Code, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1.

### II.

### FACTUAL BACKGROUND

**A.  Bankruptcy Cases of Maag and SCR**

The Debtor commenced his voluntary bankruptcy case (the "Maag Case") by filing a chapter 11 petition under the Bankruptcy Code on January 12, 2022 (the "Petition Date").  On that same date, related debtor Southern California Research, LLC ("SCR")

---

[2] The adversary proceeding is entitled *Southern California Research, LLC, and Darrell Maag v. Southwestern Research, Inc.*, Adv. Case No. 9:22-ap-01012-DS (the "Adversary Action").  Given the crossover of issues to be decided, the Debtor recommends that this Objection be consolidated with the Adversary Action, or that the hearing on the Objection be continued to a date following the resolution of the Adversary Action.

1

1    also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code,

2    commencing case number 9:22-10022-DS (the "SCR Case").

3        The Bankruptcy Court authorized the joint administration of the Maag Case and

4    the SCR Case by an Order entered on January 19, 2022.

5        **B. Dispute with SRI**

6        From 1998 through 2015, Maag was the clinical trial manager and employee of

7    SRI.  SRI was a corporation formed by two doctors to perform clinical research.

8    Following the death of one of the founding doctors, the surviving partner ("Dr. Murphy")

9    and the heirs of the deceased (collectively, "Friedman") engaged in litigation to determine

10   the ownership rights in and to SRI, which litigation ultimately determined that Friedman

11   was entitled to a 50% ownership interest in SRI.  Subsequently, Friedman commenced

12   litigation against Dr. Murphy, Maag and SCR, among others, in the Los Angeles County

13   Superior Court, Case No. SC 121128 (the "SRI Action"), alleging, *inter alia*, that Maag

14   and SCR diverted assets and business from SRI.

15       During the litigation in the SRI Action, all defendants, other than Dr. Murphy,

16   Maag and SCR, settled with Friedman for the maximum allowable claims under the

17   settling defendants' respective insurance policies.  Although Maag and SCR had

18   insurance coverage with Travelers Casualty Insurance Company of America and

19   Travelers Property Casualty of America (together, "Travelers") with a policy limit of $3

20   million, Travelers refused to settle the claims against the Debtors in the SRI Action for

21   that amount and countered with only $790,000.  Friedman rejected Travelers's

     settlement offer.

22       Subsequently, the Superior Court imposed terminating sanctions against the

23   Debtors (for alleged discovery violations, which the Debtors dispute), and the Debtors'

24   answers were stricken, leaving them in default without ever litigating the matter on the

25   merits.  Without the ability to defend themselves in the prove-up hearing, Maag and SCR

26   were hit with a default judgment (the "Default Judgment") in the approximate amounts of

27

28

1  $21.3 million and $11.1 million, respectively, in October 2021.[3]

2       The Debtors believe that they may be entitled to coverage payment from

3  Travelers up to the limits of the applicable policy, including any supplemental costs

4  allowed, in an amount no less than $3 million.[4]  The Debtors further believe that they

5  may have claims against Travelers for bad faith, among possible other claims, and

6  potential damages in the millions of dollars.

7       Following the entry of the Default Judgment in the SRI Action, SRI undertook

8  aggressive efforts to collect on the Default Judgment, including scheduling judgment

9  debtor examinations, recording judgment liens and an abstract of judgment and levying

10  on the Debtors' bank accounts (including savings of Maag's sons).  Specifically, as

11  alleged in the Amended Complaint in the Adversary Action, attached to the Declaration of

12  Monsi Morales as Exhibit B:

13      • On or about October 25, 2021, SRI filed a Notice of Judgment Lien (the

14         "Maag Judgment Lien") with the State of California Office of the Secretary of

15         State, as File No. U210096510724, listing "Darrell Maag" as the judgment

16         debtor. *See,* Morales Declaration, Exhibit A, SRI Claim, Exhibit 3 thereto.

17      • On November 1, 2021, the State Court issued an abstract of judgment –

18         civil and small claims in the SRI Action in favor of SRI and against Maag

19         and SCR (the "Abstract of Judgment").

20      • On or about November 29, 2021, SRI recorded the Abstract of Judgment in

21         the Ventura County Clerk-Recorder as Abstract No. 2021001978181.  *See,*

22         Morales Declaration, Exhibit A, SRI Claim, Exhibit 4 thereto.

23      • On or about December 6, 2021, SRI recorded the Abstract of Judgment in

24         the Los Angeles County Recorder's Office as Abstract No. 20211804889.

25         *See,* Morales Declaration, Exhibit A, SRI Claim, Exhibit 6 thereto.

26  [3] The amount of the Default Judgment against each Debtor subsequently was reduced
because of a settlement and payment made by Dr. Murphy, with whom the Debtors had

27  joint and several liability for a portion of the Default Judgment.

28  [4] The Debtors are informed that SRI contends that any and all coverage payments must
be paid directly to SRI, as judgment creditor. The Debtors dispute this contention.

- Pursuant to a Writ of Execution issued on or about October 29, 2021, SRI caused the Fresno County Sheriff's Office to levy multiple deposit accounts belonging to Maag and SCR for the benefit of SRI (the "Levies").  *See,* Maag Declaration, Exhibits 1-2.

- By the Levies, funds from the bank accounts belonging to Maag were levied in amounts not less than $16,324.52 in the ninety (90) days prior to the Petition Date.  *See,* Maag Declaration, Exhibit 3.

- By the Levies, SRI received funds from the bank accounts belonging to Maag (the "Maag Levies") in amounts not less than $336.66 in the ninety (90) days prior to the Petition Date.  *See,* Morales Declaration, Exhibit C.

- On or about November 22, 2021, the State Court issued an Order directing Maag to appear for a judgment debtor examination on January 14, 2022 (the "Maag Judgment Exam Order").  *See,* Morales Declaration, Exhibit A, SRI Claim, Exhibit 5.  The Maag Judgment Exam Order was served on or about December 21, 2021.  *See,* Morales Declaration, Exhibit A, SRI Claim, Exhibit 7.

## C.  The SRI Claim

On April 27, 2022, SRI filed a proof of claim in the amount of $19,179,891.84 in the Maag Case, designated by the Bankruptcy Court as claim number 7 (the "SRI Claim").  The SRI Claim states that it is secured by real estate and a judgment lien on personal property, attaching copies of the Maag Judgment Lien, the Abstract of Judgment and the Maag Judgment Exam Order.

**III.**

## **OBJECTION**

Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest…objects."  Section 502(b)(1) states that if an "objection to a claim is made, the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow

such claim in such amount, except to the extent that…such claim is unenforceable against the debtor…under any agreement or applicable law."  Moreover, once the objector raises facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claims themselves the "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."  *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991; *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (9th Cir. B.A.P 1985), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  "[T]he ultimate burden of persuasion is always on the claimant."  *Holm*, 931 F. 2d at 623.

**A.      The SRI Claim Should Be Disallowed Pursuant To 11 U.S.C. 502(d)**

The SRI claim should be disallowed in its entirety pursuant to Bankruptcy Code section 502(d), because SRI is the transferee of avoidable transfers and liens that it has not repaid and relinquished.

Bankruptcy Code section 502(d) states, in part, that "the court *shall disallow* any claim of any entity . . . that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount or turned over any such property for which such entity or transferee is liable under 522(i), 542, 543, 550, or 553 of this title."  11 U.S.C. § 502(d) (emphasis added).  Section 502(d) "requires disallowance of a claim of a transferee of a voidable transfer *in toto* if the transferee had not paid the amount or turned over the property received as required under the sections of the Code under which the transferee's liability arises."  4 *Collier on Bankruptcy*, ¶ 502.05[1] at 502-55 (16th ed. Rev. 2022) (emphasis in original).  Disallowance under section 502(d) applies even where the avoidable transfer is a lien as opposed to money or property, and the failure to relinquish the avoidable lien results in disallowance of the creditor's claim.  *See In re America West Airlines, Inc*. 217 F.3d 1161, 1165-1167 (9th Cir. 2000).

Here, SRI is the transferee of transfers of money and liens against Maag, which are avoidable under Bankruptcy Code sections 547.  By the Maag Levies, more than

$16,000 was levied from accounts belonging to Maag within 90 days of the Petition Date, of which amount SRI received not less than $336.66.[5]  No amounts received by SRI from the Maag Levies have been repaid.  In addition, SRI has not relinquished the liens to the Estate for which it is liable under Bankruptcy Code section 550(a).  Specifically, within 90 days of the Petition Date, SRI purportedly perfected liens against Maag's real and personal property by recording the Abstract of Judgment and the Maag Judgment Lien and by serving the Maag Judgment Exam Order (collectively, the "Maag Transfers").

For the reasons set forth in the Amended Complaint, which allegations are incorporated herein, the Maag Levies and the Maag Transfers constitute preferential transfers that are avoidable and recoverable by the Estate pursuant to Bankruptcy Code sections 547 and 550, respectively.  SRI has made no effort to repay the Maag Levies or to relinquish the liens created by the Maag Transfers.  Accordingly, the SRI Claim should be disallowed in its entirety pursuant to Bankruptcy Code section 502(d).

**B.    Notwithstanding Disallowance under Section 502(d) The SRI Claim Should Be Disallowed As To Any Amounts Not Due And Owing.**

Aside from disallowance of the SRI Claim in its entirety under Section A above, the SRI Claim should be disallowed for any amount not proven as due and owing, including but not limited to the following:

- There is a dispute between the parties as to the amount of money received by SRI on account of the Maag Levies.  However, the SRI Claim does not appear to account for any amounts received by the Maag Levies, even those amounts that SRI has admitted having received.  (See Morales Declaration, Exhibit C);

- SRI has alleged a right to receive any payments from Travelers under the Debtor's insurance policy (disputed by the Debtor), which may significantly reduce the SRI Claim;

- The SRI Claim appears to calculate interest post-Petition Date, and if

---

[5] The SRI Claim does not calculate the receipt of any levied funds into its claim amount.

accurate, such amounts are not authorized since the claim amount exceeds the value of the Debtor's assets.  (See Debtor's Schedules incorporated herein by this reference; Dkt. nos. 1 and 52).  All post-petition interest should be disallowed. *See,* 11 U.S.C. § 506(b); *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 (1989)*; and*

- The Adversary Action remains pending which, depending on the outcome, will affect the amount of the SRI Claim.  Thus, the Debtor reserves all rights, claims and defenses to the amount of the SRI Claim as affected by the pending Adversary Action.

Because of the inaccurate and potentially changing amount of the SRI Claim, the Debtor requests an opportunity to conduct discovery, if necessary, with respect to the SRI Claim and this Objection.  Further, the Debtor reserves all rights to supplement this Objection and/or raise any additional objections to the SRI Claim in amount and/or for any other reason that may arise.

**C.      In the Alternative, the SRI Claim Should Be Reclassified As Unsecured**

As set forth in the Amended Complaint in the Adversary Action, the Maag Transfers are avoidable as preferential transfers pursuant to Bankruptcy Code section 547.  The Maag Transfers were transfers of a property interest of Plaintiff Maag made within 90 days of the Petition Date, at a time when Maag was insolvent[6].  The Maag Transfers were made to or for the benefit of SRI on account of an antecedent debt owed by Maag at a time in which SRI was an alleged creditor of Plaintiff Maag, as the term "creditor" is defined by 11 U.S.C. § 101(10).  The Maag Transfers enabled SRI to receive more than SRI would otherwise have received if (a) the Maag Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code; (b) the Maag Transfers had not been made; and (c) SRI received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

The Maag Transfers are avoidable as preferential transfers, which will be adjudicated in

---

[6] *See* 11 U.S.C. § 547(f) (debtor's presumption of insolvency during 90 days prepetition).

the Adversary Action.  Once the Maag Transfers are avoided and recovered on behalf of the Estate, SRI will not have a valid, perfected lien on any property of the Debtor.  As a result, the SRI Claim should be reclassified and deemed to be a general unsecured claim.

## IV.

## <u>CONCLUSION</u>

**WHEREFORE** the Debtor respectfully requests that the Bankruptcy Court enter an order (a) disallowing the SRI Claim in its entirety, or, in the alternative, reclassifying the SRI Claim as unsecured, and (b) granting such other and further relief as may be appropriate under the circumstances.

.

DATED:  September 2, 2022                      **MARGULIES FAITH, LLP**

By: _/s/ Monsi Morales_____.
Craig G. Margulies
Monsi Morales
Attorneys for Debtor Darrell Derrick Maag

## **DECLARATION OF DARRELL MAAG**

I, Darrell Maag, declare as follows:

1.      I am an individual residing in the State of California and am the Managing Member and sole owner of Southern California Research, LLC ("SCR").  I am the debtor and debtor-in-possession in the above-captioned case.  I have personal knowledge of the facts set forth in this Declaration and, if called upon to testify as to such facts, I could and would so state.

2.      I submit this declaration in support of the *Motion for Disallowance of Proof of Claim 7 Filed by Southwestern Research, Inc.* (the "Objection").  Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Objection.

3.      I commenced my voluntary bankruptcy case (the "Maag Case") by filing a chapter 11 petition under the Bankruptcy Code on January 12, 2022 (the "Petition Date").  On that same date, I caused SCR to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing case number 9:22-10022-DS (the "SCR Case").

4.      From 1998 through 2015, I was the clinical trial manager and employee of SRI.

5.      I am informed and believe that SRI was a corporation formed by two doctors to perform clinical research.

6.      I am informed and believe that, following the death of one of the founding doctors, the surviving partner ("Dr. Murphy") and the heirs of the deceased (collectively, "Friedman") engaged in litigation to determine the ownership rights in and to SRI, which litigation ultimately determined that Friedman was entitled to a 50% ownership interest in SRI.

7.      Subsequently, Friedman commenced litigation against Dr. Murphy, me and SCR, among others, in the Los Angeles County Superior Court, Case No. SC 121128 (the "SRI Action"), alleging, *inter alia*, that SCR and I diverted assets and business from SRI.

8.       During the litigation in the SRI Action, all defendants, other than Dr. Murphy, SCR and me, settled with Friedman for the maximum allowable claims under the settling defendants' respective insurance policies.

9.       Although SCR and I had insurance coverage with Travelers Casualty Insurance Company of America and Travelers Property Casualty of America (together, "Travelers") with a policy limit of $3 million, Travelers refused to settle the claims against us in the SRI Action for that amount and countered with only $790,000.

10.      Friedman rejected Travelers's settlement offer.

11.      Subsequently, the Superior Court imposed terminating sanctions against SCR and me (for alleged discovery violations, which we dispute), and our answers were stricken.

12.      As a result, SCR and I were hit with a default judgment (the "Default Judgment") in the approximate amounts of $21.3 million and $11.1 million, respectively, in October 2021.

13.      I am informed and believe that the amount of the Default Judgment against SCR and me subsequently was reduced because of a settlement and payment made by Dr. Murphy, with whom we had joint and several liability for a portion of the Default Judgment.

14.      I believe that SCR and I may be entitled to coverage payment from Travelers up to the limits of the applicable policy, including any supplemental costs allowed, in an amount no less than $3 million.

15.      I further believe that SCR and I may have claims against Travelers for bad faith, among possible other claims, and potential damages in the millions of dollars.

16.      As set forth in more detail in the pending Adversary Action brought by me and SCR against SRI, following the entry of the Default Judgment in the SRI Action, SRI undertook aggressive efforts to collect on the Default Judgment, including scheduling judgment debtor examinations, recording judgment liens and an abstract of judgment and levying on the bank accounts belonging to me and SCR (including savings of one of

my sons).

17. Attached hereto as Exhibit 1 is a true and correct copy of the Writ of Execution obtained by SRI against me and SCR.

18. Attached hereto as Exhibit 2 is a true and correct copy of the Notice of Levy from the Fresno County Sheriff's Office.

19. Attached hereto as Exhibit 3 are true and correct copies of levy notices sent to me from Wells Fargo Bank stating that funds had been levied from several of my accounts, including joint accounts with my wife and son, and sent to the Fresno County Sheriff's Office pursuant to the Notice of Levy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of September 2022 at _Westlake Village_, California.

Darrell Maag

11

# EXHIBIT 1

**EJ-130**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.:<br>NAME: SHERYL D. NOEL #172551<br>FIRM NAME: COLEMAN & HOROWITT, LLP<br>STREET ADDRESS: 499 West Shaw Avenue, Suite 116<br>CITY: Fresno STATE: CA ZIP CODE: 93704<br>TELEPHONE NO.: (559) 248-4820 FAX NO.: (559) 248-0130<br>EMAIL ADDRESS: snoel@ch-law.com<br>ATTORNEY FOR (name): SOUTHWESTERN RESEARCH, INC., a California corporation<br>[X] ATTORNEY FOR: [X] ORIGINAL JUDGMENT CREDITOR [ ] ASSIGNEE OF RECORD | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Unlimited Civil

| | |
|---|---|
| PLAINTIFF/PETITIONER: LOIS FRIEDMAN, et al.<br>DEFENDANT/RESPONDENT: JOHN MURPHY, M.D., et al. | CASE NUMBER:<br>SC121128 |

| | | |
|---|---|---|
| **WRIT OF** | [X] EXECUTION (Money Judgment)<br>[ ] POSSESSION OF   [ ] Personal Property<br>                  [ ] Real Property<br>[ ] SALE | [ ] Limited Civil Case<br>    (including Small Claims)<br>[X] Unlimited Civil Case<br>    (including Family and Probate) |

1. To the Sheriff or Marshal of the County of: LOS ANGELES
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): SOUTHWESTERN RESEARCH, INC., a California corporation
   is the [X] original judgment creditor [ ] assignee of record whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   ┌─────────────────────────┐
   │ DARRELL MAAG            │
   │ 5550 Partridge Court    │
   │ Westlake Village, CA 91362 │
   └─────────────────────────┘

   [X] Additional judgment debtors on next page

5. Judgment entered on (date): October 20, 2021
   (See type of judgment in item 22.)

6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

9. [ ] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.
For items 11–17, see form MC-012 and form MC-013-INFO.

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 21,546,624.07 |
| 12. Costs after judgment (CCP 685.090) | $ | 0.00 |
| 13. Subtotal (add 11 and 12) | $ | 21,546,624.07 |
| 14. Credits to principal (after credit to interest) | $ | 0.00 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 21,546,624.07 |
| 16. Accrued interest remaining due per<br>CCP 685.050(b) (not on GC 6103.5 fees) | $ | 0.00 |
| 17. Fee for issuance of writ (per GC 70626(a)(i)) | $ | 40.00 |
| 18. Total amount due (add 15, 16, and 17) | $ | 21,546,664.07 |

19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) ........... $ 5,903.18
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) ........... $ 0.00

20. [X] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

(SEAL)

Date: 10/29/2021
Clerk, by _____ E. Montagna _____, Deputy

**Sherri R. Carter Executive Officer / Clerk of Court**

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]
CEB Essential Forms ceb.com
**WRIT OF EXECUTION**
Code of Civil Procedure, §§ 699.520 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov
Page 1 of 3

Electronically Received 10/29/2021 10:55 AM

EXHIBIT 1
Page 12

EJ-130

| Plaintiff/Petitioner:    LOIS FRIEDMAN, et al. | CASE NUMBER: |
|---|---|
| Defendant/Respondent:    JOHN MURPHY, M.D., et al. | SC121128 |

21. [X] Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

SOUTHERN CALIFORNIA RESEARCH LLC
436 N. Roxbury Drive, Suite 222 (also Suite 205)
Beverly Hills, CA 90210

JOHN MURPHY, M.D.
1300 SE Macarthur Boulevard
Stuart, FL 34996
**FILED BK AND WILL NOT EXECUTE JUDGMENT**

22. The judgment is for *(check one):*

  a. [ ] wages owed.
  b. [ ] child support or spousal support.
  c. [X] other.

23. [ ] Notice of sale has been requested by *(name and address):*

24. [ ] Joint debtor was declared bound by the judgment (CCP 989–994)
  a. on *(date):*
  b. name, type of legal entity if not a natural person, and
    last known address of joint debtor:

  a. on *(date):*
  b. name, type of legal entity if not a natural person, and
    last known address of joint debtor:

  c. [ ] Additional costs against certain joint debtors are itemized: [ ] below [ ] on Attachment 24c.

25. [ ] (Writ of Possession or Writ of Sale) Judgment was entered for the following:
  a. [ ] Possession of real property: The complaint was filed on *(date):*
    *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

    (1) [ ] *The Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The
        judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

    (2) [ ] *The Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

    (3) [ ] The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
        judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns
        to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP
        415.46 and 1174.3(a)(2).)*

    (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was
        not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

      (a) The daily rental value on the date the complaint was filed was $
      (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Page 2 of 3

CEB Essential Forms
ceb.com

EXHIBIT 1
Page 13

**EJ-130**

| Plaintiff/Petitioner:    LOIS FRIEDMAN, et al. | CASE NUMBER: |
|---|---|
| Defendant/Respondent:    JOHN MURPHY, M.D., et al. | SC121128 |

25. b. ☐ Possession of personal property.
    ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.
  c. ☐ Sale of personal property.
  d. ☐ Sale of real property.
  e. The property is described ☐ below  ☐ on Attachment 25c.

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

**WRIT OF EXECUTION**

CEB | Essential
ceb.com | Forms

EXHIBIT 1
Page 14

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:
SHERYL D. NOEL #172551
COLEMAN & HOROWITT, LLP
499 West Shaw Avenue, Suite 116
Fresno, California 93704
TELEPHONE NO.: (559) 248-4820    FAX NO. *(Optional)*: (559) 248-0130
E-MAIL ADDRESS *(Optional)*: snoel@ch-law.com
ATTORNEY FOR *(Name)*: SOUTHWESTERN RESEARCH, INC., a California corporation

*Reserved for Clerk's File Stamp*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS: 6230 Sylmar Avenue
Van Nuys, CA 91401

PLAINTIFF: LOIS FRIEDMAN, et al.

DEFENDANT: JOHN MURPHY, M.D., et al.

# WRIT OF EXECUTION - ATTACHMENT 20

CASE NUMBER: SC121128

| Line Number/Item | | Debtor #1 DARRELL MAAG | Debtor #2 SOUTHERN CALIFORNIA |
|---|---|---|---|
| 11. Total Judgment | | $ 21,277,580.14 | $ 11,123 451.22 |
| 12. Costs after judgment (per filed order or memo pursuant to Code of Civil Procedure section 685.090) | | $ 0.00 | $ 0.00 |
| 13. Subtotal *(add 11 and 12)* | | $ 21,277,580.14 | $ 11,123 451.22 |
| 14. Credits | | $ 0.00 | $ 0.00 |
| 15. Subtotal *(subtract 14 from 13)* | | $ 21,277,580.14 | $ 11,123 451.22 |
| 16. Interest after judgment (per filed affidavit pursuant to Code of Civil Procedure section 685.050) | | $ 0.00 | $ 0.00 |
| 17. Fee for issuance of writ | | $ 40.00 | $ 40.00 |
| 18. **TOTAL** *(add 15, 16, and 17)* | | $ 21,277,620.14 | $ 11,123,491.22 |
| 19. Levying officer: | (a) Add daily interest from date of writ *(at the legal rate on line 15)* | $ 5,829.47 | $ 3,047.52 |
| | (b) Pay directly to court costs included in lines 11 and 17 (Gov. Code, §§ 6103.5, 68511.3; Code Civ. Proc., § 699.520, subd. (i)) | $ 0.00 | $ 0.00 |

Writ issued on:

10/29/2021    Dated

SHERRI R. CARTER, Executive Officer/Clerk

By _____ E. Montagna _____
                Deputy Clerk

LACIV 101 (Rev. 09/13)
LASC Approved 10-04
For Optional Use

CEB.com | Essential Forms

**WRIT OF EXECUTION - ATTACHMENT 20**

Code Civ. Proc., § 699.520

EXHIBIT 1
Page 15

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
SHERYL D. NOEL #172551
COLEMAN & HOROWITT, LLP
499 West Shaw Avenue, Suite 116
Fresno, California 93704
TELEPHONE NO.: (559) 248-4820     FAX NO. *(Optional)* (559) 248-0130
E-MAIL ADDRESS *(Optional)*: snoel@ch-law.com
ATTORNEY FOR *(Name)*: SOUTHWESTERN RESEARCH, INC., a California corporation

Reserved for Clerk's File Stamp

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS: 6230 Sylmar Avenue
Van Nuys, CA 91401

PLAINTIFF:   LOIS FRIEDMAN, et al.

DEFENDANT:   JOHN MURPHY, M.D., et al.

| **WRIT OF EXECUTION - ATTACHMENT 20** | CASE NUMBER:<br>SC121128 | |
|---|---|---|
| Line Number/Item | Debtor #1 #3<br>JOHN MURPHY, M.D. | Debtor #2 |
| 11.   Total Judgment | $       21,546,624.07 | $ |
| 12.   Costs after judgment (per filed order or memo pursuant to Code of Civil Procedure section 685.090) | $              0.00 | $ |
| 13.   Subtotal *(add 11 and 12)* | $       21,546,624.07 | $              0.00 |
| 14.   Credits | $              0.00 | $ |
| 15.   Subtotal *(subtract 14 from 13)* | $       21,546,624.07 | $              0.00 |
| 16.   Interest after judgment (per filed affidavit pursuant to Code of Civil Procedure section 685.050) | $              0.00 | $ |
| 17.   Fee for issuance of writ | $             40.00 | $ |
| 18.   **TOTAL** *(add 15, 16, and 17)* | $       21,546,664.07 | $              0.00 |
| 19.   Levying officer:   (a) Add daily interest from date of writ *(at the legal rate on line 15)* | $          5,903.18 | $ |
|        (b) Pay directly to court costs included in lines 11 and 17 (Gov. Code, §§ 6103.5, 68511.3; Code Civ. Proc., § 699.520, subd. (i)) | $              0.00 | $ |

Writ issued on:

    10/29/2021   Dated

SHERRI R. CARTER, Executive Officer/Clerk

By _____ E. Montagna _____
                Deputy Clerk

LACIV 101 (Rev. 09/13)
LASC Approved 10-04
For Optional Use

CEB | Essential
ceb.com | Forms

**WRIT OF EXECUTION - ATTACHMENT 20**

Code Civ. Proc., § 699.520

EXHIBIT 1
Page 16

# EXHIBIT 2

EJ-150

ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and address)*:
After recording, return to: Coleman & Horowitt, LLP
499 West Shaw Avenue #116
Fresno CA 93704

TEL NO.: 559-248-4820        FAX NO. *(optional)*: 559-248-0130
EMAIL ADDRESS *(optional)*:

[X] ATTORNEY FOR        [ ] ORIGINAL JUDGMENT CREDITOR        [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:    6230 Sylmar Avenue
MAILING ADDRESS:    Van Nuys CA 91401
CITY AND ZIP CODE:
BRANCH NAME:    Van Nuys Courthouse

PLAINTIFF/PETITIONER: Lois Friedman

DEFENDANT/RESPONDENT:    John Murphy, M.D. et al

**NOTICE OF LEVY**

under Writ of    [X] Execution (Money Judgment)

[ ] Sale

FOR RECORDER'S USE ONLY

LEVYING OFFICER *(name and address)*:
Fresno County Sheriff Office, Civil Unit
P. O. Box 45025
Fresno, CA 93718
CA Relay 800-735-2929 TDD or 711

LEVYING OFFICER FILE NO.:
21004676

COURT CASE NO.:
SC121128

TO THE PERSON NOTIFIED *(name)*:  Southern California Research LLC  436 N Roxbury Drive Ste 222  Beverly Hills CA 90210

1.  The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
    a.  Judgment debtor *(name)*: Southern California Research LLC
    b.  The property to be levied upon is described:
        [ ]  In the accompanying writ of possession or writ of sale.
        [X]  as follows:  Any and all accounts including but not limited to checking, savings, money markets, T-bills, securities, stocks and bonds, safe deposit boxes etc. standing in the name of the judgment debtor.

2.  The judgment is for *(check one):*
    [ ] wages owed.        [ ] child/spousal support.        [X] other. Unknown

3.  The amount necessary to satisfy the judgment creditor's judgment writ is
    a.  Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) . . . . . . . . . . . $        11,150,878.91
    b.  Levy fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $        40.00
    c.  Sheriff's disbursement fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $        12.00
    d.  Recoverable costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $        40.00
    e.  Total *(a through d)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $        11,150,970.91
    f.  Daily interest from line 19a of writ (form EJ-130) . . . . . . . . . . . . . . . . . . . . . . . . . . $        3,047.52

4.  You are notified as:
    a.  [X]  a judgment debtor.
    b.  [ ]  a person other than the judgment debtor *(state capacity in which person is notified)*:

***(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)***

Notice of Levy was
[X] mailed on *(date):* 11-10-21
[ ] delivered on *(date):*

Date: 11-10-21

Sheriff's Authorized Agent
_____
(TYPE OR PRINT NAME)

[ ] posted on *(date):*
[ ] filed on *(date):*
[ ] recorded on *(date):*

_____
(SIGNATURE)
[ ] Levying officer    [ ] Registered process server

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-150 [Rev. September 1, 2020]

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

Code of Civil Procedure, § 699.540
www.courts.ca.gov

**Judgment Debtor Copy**        Wells Fargo Bank

EXHIBIT 2
Page 17

| SHORT TITLE: Lois Friedman vs. John Murphy, M.D. et al | LEVYING OFFICER FILE NO.: 21004676 | COURT CASE NO.: SC121128 |
| --- | --- | --- |

## –INFORMATION FOR JUDGMENT DEBTOR–

1. The levying officer is required to take custody of the property described in Item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is *not* to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

EXHIBIT 2
Page 18

# EXHIBIT 3

**WELLS FARGO**

Legal Order Processing S4001-01E
P.O. Box 29779
Phoenix, AZ 85038

November 10, 2021

ANA KARINA MAAG
DARRELL D MAAG
5550 PARTRIDGE CT
WESTLAKE VILLAGE CA 91362-5415

Subject:  Required withdrawal from your account ending in 2146
        Wells Fargo case number: 61003821

Dear ANA KARINA MAAG, DARRELL D MAAG:

We want to let you know that on November 10, 2021, Wells Fargo was served with the legal order, in the amount of $21,330,137.41, which requires us by law to deduct money from your account. As a result, we withdrew $418.29 from your account on November 10, 2021 and charged a non-refundable processing fee of $0.00.

| Account Number | Debit Amount | Bank Fee |
|---|---|---|
| XXXXXX2146 | $418.29 | $0.00 |

If you would like more information about the legal order, please contact:

    FRESNO COUNTY SHERIFF OFFICE

    Case No:SC121128

If you have questions about your account, please call Wells Fargo Customer Service at (800) 344-8170, 24 hours a day, 7 days a week.

Thank you.

Sincerely,

*Steve Gilbert*

Operations Manager
Legal Order Processing



EXHIBIT 3
Page 19



**WELLS FARGO**

Legal Order Processing S4001-01E
P.O. Box 29779
Phoenix, AZ 85038

November 10, 2021

HUNTER MAAG
DARRELL D MAAG
5550 PARTRIDGE CT
WESTLAKE VILLAGE CA 91362-5415

Subject: Required withdrawal from your account ending in 6273
Wells Fargo case number: 61003821

Dear HUNTER MAAG, DARRELL D MAAG:

We want to let you know that on November 10, 2021, Wells Fargo was served with the legal order, in the amount of $21,330,137.41, which requires us by law to deduct money from your account. As a result, we withdrew $6,065.06 from your account on November 10, 2021 and charged a non-refundable processing fee of $0.00.

| Account Number | Debit Amount | Bank Fee |
|---|---|---|
| XXXXXX6273 | $6,065.06 | $0.00 |

If you would like more information about the legal order, please contact:

FRESNO COUNTY SHERIFF OFFICE

Case No:SC121128

If you have questions about your account, please call Wells Fargo Customer Service at (800) 344-8170, 24 hours a day, 7 days a week.

Thank you.

Sincerely,

*Steve Gilbert*

Operations Manager
Legal Order Processing



EXHIBIT 3
Page 20



Legal Order Processing S4001-01E
P.O. Box 29779
Phoenix, AZ 85038

November 10, 2021

DARRELL D MAAG
ANA KARINA MAAG
5550 PARTRIDGE CT
WESTLAKE VILLAGE CA 91362-5415

Subject: Important information about your account ending in 9154 (WF Case #: 61003821)

Dear DARRELL D MAAG, ANA KARINA MAAG:

### Why am I receiving this notice?

On November 10, 2021, Wells Fargo Bank, N.A., received a "garnishment order" from a court or government agency to freeze or remove funds in your account. A "garnishment order" means a writ, order, notice, summons, judgment, levy, or similar written instruction issued by a court, a state agency, a municipality, or municipal corporation, or a state child support enforcement agency (referenced collectively as "creditor" in this notice), to hold or remove funds from an account. The amount of the garnishment order was for $21,330,137.41. We are sending you this notice to let you know what we have done in response to the garnishment order.

### What is garnishment?

Garnishment is a legal process that allows a creditor to remove funds from your bank account to satisfy a debt that you have not paid. In other words, if you owe money to a person or company they can obtain a court order directing your bank to take money out of your account to pay off your debt. If this happens, you cannot use that money in your account.

### What has happened to my account?

On November 10, 2021, we researched your account and identified one or more federal benefit payments which were deposited in the last two months. In most cases, federal benefit payments are protected from garnishment. As required by federal regulation, we have established a "protected amount" of funds that will remain available to you and will not be frozen or removed from your account in response to the garnishment order.

In the event your account contained additional money that may not be protected from garnishment, the chart below informs you of what to expect. As required by law, we have placed a hold or removed these funds in the amount of $3,957.29 and may have to turn over these funds to your creditor as directed by the garnishment order.

The chart below summarizes this information about your account.

### ACCOUNT SUMMARY AS OF NOVEMBER 10, 2021

| Account number | Amount in account | Amount protected | Amount subject to garnishment (now frozen or removed) | Garnishment fee charged |
|---|---|---|---|---|
| XXXXXX9154 | $9,503.29 | $5,546.00 | $3,957.29 | $0.00 |

Please note that these amount(s) may be affected by deposits or withdrawals after the protected amount was calculated on November 10, 2021.



EXHIBIT 3
Page 21



Legal Order Processing S4001-01E
P.O. Box 29779
Phoenix, AZ 85038

November 10, 2021

ANA KARINA MAAG
DARRELL D MAAG
5550 PARTRIDGE CT
WESTLAKE VILLAGE CA 91362-5415

Subject:  Required withdrawal from your account ending in 8562
          Wells Fargo case number: 61003821

Dear ANA KARINA MAAG, DARRELL D MAAG:

We want to let you know that on November 10, 2021, Wells Fargo was served with the legal order, in the amount of $21,330,137.41, which requires us by law to deduct money from your account. As a result, we withdrew $64.71 from your account on November 10, 2021 and charged a non-refundable processing fee of $0.00.

| Account Number | Debit Amount | Bank Fee |
|----------------|--------------|----------|
| XXXXXX8562     | $64.71       | $0.00    |

If you would like more information about the  legal order, please contact:

   FRESNO COUNTY SHERIFF OFFICE

   Case No:SC121128

If you have questions about your account, please call Wells Fargo Customer Service at (800) 344-8170, 24 hours a day, 7 days a week.

Thank you.

Sincerely,

*Steve Gilbert*

Operations Manager
Legal Order Processing



EXHIBIT 3
Page 22



**WELLS FARGO**

Legal Order Processing S4001-01E
P.O. Box 29779
Phoenix, AZ 85038

November 10, 2021

DARRELL D MAAG
5550 PARTRIDGE CT
WESTLAKE VILLAGE CA 91362-5415

Subject: Required withdrawal from your account ending in 5979
Wells Fargo case number: 61003821

Dear DARRELL D MAAG:

We want to let you know that on November 10, 2021, Wells Fargo was served with the legal order, in the amount of $21,330,137.41, which requires us by law to deduct money from your account. As a result, we withdrew $348.66 from your account on November 10, 2021 and charged a non-refundable processing fee of $0.00.

| Account Number | Debit Amount | Bank Fee |
|---|---|---|
| XXXXXX5979 | $348.66 | $0.00 |

If you would like more information about the  legal order, please contact:

FRESNO COUNTY SHERIFF OFFICE

Case No:SC121128

If you have questions about your account, please call Wells Fargo Customer Service at  (800) 344-8170, 24 hours a day, 7 days a week.

Thank you.

Sincerely,

*Steve Gilbert*

Operations Manager
Legal Order Processing



EXHIBIT 3
Page 23



**WELLS FARGO**

Legal Order Processing S4001-01E
P.O. Box 29779
Phoenix, AZ 85038

November 10, 2021

HUNTER MAAG
DARRELL D MAAG
5550 PARTRIDGE CT
WESTLAKE VILLAGE CA 91362-5415

Subject: Required withdrawal from your account ending in 6451
Wells Fargo case number: 61003821

Dear HUNTER MAAG, DARRELL D MAAG:

We want to let you know that on November 10, 2021, Wells Fargo was served with the legal order, in the amount of $21,330,137.41, which requires us by law to deduct money from your account. As a result, we withdrew $5,345.51 from your account on November 10, 2021 and charged a non-refundable processing fee of $125.00.

| Account Number | Debit Amount | Bank Fee |
|---|---|---|
| XXXXXX6451 | $5,345.51 | $125.00 |

If you would like more information about the legal order, please contact:

FRESNO COUNTY SHERIFF OFFICE

Case No:SC121128

If you have questions about your account, please call Wells Fargo Customer Service at (800) 344-8170, 24 hours a day, 7 days a week.

Thank you.

Sincerely,

*Steve Gilbert*

Operations Manager
Legal Order Processing



EXHIBIT 3
Page 24

### DECLARATION OF MONSI MORALES

I, Monsi Morales, declare as follows:

1.       I am a partner with Margulies Faith LLP, the attorneys for Darrell Maag ("Maag," or the "Debtor").  Each of the facts contained in this declaration are based upon my personal knowledge and, if called as a witness to do so, I could competently testify thereto.

2.       I submit this declaration in support of the *Motion for Disallowance of Proof of Claim 7 Filed by US Bank National Association* (the "Objection") filed by the Debtor. Capitalized terms used in this Declaration and not defined have the same meanings as stated in the Objection.

3.       The Debtor commenced his voluntary bankruptcy case (the "Maag Case") by filing a chapter 11 petition under the Bankruptcy Code on January 12, 2022 (the "Petition Date").

4.       On that same date, related debtor Southern California, LLC ("SCR") also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing case number 9:22-10022-DS (the "SCR Case").

5.       The Bankruptcy Court authorized the joint administration of the Maag Case and the SCR Case by an Order entered on January 19, 2022.

6.       On April 27, 2022, SRI filed a proof of claim in the amount of $19,179,891.84 in the Maag Case, designated by the Bankruptcy Court as claim number 7 (the "SRI Claim").  A true and correct copy of the SRI Claim is attached hereto as Exhibit A.

7.       On March 29, 2022, Maag and SCR filed the first amended complaint (the "Amended Complaint") in the Adversary Action title *Southern California Research, LLC, and Darrell Maag v. Southwestern Research, Inc.*, Adv. Case No. 9:22-ap-01012-DS.  A true and correct copy of the Amended Complaint is attached hereto as Exhibit B.

8.       Attached hereto as Exhibit C is a true and correct copy of a letter received by my office from counsel for SRI, in which counsel admits that SRI received $336.56 on

1   account of the prepetition Maag Levies and which includes copies of checks from the

2   Fresno County Sheriff's Office Civil Unit showing the amount paid.

3        I declare under penalty of perjury that the foregoing is true and correct.

4        Executed this 2nd day of September 2022 at Encino, California.

5

6                                         /s/ Monsi Morales
                                          Monsi Morales

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor 1   Darrell Maag

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Central District of California**

Case number:  **22–10023**

FILED

**U.S. Bankruptcy Court
Central District of California**

4/27/2022

**Kathleen J. Campbell, Clerk**

Official Form 410
# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Southwestern Research, Inc.<br><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes. From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Southwestern Research, Inc. | |
| Name | Name |
| c/o Donald L. Cornwell<br>Law Offices of Donal L. Cornwell<br>11766 Wilshire Boulevard, Suite 700<br>Los Angeles, CA 90025 | |
| Contact phone _____310–477–3111_____ | Contact phone _____ |
| Contact email ____don@doncornwell.com____ | Contact email _____ |
| Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☒ No<br>☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____<br>MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

Official Form 410                    Proof of Claim                    page 1

EXHIBIT A
Page 27

Case 22-bk-10023-DS Claim 5 Filed 09/22/22 Desc Main Document Page 2 of 3
Case 22-bk-10023-DS Doc 55 Filed 09/22/22 Entered 09/02/22 at 18:39 Page 2 of 3
Page 33 of 164

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6.** **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| **7.** **How much is the claim?** | $ 19179891.84   **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

October 20, 2021 judgment (Exhibit 2)

**9.** **Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☑ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe:    Judgment lien on personal property

**Basis for perfection:**    Exhibits 2–8

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $ 6854890.96

**Amount of the claim that is secured:**    $ 6854890.96

**Amount of the claim that is unsecured:**    $ 12325000.88    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ 19179891.84

**Annual Interest Rate** (when case was filed)    10    %

☑ Fixed
☐ Variable

| | |
|---|---|
| **10.** **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| **11.** **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410    Proof of Claim    page 2

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No ☐ Yes. *Check all that apply:* | | Amount entitled to priority |
|---|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,350 * of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $15,150 *) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies

$ _____

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date      4/27/2022
                      _____
                      MM / DD / YYYY

/s/  J. Scott Bovitz
_____
Signature

Print the name of the person who is completing and signing this claim:

Name          J. Scott Bovitz
              _____
              First name      Middle name      Last name

Title         Senior partner
              _____

Company       Bovitz & Spitzer
              _____
              Identify the corporate servicer as the company if the authorized agent is a servicer

Address       1100 Wilshire Boulevard, Suite 2403
              _____
              Number    Street
              Los Angeles, CA 90017–1961
              _____
              City    State    ZIP Code

Contact phone    213–346–8300          Email    bovitz@bovitz–spitzer.com

Official Form 410                    Proof of Claim                    page 3

EXHIBIT A
Page 29

# Exhibit 1

**Judgment Against Darrell Maag**
**(with offset calculations for John Murphy settlement)**

## JUDGMENT DEBT - Darrell Maag

Compensatory Damanges plus interest through July 12, 2021: $22,537,024.42

| | Daily Amt | Start | Judgment | |
|---|---|---|---|---|
| Daily Interest through date of Judgment at 7% simple | $2,911.91 | 7/12/2021 | 10/20/2021 | $291,191.00 |

Punitive Damages $300,000.00

Costs: $181,144.72

Gross Amt before offset for Schreiber/Maxwell Settlements $23,309,360.14

Less:  Offset for monies received via settlements -$2,031,780.00

TOTAL DUE ON ENTRY OF JUDGMENT (10/20/2021) $21,277,580.14

Daily post-judgment interest (10% simple) $5,829.47

**Accumulated Interest due on judgment**      Amount as of   1/11/2022   $483,846.34

**Unpaid judgment amount plus interest**      Amount as of   1/11/2022   $21,761,426.48

## MURPHY SETTLEMENT OFFSET CALCULATIONS:

**Murphy Judgment**
Compensatory Damages plus interest through July 12, 2021: $22,605,109.35

| | Daily Amt | Start | Judgment | |
|---|---|---|---|---|
| Daily Interest through date of Judgment at 7% simple | $2,921.50 | 7/12/2021 | 10/20/2021 | $292,150.00 |

Punitive Damages $500,000.00

Costs: $181,144.72

Gross Amount before offset for Schreiber/Maxwell Settlements $23,578,404.07

Less:  Offset for monies received via settlements -$2,031,780.00

TOTAL DUE ON ENTRY OF JUDGMENT (10/20/2021) $21,546,624.07

Daily post-judgment interest (10% simple) $5,903.18

**Accumulated Interest due on judgment**      Amount as of   3/9/2022   $826,445.85

through date of receipt of settlement payment
**Unpaid judgment amount plus interest**                    Amount as of    3/9/2022    $22,373,069.92

**APPLICATION OF $3,500,000 SETTLEMENT PAYMENT FROM DR. MURPHY:**

| | |
|---|---|
| Settlement Payment per Settlement Agreement | $3,500,000.00 |

*(1)  First, to Unique Damages payable by Murphy plus prejudgment interest thereon per judgment:*

Damages from April 2016 shareholder distribution of $50K                    $50,000.00
  plus prejudgment interest through July 12, 2021 (Judgment p. 4)                    $18,084.93
  plus prejudgment interest July 13, 2021 through Oct. 20, 2021 (Judgment p. 4):

| | Daily Amt | Start | Judgment | |
|---|---|---|---|---|
| Daily Interest through Judgment at 7% simple | $9.59 | 7/12/2021 | 10/20/2021 | $959.00 |
| | | | **Subtotal** | $69,043.93 |

Punitive Damages payable by Dr. Murphy                    $500,000.00

**Total of Damages Unique to Murphy plus prejudgment interest=**                    **$569,043.93**

*(2) Second, to Post-Judgment Interest on Damages Unique to Murphy*

Daily post-judgment interest (10% simple) on    $569,043.93    $155.90

**Accumulated post-judgment interest on damages unique to Murphy
through date of receipt of Murphy settlement payment**                    3/9/2022    **$21,826.34**

(Murphy Unique Damages plus Interest thereon) thru 3/9/22    **$590,870.27**

*(3) Third, to Interest Differential Payable Solely by Dr. Murphy, but not by Maag/SCR
due to Maag/SCR Bankruptcy Filings on Jan 12, 2022*

| | |
|---|---|
| Total post-judgment interest payable by Dr. Murphy thru 3/9/2022 | $826,445.85 |
| Less amount of post-judgment interest related to damages unique to Murphy | -$21,826.34 |
|   Total post-judgment interest payable by Murphy on joint and several liability damages | $804,619.51 |

**Maag:  Post-judgment Interest on joint and several liablity items (i.e. excluding punitive damages)**

| | |
|---|---|
| Compensatory damages plus pre-judgment interest | $22,828,215.42 |
| Costs | $181,144.72 |
| Offset for monies rec'd from Schreiber/Maxwell | -$2,031,780.00 |
| Subtotal | $20,977,580.14 |

Daily post-judgment interest (10% simple) on above subtotal::    $5,747.28

Accumulated post-judgment interest due from Maag on compensatory
damages and costs (i.e. excl punitive damages) thru 1/11/2022 by virtue of bankruptcy                    $477,024.43
    **Unique interest payable by Dr. Murphy on joint and several amounts=**                    **$327,595.09**
    (due to additional two months of interest due as to Dr. Murphy)

Portions of Murphy settlement payment not attributable to Maag judgment as an offset:                    **$918,465.36**

| Portion of Murphy Settlement Payment which is an offset against Maag Judgment | **$2,581,534.64** |
| **NET JUDGMENT AGAINST MAAG AFTER MURPHY SETTLEMENT CREDIT:** | **$19,179,891.84** |

# Exhibit 2

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

5 of 58

9:22-BK-10023-DS

EXHIBIT A
Page 34

Electronically Received 10/08/2021 04:03 PM

1  DONALD L. CORNWELL, ESQ. (SBN 081697)
   LAW OFFICES OF DONALD L. CORNWELL, PC
2  11766 Wilshire Boulevard, Suite 700
   Los Angeles, CA 90025
3  (310) 820-1723

4  JUDITH M. SASAKI (SBN 119442)
   COLEMAN & HOROWITT, LLP
5  1880 Century Park East, Suite 404
   Los Angeles, CA 90067
6  (310) 286-0233

7  Attorney for Plaintiffs
   LOIS FRIEDMAN and JARED STEIN
8

9  DIANA FRIEDLAND (SBN 258189)
   BERNSTEIN & FRIEDLAND, P.C.
   16000 Ventura Boulevard, Suite 1000
10 Encino, California 91436
   (818) 817-7570
11

12 Attorneys for Defendant and Cross-Complainant
   SOUTHWESTERN RESEARCH, INC.

FILED
Superior Court of California
County of Los Angeles

10/20/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____R. Redmond_____ Deputy

13            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                **FOR THE COUNTY OF LOS ANGELES**

15 | LOIS FRIEDMAN, TRUSTEE of THE DENNIS | CASE NO.  SC121128
16 | MUNJACK INTER VIVOS TRUST, *et al*,   | (Consolidated with *Maag v. Southwestern*
   |                                       | *Research, Inc.,* Case No. BC607027)
17 |                    Plaintiffs,        | Hon. Huey Cotton – Dept A Van Nuys
18 |              v.                       | [Proposed] COURT JUDGMENT BY DEFAULT
19 | JOHN MURPHY, M.D., an individual; *et al*, | AND STIPULATION FOR ENTRY OF
   |                                       | JUDGMENT ON THE FIRST AND SECOND
20 |                    Defendants.        | CAUSES OF ACTION
21 |
22 | DARRELL MAAG, an individual,
23 |                    Plaintiff,
   |              vs.
24 |
25 | SOUTHWESTERN RESEARCH, INC., a
   | California Corporation, and DOES 1-50, inclusive,
26 |                    Defendants.
27
28

1

COURT JUDGMENT BY DEFAULT AND STIPULATION FOR ENTRY OF JUDGMENT
SOUTHWESTERN RESEARCH, INC.                    6 of 58                    9:22-bk-10023-DS
PROOF OF CLAIM – EXHIBITS

EXHIBIT A
Page 35

1    Plaintiffs Lois Friedman and Jared Stein filed the Complaint in <u>Friedman v. Murphy, et al</u>, which

2    principally asserted shareholder derivative claims on behalf of Defendant and Real Party in Interest

3    Southwestern Research, Inc. ("SRI"), on August 6, 2013.  Each defendant was properly served with a

4    copy of the summons and complaint and appeared in the action.  Plaintiffs' currently operative complaint,

5    the Fifth Amended Complaint, was filed on July 19, 2019.  Each defendant was properly served with a

6    copy the Fifth Amended Complaint and filed an answer to the same.

7    Defendant Darrell Maag filed a separate action, entitled <u>Darrell Maag v. Southwestern Research,</u>

8    <u>Inc.</u>, on January 15, 2016.  SRI, the sole defendant in that action, was properly served with the summons

9    and complaint and filed an answer to the Complaint and a Cross-complaint against Darrell Maag on

10   May 20, 2016.  Darrell Maag filed an answer to the Cross-complaint on June 24, 2016.

11   The two actions were deemed related cases by Order entered on January 19, 2017 and were fully

12   consolidated for all purposes by Order of the Court dated August 4, 2017.

13   On August 6, 2020 the Court entered a Minute Order affirming the Report and Recommendation

14   of the Discovery Referee (the Hon. Patricia Collins Ret.) to grant Plaintiffs' Motion for the Imposition of

15   Terminating Sanctions against Defendant John Murphy, M.D.  Pursuant to the findings contained in that

16   Minute Order, on September 10, 2020 the Court entered an Order striking Defendant Murphy's Answer

17   to the Fifth Amended Complaint dated August 22, 2019 and directed the clerk to enter Defendant

18   Murphy's default.

19   On February 23, 2021, the Court entered a Minute Order granting Plaintiff Lois Friedman's

20   Motion for Terminating Sanctions against Defendants Darrell Maag and Southern California Research,

21   LLC in <u>Friedman v. Murphy</u> and against Plaintiff and Cross-Defendant Darrell Maag in <u>Maag v.</u>

22   <u>Southwestern Research, Inc.</u>, in which motion Defendant and Cross-Complainant Southwestern

23   Research, Inc. joined.  By Order entered March 8, 2021, pursuant to the findings contained in the Court's

24   Minute Order dated February 23, 2021, the Answer to the Fifth Amended Complaint in <u>Friedman v.</u>

25   <u>Murphy</u>, which was filed by Defendants Darrell Maag and Southern California Research, LLC on

26   December 17, 2019, was ordered stricken from the record, and the clerk was directed to enter the defaults

27   of Defendants Maag and Southern California Research, LLC in <u>Friedman v. Murphy</u>.  Similarly, pursuant

28   to the findings contained in the Court's Minute Order dated February 23, 2021, the Complaint filed by

2

1  Plaintiff Darrell Maag in <u>Maag v. Southwestern Research, Inc.</u>, which was filed on January 15, 2016, was

2  ordered dismissed based upon the terminating sanctions imposed by the Court.  Pursuant to the same

3  Minute Order, the answer of Cross-Defendant Darrell Maag dated June 24, 2016 to the Cross-Complaint

4  filed by Southwestern Research, Inc. in <u>Maag v. Southwestern Research, Inc.</u> was ordered stricken from

5  the record and the clerk was directed to enter the default of Cross-Defendant Darrell Maag on the Cross-

6  Complaint in <u>Maag v. Southwestern Research, Inc</u>.

7         By Minute Order dated February 23, 2021, Plaintiff Lois Friedman's thirteenth cause of action for

8  Civil Theft/Receiving or Concealment of Stolen Property (Penal Code § 496) was dismissed with

9  prejudice by the Court.  On October 7, 2021 Plaintiff Lois Friedman dismissed with prejudice her twelfth

10  cause of action against Defendant John Murphy for Equitable Accounting.

11         Defendants Maxwell & Company CPAs, Inc., William Maxwell, Edwin C. Schreiber, Schreiber

12  & Schreiber, Inc., who were alleged in Plaintiffs' Fifth Amended Complaint to be jointly and severally

13  liable to SRI along with the other defendants, have entered into settlements with Plaintiffs and SRI,

14  which were approved by the Court's Order entered May 12, 2021.  The settling defendants collectively

15  paid the sum of $2,031,780.00 to SRI with respect to the shareholder derivative claims and subsequently

16  have been dismissed from the case with prejudice.

17         **<u>Entry Of Default Judgment Against the Remaining Defendants</u>**

18         PURSUANT TO CODE OF CIVIL PROCEDURE § 585(B), the Court has considered the

19  shareholder derivative allegations of the Fifth Amended Complaint in <u>Friedman v. Murphy</u> (the third

20  through fifteenth causes of action) and the Cross-complaint in <u>Maag v. Southwestern Research, Inc.</u>,

21  which are deemed admitted and established as to each defaulted defendant or cross-defendant, the issue

22  sanctions imposed against Defendants Darrell Maag and Southern California  Research LLC pursuant to

23  the Court's Order  dated November  14, 2019, the written declarations and exhibits submitted by Plaintiff

24  Lois Friedman and Cross-complainant SRI pursuant to Code of Civil Procedure § 585(d), as well as the

25  testimony and other evidence provided to this Court in connection with the default prove-up proceeding

26  against Defendants John Murphy, M.D., Darrell Maag and Southern California Research, LLC.  Based

27  upon the admissions of each defendant, the issue sanctions previously imposed, and the evidence

28  submitted to the Court, it is **HERBY ORDERED, ADJUDGED AND DECREED** that judgment is

3

SOUTHWESTERN RESEARCH, INC.    COURT JUDGMENT BY DEFAULT AND STIPULATION FOR ENTRY OF JUDGMENT    9:22-BK-10023-DS
PROOF OF CLAIM – EXHIBITS                                    8 of 58

EXHIBIT A
Page 37

entered in favor of the real party in interest Southwestern Research, Inc ("SRI") and shareholder

derivative Plaintiff Lois Friedman, and against Defendants John Murphy, M.D. ("Murphy"), Darrell

Maag ("Maag"), and Southern California Research, LLC, a California limited liability company ("SCR")

as follows:

      1.   <u>Compensatory Damages Against John Murphy, Darrell Maag And SCR, Jointly And</u>

          <u>Severally (Or Alternatively, Restitution And Disgorgement Awards Jointly and Severally):</u>

          A.  <u>Compensatory Damages.</u>

      With respect to the causes of action for damages asserted against Defendants Murphy, Maag and

SCR in <u>Friedman v. Murphy</u> and against Cross-Defendant Maag in <u>Maag v. Southwestern Research, Inc.</u>,

Murphy, Maag and SCR shall jointly and severally pay as damages to SRI the aggregate amount of

$9,422,654.73, which represents SRI's lost profit damages from 2013 through 2016 and SRI's damages

from the lost sale value of SRI as a going concern, plus $3,326,723.78 in prejudgment interest at the rate

of 7% (simple interest) per annum through July 12, 2021, and $1,807.08 per day in daily interest after

July 12, 2021 though the date of judgment.

      In addition, Murphy and Maag shall jointly and severally pay as damages to SRI the additional

amount of $5,688,235.76 representing SRI's damages related to the unauthorized compensation and

payments received by Murphy and Maag between 2008 and 2015, plus $4,099,410.15 in prejudgment

interest thereon at the rate of 7% (simple interest) per annum through July 12, 2021, and $1,104.83 per

day in daily interest after July 12, 2021 though the date of judgment.

      In addition to the above damages for which the listed defendants are jointly and severally liable,

Defendant Murphy shall separately pay to SRI the sum of $50,000 in damages with respect to the

shareholder distribution made to Dr. Murphy during April 2016 based upon the false representations he

made to the Board of Directors and his failure to return the distribution after it was rescinded by the

Board of Directors, plus $18,084.93 in prejudgment interest thereon at the rate of 7% (simple interest) per

annum through July 12, 2021, and $9.59 per day in daily interest after July 12, 2021 though the date of

judgment, plus punitive damages and costs as hereinafter specified.

      Each Defendant's total liability is reduced by $2,031,780.00 representing the aggregate amount of

settlement payments received by SRI from the settling defendants.

4

SOUTHWESTERN RESEARCH, INC.    COURT JUDGMENT BY DEFAULT AND STIPULATION FOR ENTRY OF JUDGMENT    9:22-BK-10023-DS
PROOF OF CLAIM – EXHIBITS    9 of 58

EXHIBIT A
Page 38

B.  Restitution/Disgorgement.

With respect to the ninth cause of action for unfair competition in <u>Friedman v. Murphy</u>, and the third cause of action for unfair competition against Cross-Defendant Maag in <u>Maag v. Southwestern Research, Inc.</u>, Defendants Murphy and Maag shall jointly and severally pay restitution or disgorgement to SRI in the sum of $5,688,235.76, representing the unauthorized compensation and payments received by Murphy and Maag from SRI between 2008 and 2015, plus $4,099,410.15 in prejudgment interest thereon at the rate of 7% (simple interest) per annum through July 12, 2021, and $1,104.83 per day in daily interest after July 12, 2021 though the date of judgment.

In addition, Defendant Murphy shall separately pay to SRI the sum of $50,000 in restitution and disgorgement with respect to the shareholder distribution made to Dr. Murphy during April 2016 based upon the false representations he made to the Board of Directors and his failure to return the distribution after it was rescinded by the Board of Directors, plus $18,084.93 in prejudgment interest thereon at the rate of 7% (simple interest) per annum through July 12, 2021, and $9.59 per day in daily interest after July 12, 2021 though the date of judgment.

These awards of restitution do not increase the total monetary award against Defendants Murphy, Maag and SCR described in subparagraph 1(A) and are an alternative measure of recovery to the damages specified in subparagraph 1(A) above.

2.  <u>Compensatory Damage Totals as to Each Defendant</u>

In light of the findings of joint and several liability stated in paragraph one above, the individual liabilities of Defendants Murphy, Maag and SCR for compensatory damages are as follows:

A.  <u>Defendant John Murphy, M.D.</u>

Defendant John Murphy, M.D. shall pay to SRI as damages the sum of $22,605,109.35, including prejudgment interest at the rate of 7% (simple interest) per annum through July 12, 2021, and $2,921.50 per day in daily interest after July 12, 2021 though the date of judgment, together with punitive damages and costs as hereafter specified.  The total amount to be paid to SRI as of the date of Judgment shall be reduced by $2,031,780.00 representing the aggregate amount of settlement payments received by SRI from the settling defendants.

B.  <u>Defendant and Cross-Defendant Darrell Maag</u>

5

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS
10 of 58
9:22-BK-10023-DS

EXHIBIT A
Page 39

1        Defendant Darrell Maag shall pay to SRI as damages the sum of $22,537,024.42, including

2    prejudgment interest at the rate of 7% (simple interest) per annum through July 12, 2021, and $2,911.91

3    per day in daily interest after July 12, 2021 though the date of judgment, together with punitive damages

4    and costs as hereafter specified. The total amount to be paid to SRI as of the date of Judgment shall be

5    reduced by $2,031,780.00 representing the aggregate amount of settlement payments received by SRI

6    from the settling defendants.

7            C.  Defendant Southern California Research, LLC

8        Defendant SCR is ordered to pay to SRI as damages the sum of $12,749,378.50, including

9    prejudgment interest at the rate of 7% (simple interest) per annum through July 12, 2021, and $1,807.08

10   per day in daily interest after July 12, 2021 though the date of judgment, together with punitive damages

11   and costs as hereafter specified. The total amount to be paid to SRI as of the date of Judgment shall be

12   reduced by $2,031,780.00 representing the aggregate amount of settlement payments received by SRI

13   from the settling defendants.

14         3.  Damages in Connection with Negligence Claims.

15       The damages set forth in Paragraphs 1 and 2 above include claims based upon both negligent and

16   intentional conduct.  The damages awarded for negligent conduct by Defendants Murphy, Maag and

17   SCR, which are included in paragraphs 1 and 2 above, are as follows:

18           A.  With respect to the third cause of action for negligence asserted against Defendants Maag

19             and SCR in Friedman v. Murphy, and the first cause of action for negligence against

20             Cross-Defendant Maag in Maag v. Southwestern Research, Inc., Defendants Maag and

21             SCR are ordered to jointly and severally pay as damages to SRI the aggregate amount of

22             $9,422,654.73, representing SRI's lost profit damages from 2013 through 2016 and SRI's

23             damages from the lost sale value of SRI as a going concern, plus $3,326,723.78 in

24             prejudgment interest at the rate of 7% (simple interest) per annum through July 12, 2021,

25             and $2,921.50 per day in daily interest after July 12, 2021 though the date of judgment.

26           B.  With respect to the fourth cause of action for negligent and intentional breach of fiduciary

27             duty asserted against Defendants Murphy and Maag in Friedman v. Murphy and the

28             second cause of action for negligent and intentional breach of fiduciary duty asserted

6

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

COURT JUDGMENT BY DEFAULT AND STIPULATION FOR ENTRY OF JUDGMENT
11 of 58

9:22-BK-10023-DS

EXHIBIT A
Page 40

against Cross-Defendant Maag in <u>Maag v. Southwestern Research, Inc.</u>, Murphy and

Maag are ordered to jointly and severally pay as damages to SRI the aggregate amount of

$15,110,890.49, plus $7,426,133.93 in prejudgment interest at the rate of 7% (simple

interest) per annum through July 12, 2021, and $2,921.50 per day in daily interest after

July 12, 2021 though the date of judgment.

4. <u>Punitive Damages</u>

Plaintiff Lois Friedman and Cross-Complainant SRI have established by clear and convincing

evidence that Defendants and Cross-Defendants Murphy, Maag and SCR have been guilty of oppression,

fraud or malice toward SRI and SRI's shareholder derivative plaintiff, The Dennis Munjack Inter Vivos

Trust ("the Trust"). By virtue thereof, and the findings made on the record on October 5, 2021, punitive

or exemplary damages are imposed in favor of SRI and against the defendants in the following amounts:

Punitive Damages against John Murphy, M.D. in the amount of $500,000

Punitive Damages against Darrell Maag in the amount of $300,000

Punitive Damages against Southern California Research, LLC in the amount of $44,000

5. <u>Costs</u>

Defendants Murphy, Maag and SCR shall jointly and severally pay costs to SRI (including both

the costs incurred by SRI directly and the costs incurred by shareholder derivative plaintiff Lois

Friedman in <u>Friedman v. Murphy</u>) in the aggregate amount of $181,144.72.

6. <u>Principal Amount of Judgment In Favor of SRI And Against Each Defaulted Defendant</u>

Based upon the foregoing, including the reduction in the amount of the judgment by

$2,031,780.00 resulting from the previous settlements received by SRI, judgment is entered favor of

Southwestern Research, Inc. and against each of the defaulted defendants, as follows:

John Murphy, M.D.:  $   21,546,624.07

Darrell Maag:  $   21,277,580.14

Southern California Research, LLC: $   11,123,451.22

7. <u>Judgment for Unpaid Sanctions Payable to the Dennis Munjack Inter Vivos Trust</u>

The Court, by Order entered March 29, 2021, awarded monetary sanctions to be paid to the  Trust

in the amount of $4,200 jointly and severally against Defendants Maag and SCR.  The sanctions were

SOUTHWESTERN RESEARCH, INC.                    COURT JUDGMENT BY DEFAULT AND STIPULATION FOR ENTRY OF JUDGMENT          9:22-BK-10023-DS
PROOF OF CLAIM – EXHIBITS                                                                    126 of 58

EXHIBIT A
Page 41

1    ordered payable at the end of the case.  Thus, in addition to the judgment amounts payable to SRI, the

2    Court awards the sanctions amount of $4,200.00 as damages in favor of the Trust jointly and severally

3    against Defendants Darrell Maag and Southern California Research, Inc.

4        8.  <u>Post-Judgment Interest</u>

5        Pursuant to C.C.P. § 685.010, the unpaid principal amounts of the judgment against each

6    defendant set forth above shall bear interest at the rate of 10 percent (10%) per annum until the judgment

7    is fully satisfied.

8        9.  <u>Constructive Trust/Equitable Lien on Property Purchased with Converted Funds</u>

9        During the second phase of the default prove-up proceedings, Plaintiff Friedman and SRI

10    presented clear and convincing evidence that Dr. Murphy and Mr. Maag each knowingly used a

11    substantial amount of funds which they had unlawfully converted from SRI in order to purchase real

12    property for themselves and their spouses or related business entities and, by virtue thereof, SRI has a

13    constructive trust or equitable lien upon such real property purchased by Defendants Murphy and Maag

14    as follows:

15        A.  <u>1300 SE Macarthur Boulevard, Stuart FL 34996</u>

16        On March 31, 2010, John Murphy and his wife, Kimberly Murphy, while domiciled in California,

17    purchased a residential property located at 1300 SE Macarthur Boulevard, Stuart FL 34996.  The legal

18    description of that property is:

19            Lots 58 & 59, YACHT CLUB BEACH, according to the plat thereof as recorded in Plat

20            Book 5, Page 42, public records of Palm Beach (Now Martin) County, Florida; less and
excepting that portion of Lots 58 & 59 lying East of the physical centerline of Macarthur

21            Blvd, and less and excepting the right of way for said Macarthur Blvd.

22        Dr. Murphy paid $1,455,000 for the home and the artwork and personal property sold with the

23    home and related closing costs.  Dr. Murphy made a down payment of $705,000 and obtained a mortgage

24    from Wells Fargo Bank of $750,000 on March 31, 2010 (which loan was obtained solely in Dr. Murphy's

25    own name and the mortgage deed of trust was executed solely by John Murphy).  Dr. Murphy refinanced

26    the original mortgage loan in December of 2011 and the new mortgage (which was once again obtained

27    solely under Dr. Murphy's name and signature) was fully paid off on or about December 19, 2014.

28        The evidence presented to the Court established that Dr. Murphy spent $1,635,936.81 to purchase

8

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS
COURT JUDGMENT BY DEFAULT AND STIPULATION FOR ENTRY OF JUDGMENT
13 of 58
9:22-BK-10023-DS
EXHIBIT A
Page 42

the property and to pay the mortgage interest and property taxes thereon between March 31, 2010 and December 19, 2014. Dr. Murphy's prior testimony in this lawsuit establishes that his sole source of income between 1994 and mid-2016 was his employment at SRI. His Statement of Net Worth dated February 1, 2010 and the Wells Fargo loan application dated March 31, 2010, which was sworn under the penalty of the False Statements Act, establish that Dr. Murphy and his wife had no other assets from which to purchase the property and pay off the mortgage debt and property taxes. The evidence presented to the Court established that 74% of the net after-tax cash available to Dr. Murphy in the March 31, 2010 to December 19, 2014 time period was from funds which he converted from SRI. The Court finds that Dr. Murphy obtained 74% of the $1,635,936.81 in funds that he utilized to purchase the home and pay the mortgage interest and property taxes through December 19, 2014 from funds that he unlawfully converted from SRI.

By virtue thereof, the Court finds that SRI has a constructive trust or equitable lien upon the Macarthur property, effective as of March 31, 2010, in an amount equal to, or representing, seventy-four percent (74%) of the ownership equity in the property.

B. 216 SE Osceola Street, Stuart FL 34994

On or about October 15, 2019 Dr. Murphy obtained a new $400,000 mortgage on the Macarthur property. According to the September 2019 and September 2020 communications from Dr. Murphy to his accountant introduced into evidence, Dr. Murphy admitted that he obtained the $400,000 mortgage on the Macarthur residence and used the proceeds thereof to purchase (for cash), and later to make structural improvements upon, a residential property in a mixed use area located at 216 SE Osceola Street in Stuart Florida, to be utilized as Defendant Murphy's medical office. The legal description of that property is as follows:

Lots 10 and 11, AMENDED PLAT OF EAST END SUBDIVISION, according to the plat thereof, as recorded in Plat Book 5, page 33, of the Public Records of Palm Beach now Martin County, Florida, Less and except the North 10 feet thereof, for road purposes. Subject to taxes for 2019 and subsequent years; covenants, conditions, restrictions, easements, reservations and limitations of record, if any.

Dr. Murphy caused the title to the 216 SE Osceola property to be taken in the name of LGDD, LLC, an entity which operates Dr. Murphy's medical practice and which is 100% owned by Dr. Murphy according to his sworn statements provided to the IRS in 2019 and in his 2017 and 2018 tax returns.

9

1        By virtue thereof, the Court finds that SRI has a constructive trust or equitable lien upon the 216

2  SE Osceola property, which dates back to the date of purchase of the Osceola property, by virtue of the

3  use of traceable proceeds from the Macarthur property to purchase the Osceola property, in an amount

4  equal to, or representing, seventy-four percent (74%) of the ownership equity in the 216 SE Osceola

5  property.

6        C.  5550 Partridge Court, Westlake Village, CA 91362

7        On May 10, 2011, Darrell Maag and his wife Ana K Maag, while domiciled in California,

8  purchased a second residential property in Ventura County California located at 5550 Partridge Court,

9  Westlake Village 91362.  The legal description of the property is as follows:

10        Lot 37 of Tract No. 4188-02 as per Map recorded in Book 111, Pages 86 to 91 inclusive of
        Maps, in the Office of the County Recorder of Ventura County, California.  Also Known
11        as: 5550 Partridge Court, Westlake Village, CA 91362 AP#: 689-0-402-185.

12        The Westlake Village property was purchased for $1,150,000.  Defendant Maag and his wife did

13  not sell their existing residence in Oak Park, which was fully paid for, in order to purchase the Westlake

14  Village property.  Defendant Maag made a $950,000 cash down payment on the property and Mr. Maag

15  and his wife obtained a $200,000 mortgage from Wells Fargo Bank for the balance of the purchase price.

16  That mortgage was paid in the required monthly amounts through September of 2012 and then was paid

17  off in one lump sum payment on October 17, 2012.

18        The evidence presented to the Court established that Defendant Maag spent $1,190,324.59 to

19  purchase the property and to pay the mortgage interest and property taxes thereon between May 10, 2011

20  and October 17, 2012.   Mr. Maag's prior testimony in this lawsuit establishes that his sole source of

21  income at all material times before December 31, 2015 was his employment at SRI.  Mr. Maag's loan

22  application dated May 9, 2011, sworn under the penalty of the False Statements Act, showed that other

23  than the existing residence in Oak Park, which Defendant Maag and his wife elected not to sell and have

24  retained ownership thereof, and the bank and investment accounts listed as the source for the down

25  payment, Mr. Maag and his wife had no other assets from which to purchase the Westlake Village

26  property.

27        The evidence presented established that 50% of the net after tax cash available to Mr. Maag and

28  his wife during the May 10, 2011 through October 17, 2012 time period was from funds which Maag

1    unlawfully converted from SRI.  The Court finds that Defendant Maag obtained 50% of the

2    $1,190,324.59 in funds utilized to purchase the home and pay the mortgage interest and property taxes

3    between May 10, 2011 and October 17, 2012 from funds that Maag unlawfully converted from SRI.

4    　　　By virtue thereof, the Court finds that SRI has a constructive trust or equitable lien upon the 5550

5    Partridge Court, Westlake Village property, effective as of May 10, 2011, in an amount equal to, or

6    representing, fifty percent (50%) of the ownership equity in the property.

7    　　　10. Other Equitable Relief.

8    　　　A shareholder derivative lawsuit is an action in equity.  Nessbit v. Superior Court, 214 Cal. 1, 8

9    (1931); Nelson v. Anderson, 72 Cal.App.4th 111, 127 (1999).  A court hearing a shareholder derivative

10    lawsuit must " 'make a proper adjustment of the "rights, equities, and interests" of all the parties

11    involved.' [Citation.]" C & K Engineering Contractors v. Amber Steel Co., 23 Cal.3d 1, 11 (1978).

12    　　　SRI has only two shareholders – the Munjack Trust and Dr. Murphy. Where, as here, there are

13    only two shareholders of the corporation and the judgment will be against one of those shareholders for

14    damages caused to the corporation, the Court has both the power and the duty to provide in the judgment

15    that the shareholder defendant may not receive any portion of the damages caused to the corporation by

16    the shareholder's wrongful conduct.  Rankin v. Frebank Company, 47 Cal.App.3d 75, 96 (1975); Nelson

17    v. Anderson, supra, 72 Cal.App.4th at 127.  Accordingly, the Court finds that Dr. Murphy should not

18    receive any shareholder distributions/dividends from SRI unless and until the judgment against him in

19    favor of SRI has been fully satisfied.

20    　　　Pursuant to the request of Plaintiff Friedman, and the provisions of Corporations Code § 422, the

21    Court also finds that the  Board of Directors of SRI, in its discretion, may (1) require, pursuant to

22    Corporations Code §422(a), that the SRI stock certificate currently held by Dr. Murphy be surrendered to

23    the corporation for cancellation and that a new stock certificate be issued in its place reciting the

24    existence of this judgment in favor of SRI and against Dr. Murphy and containing a statement that the

25    shares presently held by Dr. Murphy shall not be subject to transfer, or eligible to receive any dividend or

26    distribution, until and unless the judgment in favor of SRI and against Dr. Murphy has been fully

27    satisfied; and (2) determine that, pursuant to Corporations Code §422(b), Dr. Murphy is not entitled to

28    vote or to receive dividends, or to exercise any of the other rights of a shareholder, until Dr. Murphy

11

COURT JUDGMENT BY DEFAULT AND STIPULATION FOR ENTRY OF JUDGMENT
16 of 58
SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS
9:22-BK-10023-DS
EXHIBIT A
Page 45

1   complies with such directive of the Board of the Directors.

2   **Stipulation for Entry of Judgment on First and Second Causes of Action**

3       Plaintiffs Lois Friedman and Jared Stein and Defendant SRI entered into a stipulation for entry of

4   judgment on the first and second causes of action in <u>Friedman v. Murphy</u> on November 8, 2019.

5   Defendant Murphy filed an objection to the stipulation and proposed order thereon.  Following a hearing

6   on Defendant Murphy's objection, the Court approved the Stipulation for Entry of Judgment on the first

7   and second causes of action on August 20, 2020.  PURSUANT TO THAT STIPULATION AND THE

8   COURT'S PRIOR ORDER:

9       1.    Judgment is entered in favor of Plaintiff Friedman and against Defendant SRI on the First

10  Cause of Action for Enforcement of Shareholder Document Rights (Corp. Code §§ 1601 and 1603), and

11  the findings of the Court contained in the Order dated May 6, 2014 (which is attached hereto) are deemed

12  final and are incorporated in this Judgment;

13      2.    Judgment is entered in favor of Plaintiff Jared Stein and against Defendant SRI on the

14  second cause of action for Enforcement of Director Document Rights (Corp. Code §§ 1602 and 1603),

15  and the findings contained in the Order dated May 6, 2014 are deemed final and are incorporated in this

16  Judgment;

17      3.    In connection with the First and Second Causes of Action only, Plaintiffs Lois Friedman

18  and Jared Stein shall not be awarded any attorney's fees or costs by virtue of the provisions of the

19  Stipulation; and

20      4.    Pursuant to the Stipulation and the August 20, 2020 Order approving it, the judgment on

21  the first two causes of action is final for all purposes upon the entry hereof, and Defendant SRI has

22  waived any right to move for a new trial or to appeal the judgment on the first two causes of action or to

23  seek to set aside the Judgment through any collateral attack.  SRI has also expressly waived notice of

24  entry of judgment and notice of and right to any hearing regarding entry of judgment.

25  Dated: October 20   , 2021

26

27  _____
         Huey P. Cotton
      Judge of the Superior Court

28

ORDER DATED MAY 6, 2014

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 06 2014

Sherri R. Carter, Executive Officer/Clerk

By Darian Salisbury, Deputy

1  DONALD L. CORNWELL, ESQ. (SBN 081697)
   LAW OFFICES OF DONALD L. CORNWELL, PC
2  11766 Wilshire Boulevard, Suite 700
   Los Angeles, CA 90025
3  (310) 477-3111

**RECEIVED**

APR 2 5 2014

SUPERIOR COURT
WEST DISTRICT SANTA MONICA
D SALISBURY

4  Attorney for Plaintiffs
   LOIS FRIEDMAN and
5  JARED STEIN

6

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                 **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| 9  LOIS FRIEDMAN, TRUSTEE of THE<br>DENNIS MUNJACK INTER VIVOS<br>10  TRUST, suing individually and derivatively<br>on behalf of Southwestern Research, Inc., a<br>11  California corporation; and JARED STEIN,<br>an individual,<br>12              Plaintiffs,<br>13  v.<br>14  JOHN MURPHY, M.D., an individual;<br>DARRELL MAAG, an individual;<br>15  MAXWELL & COMPANY CPA'S INC., a<br>California corporation; WILLIAM<br>16  MAXWELL, an individual; SCHREIBER &<br>SCHREIBER, INC., a California<br>17  corporation; EDWIN C. SCHREIBER, an<br>individual; SOUTHERN CALIFORNIA<br>18  RESEARCH, LLC, a California limited<br>liability company; and SOUTHWESTERN<br>19  RESEARCH, INC., a California<br>corporation,<br>20              Defendants. | CASE NO. SC 121128<br>(Hon Allan J Goodman-Dept P)<br><br>[Proposed] ORDER DIRECTING THE<br>PRODUCTION OF CORPORATE<br>RECORDS OF SOUTHWESTERN<br>RESEARCH, INC. |

21

22        A Verified Complaint was filed by Plaintiff Lois Friedman, Trustee of the Dennis

23  Munjack Inter Vivos Trust and Plaintiff Jared Stein on August 6, 2013 and was timely served on

24  Southwestern Research, Inc. (hereafter referred to as "SRI") on August 13, 2013 as documented

25  by a Proof of Service filed with this court. SRI failed to respond to the Verified Complaint and

26  this Court entered the default of SRI on October 22, 2013.

27        Based on the allegations of the Verified Complaint, the Declarations filed with this court

28  and the Judgment of the Superior Court in In re Dennis Munjack Trust , Lois Friedman, Trustee

---

Order Directing Production of Corporate Records

1    v. John Murphy et al, Los Angeles Superior Court Case No. SP007578, and the arguments of the

2    parties before this Court on April 9, 2014 and April 14, 2014, the Court finds that Plaintiff Lois

3    Friedman has at all times since May 10, 2008 been a shareholder of record of Defendant SRI and

4    that on November 20, 2012 and continuing thereafter Plaintiff Lois Friedman made lawful

5    demand for the inspection of SRI's accounting books and records, which was denied without

6    justification by SRI in violation of California Corporations Code § 1601. The court further finds

7    that the purpose of the inspection sought by Plaintiff Friedman (as set forth in paragraph 82 of the

8    Verified Complaint and in her declaration filed with this Court) is reasonably related to Plaintiff

9    Freidman's interest in SRI as a shareholder.

10    Based on the allegations of the Verified Complaint and the Declarations filed with this

11    Court, the Court finds that Plaintiff Jared Stein has at all times since March 6, 2013 been a

12    member of the Board of Directors of SRI and that on March 6, 2013, April 11, 2013 and July 19,

13    2013, Plaintiff Stein made demand upon SRI to inspect and copy 20 described categories of

14    books and records of SRI, which requests were denied without justification by SRI in violation of

15    California Corporations Code § 1602.

16    Accordingly, IT IS HEREBY ORDERED that, upon service of this Order, SRI shall

17    immediately make available to Plaintiff Lois Friedman (and to Plaintiff's Friedman's attorney,

18    Donald Cornwell, and Plaintiff's accounting firm, Gumbiner Savett, Inc.) for inspection and

19    copying all of SRI's accounting books and records for the years 2005 [calendar 2008] to date, including any

20    documents maintained in electronic form or as part of any accounting software or other software

21    database and the means by which to access any such electronic data. SRI shall also make

22    available for inspection and copying by Plaintiff Friedman and her attorney and accountants any

23    of the accounting records for the years 2005 [calendar 2008] to date which are maintained and stored off-site by

24    any agent or entity acting on behalf of SRI at times and places acceptable to Plaintiff's counsel

25    and to Gumbiner Savett, Inc. Such access shall be provided by SRI during its usual business

26    hours and for such duration as shall be deemed satisfactory by Gumbiner Savett, Inc. to complete

27    its inspection and copying of the accounting records. Such documents and items shall be made

28    available for inspection and copying during SRI's usual business hours.

2

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS
20 of 58
9:22-BK-10023-DS
EXHIBIT A
Page 49

1  SRI IS FURTHER ORDERED, upon service of this Order, to immediately make available

2  to Plaintiff Jared Stein (and to Plaintiff Stein's attorney Donald Cornwell and the accounting firm

3  of Gumbiner Savett, Inc.) for inspection and copying the following items:

4      1. W-2s for Dr. John Murphy for 2007 through 2013

5      2. W-2s for Darrell Maag for 2007 through 2013

6      3. All credit card bills for Darrell Maag from January 1, 2007 to date

7      4. All credit card bills for Dr. John Murphy from January 1, 2007 to date

8  (On items 3 and 4, if not all credit card bills remain in your possession and are not
available from the Company's offsite storage facility, request them from the Credit
9  Card Issuers and make them available for inspection and copying upon receipt.)

10      5. All documentation and written communications regarding any loans made
by the Company to either Dr. Murphy or Darrell Maag at any time since
11         January 1, 2008

12      6. All documentation and written communications regarding any loans made
by either Dr. Murphy or Darrell Maag to the Company at any time since
13         January 1, 2008.

14      7. The Company's Emergency Plan and any amendments.

15      8. The Company's written document retention plan and any written policies
regarding document retention.
16

17      9. A master list of Company personnel, their job titles and functions and their
locations

18      10. The Company's most recent set of Organization Charts.

19      11. The current electronic data files for SRI's MYOB accounting software and the
backup tapes/discs from the Inform software containing the accounting data for the
20         prior years which are not included in the current dataset.

21      12. A copy of Inventory/File List for what's in storage in Westwood

22      13. Copies of document destruction orders given to the Westwood storage facility
since May 1, 2008
23

24      14. Annual Pension Contribution Reports showing SRI pension contributions for all
employees from 2007 to date

25      15. All checks issued to Drs. Murphy and Munjack in 2008 and the backup for those
checks
26

27      16. A complete schedule of all checks issued by SRI to Schreiber & Schreiber from
January 1, 2008 to date.

28      17. All correspondence between anyone from SRI and anyone from Maxwell & Co

3

Order Directing Production of Corporate Records

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS
21 of 58
9:22-BK-10023-DS
EXHIBIT A
Page 50

1    since 2007 (this includes both paper and electronic correspondence and emails).

2    18. Complete copies of the loan files concerning any loans made to Dr. Murphy or to
     Darrell Maag at any time since January 1, 2008.

3
4    19. Complete copies of the loan files concerning any loans made by Dr. Murphy or
     Darrell Maag to SRI at any time since January 1, 2008.

5    20. The original countersigned Unanimous Consent with Dr. Murphy's signature
     needs to be obtained from Murphy and placed in a new permanent file with the
6    Board minutes at SRI.

7    SRI shall also make available for inspection and copying by Plaintiff Stein and his attorney and

8    accountants any documents listed above which are maintained and stored off-site by any agent or

9    entity acting on behalf of SRI at times and places acceptable to Plaintiff's counsel and to

10   Gumbiner Savett, Inc. Such access shall be provided by SRI during its usual business hours and

11   for such duration as shall be deemed satisfactory by Gumbiner Savett, Inc. to complete its

12   inspection and copying of the books and records of SRI.

13   NOTWITHSTANDING THE ~~GENERALITY OF THE~~ FOREGOING PROVISIONS, in

14   the event that SRI or any other Defendant in this matter contends that any document(s) sought by

15   either Plaintiff, or their attorneys or accountants, is subject to the attorney-client privilege, such

16   documents shall not be produced to Plaintiffs without further Order of this Court. Any such

17   documents shall be identified in a complete privilege log, which shall satisfy the requirements for

18   privilege logs set forth in C.C.P. § 2031.240(c), and shall additionally set forth SRI's position as

19   to why such document may not be viewed by Plaintiff Jared Stein as a director of SRI. The

20   privilege log shall be served on counsel for all parties in this litigation within 72 hours of the time

21   such privilege is asserted (with copies sent by email to all counsel) and immediately filed with

22   this Court. Plaintiffs may, on ex parte application made in accordance with the California Rules

23   of Court, with the papers served on counsel for all parties by email before ~~noon~~ 10:00 a.m. the day prior to

24   the hearing, appear before the Court to argue why said document is either not privileged or should

25   be made available for inspection and copying by Plaintiff Stein as a director of SRI.

26   PURSUANT TO THE PROVISIONS OF CORPORATIONS CODE § 1603(B), all

27   officers and agents of SRI shall produce to Plaintiffs Friedman and Stein and their attorneys and

28   accountants all accounting records and documents described above which are in their custody or

4

1   under their power of control, under penalty of punishment for contempt of court.
    provide the copy requirement forward during this *SRI's*
2   Counsel for Plaintiffs shall serve a copy of this Order by mail on SRI and serve a copy of

3   this Order on each party to this action.    *normal operations to the extent possible and*

4

5   Dated: __5-6__, 2014    _____
                                    Allan J Goodman
6                                    Judge of the Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    5
                    Order Directing Production of Corporate Records

1          **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California. I am over the age of
3     eighteen years and not a party to the within action; my business address is 11766 Wilshire
      Boulevard, Suite 700, Los Angeles, CA 90025.

4          On Thursday April 24, 2014 I served the following documents on the parties in this action:
5     **[Proposed] ORDER DIRECTING THE PRODUCTION OF CORPORATE RECORDS OF**
      **SOUTHWESTERN RESEARCH, INC.**

6     [ x ]   by placing a true and correct copy thereof enclosed in a sealed envelope with postage
7             thereon fully prepaid for deposit in the United States Post Office mail box, at my business
              address shown above, following my office's ordinary business practices for the collection
8             and processing of mail, of which I am readily familiar, and addressed as set forth below.

9             On the same day correspondence is placed for collection and mailing, it is deposited in the
10            ordinary course of business with the United States Postal Service.

11         **SEE ATTACHED LIST**

12    [ ]     by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery
              fees thereon fully prepaid in a box or other facility regularly maintained by Federal
13            Express or delivering to an authorized courier or driver authorized by Federal Express to
14            receive documents, addressed as set forth below.

15    [ ]     by transmitting a true and correct copy by facsimile from facsimile number (310) 477-
              3110 to the person(s) at the facsimile number(s) set forth below, which transmission was
16            confirmed as complete. A copy of the transmission record is attached hereto.

17    [ ]     by forwarding a true and correct copy by e-mail from e-mail address
18            doncornwell@linkline.com to the person(s) at the e-mail address(es) set forth below.

19         I declare under penalty of perjury under the laws of the State of California that the
20    foregoing is true and correct, and that this declaration was executed April 24, 2014, at Los
      Angeles, California.

21

22                                                     Donald L. Cornwell

23

24

25

26

27

28

                                          6

1 | **FRIEDMAN v MURPHY SERVICE LIST**

2 | Randall J. Dean Esq.
| Chapman, Glucksman Dean Roeb & Barger, APC
3 | 11900 West Olympic Blvd, Suite 800
| Los Angeles, CA 90064-0704

4 |
| (Attorneys for Defendants William Maxwell and Maxwell & Company CPA's Inc.)
5 |

| Heather L. Rosing, Esq.
6 | Gregor A. Hensrude, Esq.
| Brian P. Murphy, Esq.
7 | Klinedeinst PC
| 501 West Broadway, Suite 600
8 | San Diego, CA 92101

9 | (Attorneys for Defendants Edwin C. Schreiber and Schreiber & Schreiber, Inc.)

10 | Scott M. Richter, Esq.
| Law Offices of Scott M. Richter APC
11 | 9200 Sunset Boulevard
| Penthouse 2
12 | West Hollywood, CA 90069

13 | (Attorney for Defendants Darrell Maag and Southern California Research, Inc.)

14 | Edwin C. Schreiber, Esq.
| Eric A. Schreiber, Esq.
15 | Ean M. Schreiber, Esq.
| Schreiber & Schreiber, Inc.
16 | 16633 Ventura Boulevard, Suite 711
| Encino, California 91436
17 |
| (Attorneys for Defendant John Murphy)
18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

7

Order Directing Production of Corporate Records

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

9:22-BK-10023-DS

**EXHIBIT A**
**Page 54**

**PROOF OF SERVICE**

1

2      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen
years and not a party to the within action; my business address is 11766 Wilshire Boulevard, Suite 700,

3      Los Angeles, CA 90025.

4      On October 8, 2021, I served the following document(s): [Proposed]COURT JUDGMENT BY
DEFAULT AND STIPULATION FOR ENTRY OF JUDGMENT ON THE FIRST AND SECOND

5      CAUSES OF ACTION along with this PROOF OF SERVICE on the parties in this action:

6      [ ]    by placing a true and correct copy thereof enclosed in a sealed envelope with postage

7             thereon fully prepaid for deposit in the United States Post Office mail box, at my business
address shown above, following my office's ordinary business practices for the collection

8             and processing of mail, of which I am readily familiar, and addressed as set forth below.
       **SEE ATTACHED LIST**

9             On the same day correspondence is placed for collection and mailing, it is deposited in the
ordinary course of business with the United States Postal Service.

10

11     [ ]    by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery
fees thereon fully prepaid in a box or other facility regularly maintained by Federal Express

12            or delivering to an authorized courier or driver authorized by Federal Express to receive
documents, addressed as set forth below.

13     [ ]    by transmitting a true and correct copy by facsimile from facsimile number (310) 477-3110

14            to the person(s) at the facsimile number(s) set forth below, which transmission was
confirmed as complete. A copy of the transmission record is attached hereto.

15

16     [ ]    by forwarding a true and correct copy by e-mail from my e-mail address
              don@doncornwell.com to the person(s) at the e-mail address(es) set forth below.

17

18     [x]    by transmitting a true and correct copy via the Los Angeles Superior Court's electronic
filing system to the person(s) at the e-mail address(es) set forth below.

19     I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct, and that this declaration was executed on October 8, 2021 at Los Angeles, California.

20

21

22                                                    _____
                                                      Donald L. Cornwell

23

24

25

26

27

28

13

1

### SERVICE LIST – FRIEDMAN v. MURPHY

2

Diana Friedland, Esq.
Bernstein & Friedland, PC

3
16000 Ventura Blvd., Suite 1000
Encino, CA 91436

4

diana@laemploymentcounsel.com
5
(Attorneys for Defendant and Cross-complainant Southwestern Research, Inc.)

6
John P. Cogger, Esq.
Gordon Rees Scully Mansukhani, LLP

7
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

8

jcogger@grsm.com
9
(Attorneys for Defendants Darrell Maag and Southern California Research, Inc.)

10
Edwin C. Schreiber, Esq.
Schreiber & Schreiber, Inc.

11
16633 Ventura Boulevard, Suite 1245
Encino, California 91436

12

Ed@schreiberlawfirm.com
13
(Attorneys for Defendant John Murphy)

14
Kenneth E. Chase
Chase Law & Associates, P.A.

15
1141 71st Street
Miami Beach, FL 33141

16
kchase@chaselaw.com
(Attorneys for Defendant John Murphy)

17

18

19

20

21

22

23

24

25

26

27

28

14

COURT JUDGMENT BY DEFAULT AND STIPULATION FOR ENTRY OF JUDGMENT
SOUTHWESTERN RESEARCH, INC.                                                                    27 of 58                                                9:22-BK-10023-DS
PROOF OF CLAIM – EXHIBITS

EXHIBIT A
Page 56

# Exhibit 3

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

28 of 58

9:22-BK-10023-DS

EXHIBIT A
Page 57



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**NOTICE OF JUDGMENT LIEN (JL 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File #: U210096510724

Date Filed: 10/25/2021

| Submitter Information: | |
|---|---|
| Contact Name | Sheryl D. Noel |
| Organization Name | COLEMAN & HOROWITT, LLP |
| Phone Number | (559) 248-4820 |
| Email Address | snoel@ch-law.com |
| Address | 499 W SHAW AVENUE, STE. 116, FRESNO, CA 93704 Apo (Us) |

Judgment Debtor Information:

| Judgment Debtor Name | Mailing Address |
|---|---|
| DARRELL MAAG | 5550 Partridge Court Westlake Village, CA 91362 |

Judgment Creditor Information:

| Judgment Creditor Name | Mailing Address |
|---|---|
| SOUTHWESTERN RESEARCH, INC., a California corporation | 4221 WILSHIRE BLVD., SUITE 430 LOS ANGELES, CA 90010 |

Judgment Information:

| | |
|---|---|
| A. Name of Court Where Judgment Was Entered | LOS ANGELES COUNTY SUPERIOR COURT |
| B. Title of the Action | LOIS FRIEDMAN v. JOHN MURPHY, ET AL. |
| C. Case Number | SC121128 |
| D. Date Judgment Was Entered | 10/20/2021 |

| E. Date(s) of Subsequent Renewal of Judgment (if any) |
|---|
| None Entered |

| | |
|---|---|
| F. Date of This Notice | 10/25/2021 |
| G. Amount Required to Satisfy Judgment at This Date of Notice | $21,277,580.14 |

All property subject to enforcement of a Money Judgment against the Judgment Debtor to which a Judgment Lien on personal property may attach under Section 697.530 of the Code of Civil Procedure is subject to this Judgment Lien.

Declaration and Signature:

Declaration: I am the Attorney of Record for the Judgment Creditor.

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| *Sheryl D. Noel* | *10/25/2021* |
|---|---|
| Sign Here | Date |

B0441-6035 10/25/2021 8:53 AM Received by California Secretary of State

1

## PROOF OF SERVICE

2    I declare that I am a citizen of the United States and a resident of the County of Fresno. I
am over the age of eighteen (18) years and not a party to the within action. My business address

3    is 499 West Shaw, Suite 116, Fresno, California 93704.

4    On October 25, 2021, I served the foregoing document(s) described as
**NOTICE OF JUDGMENT LIEN (DARRELL MAAG)** on the interested parties, addressed as

5    follows:

6    **ADDRESS SERVICE REQUESTED**
John P. Cogger, Esq.

7    Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor

8    Los Angeles, CA 90071
jcogger@grsm.com

9    (Attorneys for Defendants Darrell Maag and
Southern California Research, Inc.)

10

11    [X]    BY MAIL - by placing [X] a true and correct copy [] the original thereof enclosed in a
sealed envelope with postage thereon fully prepaid in the firm's outgoing mail. I am

12    "readily familiar" with the firm's practice of collecting and processing correspondence for
mailing. It is deposited with United States Postal Service on that same day in the

13    ordinary course of business.

14    []    BY CALIFORNIA OVERNIGHT - by placing [] a true and correct copy [] the original
thereof enclosed in a sealed envelope for delivery via California Overnight next day

15    delivery to the addressee noted above.

16    []    BY EMAIL - by causing a true copy to be electronically transmitted to the parties, by
using their email address indicated above.

17

    [X]    STATE: I declare under penalty of perjury under the laws of the State of California that

18    the foregoing is true and correct.

19    []    FEDERAL: I declare that I am employed in the office of a member of the bar of this court
at whose direction service was made.

20

    Executed on October 25, 2021, at Fresno, California.

21

22

    RIN BO

23

24

25

26

27

28

1

# Exhibit 4

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

31 of 58

9:22-BK-10023-DS

EXHIBIT A
Page 60

RECORDING REQUESTED BY:

Coleman & Horowitt, LLP

WHEN RECORDED MAIL TO:

Sheryl D. Noel, Esq.
499 W. Shaw Avenue, Suite 116
Fresno            CA        93704

**2021001978181**

Recorded in Official Records
Ventura County Clerk-Recorder
Mark A. Lunn

11/29/2021        Titles: 1  Pages: 3
04:04 PM
VEN               Fees:   $150.00
ESPEJEV

SPACE DIRECTLY ABOVE RESERVED FOR RECORDER'S USE

## ABSTRACT OF JUDGMENT - CIVIL AND SMALL CLAIMS

LIEN NOTICE MAILED

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*

After recording, return to:

SHERYL D. NOEL #172551
COLEMAN & HOROWITT, LLP
499 West Shaw Avenue, Suite 116
Fresno, California 93704

TEL NO.: (559) 248-4820    FAX NO. *(optional):* (559) 248-0130

E-MAIL ADDRESS *(Optional):* snoel@ch-law.com

[X] ATTORNEY FOR    [X] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 6230 Sylmar Avenue

MAILING ADDRESS: same as above

CITY AND ZIP CODE: Van Nuys, CA 91401

BRANCH NAME: Unlimited Civil

PLAINTIFF: LOIS FRIEDMAN, et al.

DEFENDANT: JOHN MURPHY, M.D., et al.

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**    [ ] Amended

FOR RECORDER'S USE ONLY

CASE NUMBER: SC121128

FOR COURT USE ONLY

1. The [X] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
       Name and last known address

   DARRELL MAAG
   5550 Partridge Court        Lien notice mailed to debtor at
   Westlake Village, CA 91362   address shown Govt Code 27297.5

   b. Driver's license no. [last 4 digits] and state: 0029 California    [ ] Unknown
   c. Social security no. [last 4 digits]: 6971    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*
      DARRELL MAAG, an individual
      5550 Partridge Court, Westlake Village, CA 91362

2. [X] Information on additional judgment debtors is
      shown on page 2.

3. Judgment creditor *(name and address):*
   Southwestern Research, Inc., a California corporation
   c/o Donald L. Cornwell, Esq, 11766 Wilshire Blvd., Ste. 700,
   Los Angeles, CA 90025; c/o Sheryl D. Noel, Esq.
   499 W. Shaw Ave., Suite 116, Fresno, CA 93794

   Date: ~~October~~ Nov 1, 2021

   SHERYL D. NOEL
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is
      shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ► (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ Darrell Maag ($21,277,580.14); Southern California ($11,123,451.22)
      John Murphy ($21,546,624.07) MURPHY FILED BK AND WILL NOT EXECUTE JUDGMENT
7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* October 20, 2021
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date):*
11/01/2021

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until
        *(date):*

12. a. [X] I certify that this is a true and correct abstract of
        the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

    Sherri R. Carter Executive Officer / Clerk of Court
    Clerk, by E. Montagna , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

CEB Essential Forms
ceb.com

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

33 of 58

9:22-BK-10023-DS

EXHIBIT A
Page 62

| PLAINTIFF: LOIS FRIEDMAN, et al. | COURT CASE NO: |
|---|---|
| DEFENDANT: JOHN MURPHY, M.D., et al. | SC121128 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

Lien notice mailed to debtor at
address shown Govt Code 27297.5

Lien notice mailed to debtor at
address shown Govt Code 27297.5

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.     Name and last known address

SOUTHERN CALIFORNIA RESEARCH LLC
436 N. Roxbury Drive, Suite 222 (also Suite 205)
Beverly Hills, CA 90210

Driver's license no. [last 4 digits] and state:
        ☒ Unknown

Social security no. [last 4 digits]:
        ☒ Unknown

Summons was personally served at or mailed to *(address):*
SOUTHERN CALIFORNIA RESEARCH LLC
435 N. Bedford Drive, Suite 216
Beverly Hills, CA 90210

17.     Name and last known address

JOHN MURPHY, M.D.
1300 SE Macarthur Boulevard
Stuart, FL 34996
FILED BK AND WILL NOT EXECUTE JUDGMENT

Driver's license no. [last 4 digits] and state:
2500 Florida        ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown
5107

Summons was personally served at or mailed to *(address):*
JOHN MURPHY, M.D., an individual
435 N. Bedford Drive, Suite 216
Beverly Hills, CA 90210

18.     Name and last known address

Driver's license no. [last 4 digits] and state:
        ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.     Name and last known address

Driver's license no. [last 4 digits] and state:
        ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev July 1, 2014]

**Essential Forms**
CEB
ceb.com

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 2 of 2

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS
34 of 58
9:22-BK-10023-DS
EXHIBIT A
Page 63

# Exhibit 5

Case 9:22-bk-10023-DS    Doc 57    Filed 09/02/22    Entered 09/02/22 18:39:36    Desc
Main Document    Page 70 of 164

Electronically FILED by Superior Court of California, County of Los Angeles on 11/22/2021 12:47 PM... cutive Officer/Clerk of Court, by A. Boyadzhyan, Deputy Clerk

**AT-138/EJ-125**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: SHERYL D. NOEL #172551

FIRM NAME: COLEMAN & HOROWITT, LLP

STREET ADDRESS: 499 West Shaw Avenue, Suite 116

CITY: Fresno    STATE: CA    ZIP CODE: 93704

TELEPHONE NO.: (559) 248-4820    FAX NO.: (559) 248-0130

E-MAIL ADDRESS: snoel@ch-law.com

ATTORNEY FOR (name): SOUTHWESTERN RESEARCH, INC., a California corporation

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS: 6230 Sylmar Avenue

MAILING ADDRESS: same as above

CITY AND ZIP CODE: Van Nuys, CA 91401

BRANCH NAME: Unlimited Civil

PLAINTIFF LOIS FRIEDMAN, et al.

DEFENDANT JOHN MURPHY, M.D., et al.

| APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION | CASE NUMBER: |
|---|---|
| [X] ENFORCEMENT OF JUDGMENT    [ ] ATTACHMENT (Third Person) | SC121128 |
| [X] Judgment Debtor    [ ] Third Person | |

**ORDER TO APPEAR FOR EXAMINATION**

1. TO (name): DARRELL MAAG

2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [X] furnish information to aid in enforcement of a money judgment against you.
   b. [ ] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

| Date: January 14, 2022 | Time: 8:30 a.m. | Dept. or Div.: A | Rm.: |
|---|---|---|---|
| Address of court [X] is shown above [ ] is: | | | |

3. This order may be served by a sheriff, marshal, registered process server, or the following specially appointed person (name):

Date: 11/29/2021

Huey P. Cotton

JUDGE

**This order must be served not less than 10 days before the date set for the examination.**

## IMPORTANT NOTICES ON REVERSE

**APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION**

4. [X] Original judgment creditor    [ ] Assignee of record    [ ] Plaintiff who has a right to attach order
   applies for an order requiring (name): DARRELL MAAG
   to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.

5. The person to be examined is
   a. [X] the judgment debtor.
   b. [ ] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.

6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.

7. [ ] This court is not the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.

8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 22, 2021

SHERYL D. NOEL

(TYPE OR PRINT NAME)    (Continued on reverse)    (SIGNATURE OF DECLARANT)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
AT-138/EJ-125 [Rev. January 1, 2017]

CEB [Essential Forms] ceb.com

**APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**
(Attachment-Enforcement of Judgment)

Code of Civil Procedure,
§§ 491.110, 708.110, 708.120, 708.170
www.courts.ca.gov

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

36 of 58

9:22-BK-10023-DS

EXHIBIT A
Page 65

AT-138/EJ-125

### Information for Judgment Creditor Regarding Service

If you want to be able to ask the court to enforce the order on the judgment debtor or any third party, you must have a copy of the order personally served on the judgment debtor by a sheriff, marshal, registered process server, or the person appointed in item 3 of the order at least 10 calendar days before the date of the hearing, and have a proof of service filed with the court.

### IMPORTANT NOTICES ABOUT THE ORDER

### APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

**NOTICE TO JUDGMENT DEBTOR** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

### APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT)

**(1) NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

**(2) NOTICE TO JUDGMENT DEBTOR** The person in whose favor the judgment was entered in this action claims that the person to be examined under this order has possession or control of property that is yours or owes you a debt. This property or debt is as follows *(describe the property or debt)*:

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.

### APPEARANCE OF A THIRD PERSON (ATTACHMENT)

**NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.

### APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.

  **Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation* (form MC-410). (Civil Code, § 54.8.)

AT-138/EJ-125 [Rev. January 1, 2017]

CEB® | Essential Forms·
ceb.com | Forms·

**APPLICATION AND ORDER FOR**
**APPEARANCE AND EXAMINATION**
**(Attachment–Enforcement of Judgment)**

Page 2 of 2

**SUBP-002**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br><br>SHERYL D. NOEL #172551<br>COLEMAN & HOROWITT, LLP<br>499 West Shaw Avenue, Suite 116<br>Fresno, California 93704<br><br>TELEPHONE NO.: (559) 248-4820     FAX NO.: (559) 248-0130<br>E-MAIL ADDRESS: snoel@ch-law.com<br>ATTORNEY FOR *(Name)* SOUTHWESTERN RESEARCH, INC., a California corporation | *FOR COURT USE ONLY* |
| NAME OF COURT: Los Angeles County Superior Court<br>STREET ADDRESS: 6230 Sylmar Avenue<br>MAILING ADDRESS: same as above<br>CITY AND ZIP CODE: Van Nuys, CA 91401<br>BRANCH NAME: Unlimited Civil | |
| PLAINTIFF/PETITIONER: LOIS FRIEDMAN, et al.<br><br>DEFENDANT/RESPONDENT: JOHN MURPHY, M.D., et al. | |
| **CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION** | CASE NUMBER:<br>SC121128 |

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of witness, if known):*

DARRELL MAAG

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below UNLESS your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below.

   | | |
   |---|---|
   | a. Date: January 14, 2022    Time: 8:30 a.m.    [X] Dept.: A    [ ] Div.:    [ ] Room: | |
   | b. Address: 6230 Sylmar Avenue, Van Nuys, CA 91401 | |

2. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES,** *AND* **CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

3. **YOU ARE** *(item a or b must be checked):*
   a. [X] Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.
   b. [ ] Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. **IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:**
   a. Name of subpoenaing party or attorney: SHERYL D. NOEL    b. Telephone number: (559) 248-4820

5. **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

   **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: November 22, 2021

SHERYL D. NOEL
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)
Attorney for Judgment Creditor, SOUTHWESTERN
RESEARCH, INC., a California corporation
(TITLE)

(Declaration in support of subpoena on reverse)    Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-002 [Rev. January 1, 2012]

CEB Essential Forms

ceb.com    **CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**    Code of Civil Procedure, § 1985 et seq. www.courts.ca.gov

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS    38 of 58    9:22-BK-10023-DS

EXHIBIT A
Page 67

**SUBP-002**

| PLAINTIFF/PETITIONER: LOIS FRIEDMAN, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JOHN MURPHY, M.D., et al. | SC121128 |

The production of the documents, electronically stored information, or other things sought by the subpoena on page one is supported by *(check one)*:

☐ the attached affidavit or    ☒ the following declaration:

### DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS AT TRIAL OR HEARING
### (Code Civ. Proc., §§ 1985, 1987.5)

1. I, the undersigned, declare I am the    ☐ plaintiff    ☐ defendant    ☐ petitioner    ☐ respondent
   ☒ attorney for *(specify):*  SOUTHWESTERN RESEARCH,    ☐ other *(specify):*
   in the above-entitled action. INC., a California corporation

2. The witness has possession or control of the documents, electronically stored information, or other things listed below, and shall produce them at the time and place specified in the Civil Subpoena for Personal Appearance and Production of Records at Trial or Hearing on page one of this form *(specify the exact documents or other things to be produced; if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*

   The documents set forth in Exhibit "A."

   ☐ Continued on Attachment 2.

3. Good cause exists for the production of the documents, electronically stored information, or other things described in paragraph 2 for the following reasons:

   They will assist the judgment creditor in obtaining information to satisfy its judgment.

   ☐ Continued on Attachment 3.

4. The documents, electronically stored information, or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

   They will assist the judgment creditor in obtaining information to satisfy its judgment.

   ☐ Continued on Attachment 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  November 22, 2021

SHERYL D. NOEL
_____     ▶ _____
(TYPE OR PRINT NAME)             (SIGNATURE OF  ☐ SUBPOENAING PARTY  ☒ ATTORNEY FOR SUBPOENAING PARTY)

---

### Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the date on which you are to appear. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civil Code, § 54.8.)



*(Proof of service on page 3)*

SUBP-002 [Rev. January 1, 2012]     **CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and**     Page 2 of 3
CEB® Essential Forms™     **Production of Documents, Electronically Stored Information, and Things at**
ceb.com     **Trial or Hearing and DECLARATION**

EXHIBIT A
Page 68

SOUTHWESTERN RESEARCH, INC.                39 of 58                9:22-BK-10023-DS
PROOF OF CLAIM -- EXHIBITS

**SUBP-002**

| PLAINTIFF/PETITIONER: | LOIS FRIEDMAN, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | JOHN MURPHY, M.D., et al. | SC121128 |

## PROOF OF SERVICE OF CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION

1. I served this *Civil Subpoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and Declaration* by personally delivering a copy to the person served as follows:

   a. Person served *(name):*

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees *(check one):*
      (1) ☐ were offered or demanded
          and paid. Amount:............. $
      (2) ☐ were not demanded or paid.

   f. Fee for service: ................................ $

2. I received this subpoena for service on *(date):*

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

► _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

► _____
(SIGNATURE)

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and
Production of Documents, Electronically Stored Information, and Things at
Trial or Hearing and DECLARATION**
Page 3 of 3

CEB® | Essential Forms™
ceb.com

**EXHIBIT A**

**ITEMS TO BE PRODUCED AT JUDGMENT DEBTOR EXAM**

**SPECIALLY DEFINED TERMS**

For the purpose of this subpoena, the following definitions shall apply to each of the Requests:

A.      The terms "YOU" and "YOUR" refer to Defendant Darrell Maag and to all persons acting on his behalf.

B.      "FINANCIAL INSTITUTION" means any bank, savings and loan, credit union, brokerage house or investment firm.

C.      "MARKETABLE SECURITY" means any security regularly sold or traded in any public market, including, but not limited to the New York Stock Exchange, American Stock Exchange, NASDAQ, or any regional or foreign stock exchange.

D.      "MUTUAL FUND" means a financial investment vehicle which consists of a pool of money collected from multiple investors which is invested in MARKETABLE SECURITIES, bonds, money market instruments, and/or other assets.  Mutual funds are operated by professional money managers, who allocate the fund's assets and attempt to produce capital gains or income for the fund's investors according to investment objectives stated in a written prospectus.

E.      "BONDS" means one or more instruments of indebtedness issued to the holders of such indebtedness which provides for the payment of interest on the debt at a specified rate, or which is sold on its original issue at a discount from the stated or face value of the bond payable at maturity.   The most common types of bonds are government-issued bonds and corporate bonds.

F.      "PRECIOUS METALS" means gold, silver, platinum and palladium in their purified metallic bullion form as sold in the precious metal markets in specified weights.

G.      "ACCOUNT" with a "FINANCIAL INSTITUTION" means any type of bank account, money market account, investment account or credit card account.

H.      The terms "DOCUMENT" and "DOCUMENTS" mean and include any "writing," "original,"  or "duplicate," as defined by California Evidence Code § 250, § 255, and § 260, respectively.

1

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

Attachment to Subpoena to Darrell Maag re Judgment Debtor Examination

9:22-BK-10023-DS

EXHIBIT A
Page 70

"DOCUMENT" also includes information stored in electronic format on a computer or smart phone, or on a computer disk, diskette, tape or card, or in "cloud storage," and includes but is not limited to e-mails, text messages, spreadsheets, word processing documents, PDF files and other types of electronic or software files, as well as any electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar recording of words, images, sounds, pictures, or information of any kind. As used herein, every non-identical copy (i.e., any document initially identical in all respects to another document, which is no longer identical by virtue of attachments thereto, or by virtue of any notation or modification of any kind including, without limiting the generality of the foregoing, notes or modifications on the backs or margins of pages thereof, or on copies thereof) of a document is a separate document and is to be produced in response to these Demands for Inspection. "DOCUMENTS" includes all items which were either physically or electronically attached to, or enclosed with, a responsive "writing" (as defined in Evidence Code § 250). "DOCUMENTS" also includes all "writings" (as defined in Evidence Code § 250) for which an electronic link or url address was included in another responsive DOCUMENT, such as documents contained in cloud storage accounts for which an electronic link was provided in a responsive DOCUMENT, including items such as ShareFile documents, DropBox documents or any other documents stored or located in other cloud storage accounts. Any DOCUMENT that is responsive only in part to any description herein shall also be produced.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

Copies of all ACCOUNT statements YOU received, or which were made available to YOU on the internet, from any FINANCIAL INSTITUTION with respect to any ACCOUNT YOU maintained with such FINANCIAL INSTITUTION (either in YOUR own name, or jointly with YOUR spouse, or in the name of any Trust as to which YOU are a grantor or beneficiary) for the period from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination. This request includes all bank or investment ACCOUNT statements and any ACCOUNT statements referring to or reflecting ownership of MARKETABLE SECURITIES, MUTUAL FUNDS, BONDS, PRECIOUS METALS or

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS
Attachment to Subpoena to Darrell Maag re Judgment Debtor Examination

EXHIBIT A
9:22-BK-10023-DS
Page 71

1

2   any other assets. (<u>NOTE</u>: if YOU do not possess paper copies of the ACCOUNT statements YOU are

3   required to download and produce electronic (PDF) copies of such statements since these items are under

4   YOUR control).

5   **REQUEST NO. 2:**

6       Copies of all checks issued on the ACCOUNTS described in Request No. 1 in the amount of

7   $500.00 or more from May 1, 2021 through the date of YOUR appearance for the judgment debtor

8   examination. (<u>NOTE</u>: if YOU do not possess paper copies of the checks requested, YOU are required to

9   download and produce electronic (PDF) copies of such canceled checks since these items are under

10  YOUR control).

11  **REQUEST NO. 3:**

12      Copies of the check registers for each of the ACCOUNTS described in Request No. 1 for the

13  period from May 1, 2021 to the date of YOUR appearance for the judgment debtor examination.

14  **REQUEST NO. 4:**

15      Copies of all ACCOUNT statements received by, or made available on the internet to, any

16  business owned (in whole or in part) or operated by YOU, from any FINANCIAL INSTITUTION with

17  respect to any ACCOUNT maintained by such business with the FINANCIAL INSTITUTION for the

18  period from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

19  This request includes all bank or investment ACCOUNT statements and any ACCOUNT statements

20  referring to or reflecting ownership of MARKETABLE SECURITIES, MUTUAL FUNDS, BONDS,

21  PRECIOUS METALS or any other assets. (<u>NOTE</u>: if YOU do not possess paper copies of the

22  ACCOUNT statements YOU are required to download and produce electronic (PDF) copies of such

23  statements since these items are under YOUR control).

24  **REQUEST NO. 5:**

25      Copies of all checks issued on the ACCOUNTS described in Request No. 4 from May 1, 2021

26  through the date of YOUR appearance for the judgment debtor examination in an amount of $1,000.00 or

27  more, but excluding copies of payroll checks issued to persons other than YOU. (<u>NOTE</u>: if YOU do not

3

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

Attachment to Subpoena to Darrall Maag re Judgment Debtor Examination

45 of 58    9:22-BK-10023-DS

EXHIBIT A
Page 72

1

2   possess paper copies of the checks requested, YOU are required to download and produce electronic

3   (PDF) copies of such canceled checks since these items are under YOUR control).

4   **REQUEST NO. 6:**

5       Copies of the check registers for each of the ACCOUNTS described in Request No. 4 for the

6   period from May 1, 2021 to the date of YOUR appearance for the judgment debtor examination.

7   **REQUEST NO. 7:**

8       Complete copies of the ACCOUNT statements issued by Wells Fargo Bank N.A. for the period

9   from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination for the

10  following Wells Fargo bank accounts:

11      YOUR Savings Account ending in 5979

12      YOUR Savings Account ending in 8562

13      YOUR Checking Account ending in 9154

14      YOUR Checking Account ending in 2146

15  (NOTE:  if YOU do not possess paper copies of the ACCOUNT statements YOU are required to

16  download and produce electronic (PDF) copies of such statements since these items are under YOUR

17  control).

18  **REQUEST NO. 8:**

19      Copies of all checks issued on the ACCOUNTS described in Request No. 7 from May 1, 2021

20  through the date of YOUR appearance for the judgment debtor examination in an amount of $500.00 or

21  more.  (NOTE:  if YOU do not possess paper copies of the checks requested, YOU are required to

22  download and produce electronic (PDF) copies of such canceled checks since these items are under

23  YOUR control).

24  **REQUEST NO. 9:**

25      Copies of the check registers for each of the ACCOUNTS described in Request No. 7 for the

26  period from May 1, 2021 to the date of YOUR appearance for the judgment debtor examination.

27  **REQUEST NO. 10:**

4

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

Attachment to Subpoena to Darrell Maag re Judgment Debtor Examination

EXHIBIT A
9:22-BK-10023-DS
Page 73

All DOCUMENTS which evidence, reflect or refer to any transfer of funds out of the

ACCOUNTS described in Request No. 7 in an amount of $500.00 or more from May 1, 2021 through the

date of YOUR appearance for the judgment debtor examination.  This includes, but is not limited to, wire

transfer confirmation statements and all correspondence or email communications which occurred in

connection with each such transfer.

**REQUEST NO. 11:**

Complete copies of the ACCOUNT statements issued by Merrill Lynch for the period from May

1, 2021 through the date of YOUR appearance for examination for the following Merrill Lynch

accounts:

Merrill-Lynch Acct 8PK11247

Merrill Lynch Acct 5BA-49J19

Merrill Lynch Acct 6BA-86W98

Merrill Lynch IRA Acct 281-22278

Merrill Lynch IRA Acct 8PK-11294

(NOTE:  if YOU do not possess paper copies of the ACCOUNT statements YOU are required to

download and produce electronic (PDF) copies of such statements since these items are under YOUR

control).

**REQUEST NO. 12:**

All DOCUMENTS which evidence, reflect or refer to any transfer of funds or other assets out of

the ACCOUNTS described in Request No. 11 which occurred at any time since May 1, 2021.

**REQUEST NO. 13:**

All DOCUMENTS which evidence, reflect or refer to any transfer of funds or other assets out of

any Merrill Lynch ACCOUNTS maintained by the Darrell D. Maag and Ana K. Maag Revocable Trust

dated May 20, 2006 which occurred at any time since May 1, 2021.

**REQUEST NO. 14:**

One or more DOCUMENTS which collectively list every asset owned or held by the Darrell D.

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS                    Attachment to Subpoena to Darrell Maag re Judgment Debtor Examination 9:22-BK-10023-DS
45 of 58

EXHIBIT A
Page 74

Maag and Ana K. Maag Revocable Trust dated May 20, 2006 at any time since January 1, 2021.

**REQUEST NO. 15:**

One or more DOCUMENTS which collectively list every asset owned or held by any trust (whether revocable or irrevocable) in existence at any point since January 1, 2021 as to which YOU were the settlor or grantor (or a co-settlor or co-grantor).

**REQUEST NO. 16:**

One or more DOCUMENTS which collectively list every asset owned by YOU (either individually or jointly with YOUR spouse) at any point since January 1, 2021.

**REQUEST NO. 17:**

One or more DOCUMENTS which collectively list every asset owned by YOUR spouse which is claimed to be her separate property and which YOU claim is not community property.

**REQUEST NO. 18:**

One or more DOCUMENTS which collectively list all transfers or gifts of money, or any real or personal property having a value of $1,000.00 or more which YOU (either individually or with YOUR spouse) made to any trust (whether revocable or irrevocable) at any point from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 19:**

One or more DOCUMENTS which collectively list of all transfers or gifts of money, or any real or personal property having a value of $1,000.00 or more which YOU made to any family member at any point from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 20:**

One or more DOCUMENTS which collectively list all transfers or gifts of money, or any real or personal property having a value of $1,000.00 or more which YOU (either individually or with YOUR spouse) made to any other person or entity at any point from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 21:**

6

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

Attachment to Subpoena to Darrell Maag re Judgment Debtor Examination

9:22-BK-10023-DS

EXHIBIT A
Page 75

1

2

YOUR personal Federal and California income tax returns (with all schedules) for the year 2020.

3

[*See* Weingarten v. Superior Court 102 Cal.App.4th 268, 276-277 (2002) and Li v. Yan, 247 Cal.App.4th

4

56, 66-68 (2016) and the Court's Order dated May 17, 2021 compelling Diane Savoian CPA to produce

5

copies of YOUR tax returns.]

6

**REQUEST NO. 22:**

7

All DOCUMENTS showing YOUR financial condition, income, assets and/or net worth from

8

January 1, 2021 to the present.

9

**REQUEST NO. 23:**

10

Complete copies of the loan applications YOU submitted or caused to be submitted to the Small

11

Business Administration to obtain the PPP loans which were received by Southern California Research

12

during 2020 and 2021.  This includes copies of all DOCUMENTS which you submitted or caused to be

13

submitted in connection with the loan application concerning YOUR financial condition, income, assets

14

and/or net worth.

15

**REQUEST NO. 24:**

16

A copy of the lease or rental agreement between YOU (and/or YOUR spouse or the Darrell D.

17

Maag and Ana K. Maag Revocable Trust dated May 20, 2006) and the occupants of the real property located

18

at 5068 Benedict Court, Oak Park CA 91377.

19

**REQUEST NO. 25:**

20

One or more DOCUMENTS which collectively identify the occupants or lessees of the real

21

property located at 5068 Benedict Court, Oak Park CA 91377.

22

**REQUEST NO. 26:**

23

Copies of the three most recent checks (or other evidence of payment) that YOU received with

24

respect to the lease or rental of the real property located at 5068 Benedict Court, Oak Park CA 91377.

25

**REQUEST NO. 27:**

26

All DOCUMENTS which identify, describe, reflect or refer to any ACCOUNT with any

27

FINANCIAL INSTITUTION which was opened by YOU (either individually or with YOUR spouse or

7

on behalf of any trust [whether revocable or irrevocable]) at any time since January 1, 2021.

**REQUEST NO. 28:**

    All DOCUMENTS which constitute, reflect or refer to communications between YOU any other person or entity (other than YOUR current counsel) concerning the opening of any ACCOUNT with any FINANCIAL INSTITUTION which took place at any time between January 1, 2021 and the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 29:**

    Copies of the current motor vehicle registration and ownership certificate (commonly referred to as a "pink slip") for each motor vehicle owned by YOU or YOUR spouse.

**REQUEST NO. 30:**

    A complete list of all assets owned by YOU and/or YOUR spouse having a value of $300.00 or more.

**REQUEST NO. 31:**

    All MARKETABLE SECURITES owned by YOU or YOUR spouse which are not held in YOUR Merrill Lynch account.

**REQUEST NO. 32:**

    All DOCUMENTS which identify, describe, reflect or refer to any safe deposit box to which YOU or YOUR spouse has access.

**REQUEST NO. 33:**

    All safe deposit box keys to any safe deposit box to which YOU or YOUR spouse has access.

**REQUEST NO. 34:**

    All DOCUMENTS which constitute, reflect or refer to communications between YOU any other person or entity (other than YOUR current counsel) concerning the transfer of funds in an amount of $500.00 or more out of the Wells Fargo ACCOUNTS described in Request No. 7 or the Merrill Lynch accounts described in Request No. 11 which occurred at any time from May 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

8

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS
Attachment to Subpoena to Darrell Maag re Judgment Debtor Examination
EXHIBIT A
Page 77
9:22-BK-10023-DS

**REQUEST NO. 35:**

All DOCUMENTS which constitute, reflect or refer to communications between YOU any other person or entity (other than YOUR current counsel) concerning YOUR transfer of any personal assets, community property assets or trust assets having a value of $500.00 or more to any other person or entity which transfer occurred at any time from May 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 36:**

All DOCUMENTS which constitute, reflect or refer to communications between YOU any other person or entity (other than YOUR current counsel) concerning the judgment entered against YOU in this case. This includes, but is not limited to, all communications between YOU and any employees of Southern California Research, LLC and all communications between YOU and any other defendant or former defendant in this lawsuit.

9

# Exhibit 6

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

50 of 58

9:22-BK-10023-DS

EXHIBIT A
Page 79

**This page is part of your document - DO NOT DISCARD**



# 20211804889



**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**12/06/21 AT 01:59PM**

| | |
|---|---:|
| FEES: | 39.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 114.00 |



**L E A D S H E E T**



**202112062890034**

**00021556089**



**012913302**

**SEQ:
01**

**DAR - Mail (Intake)**



**THIS FORM IS NOT TO BE DUPLICATED**



E492680

RECORDING REQUESTED BY:

Coleman & Horowitt, LLP

WHEN RECORDED MAIL TO:

Sheryl D. Noel, Esq.
499 W. Shaw Avenue, Suite 116
Fresno          CA        93704

**21556089**

**Batch Number: 12913302**

SPACE DIRECTLY ABOVE RESERVED FOR RECORDER'S USE

## ABSTRACT OF JUDGMENT - CIVIL AND SMALL CLAIMS

EJ-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*

After recording, return to:

SHERYL D. NOEL #172551
COLEMAN & HOROWITT, LLP
499 West Shaw Avenue, Suite 116
Fresno, California 93704
TEL NO.: (559) 248-4820     FAX NO. *(optional):* (559) 248-0130
E-MAIL ADDRESS *(Optional):* snoel@ch-law.com

[X] ATTORNEY FOR    [X] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS:  6230 Sylmar Avenue
MAILING ADDRESS:  same as above
CITY AND ZIP CODE:  Van Nuys, CA 91401
BRANCH NAME:  Unlimited Civil

FOR RECORDER'S USE ONLY

PLAINTIFF:  LOIS FRIEDMAN, et al.

DEFENDANT:  JOHN MURPHY, M.D., et al.

CASE NUMBER:  SC121128

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**    [ ] Amended

FOR COURT USE ONLY

1. The  [X] judgment creditor  [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
       Name and last known address

       ⌐ DARRELL MAAG
          5550 Partridge Court
          Westlake Village, CA 91362 ⌐

   b. Driver's license no. [last 4 digits] and state:  0029 California    [ ] Unknown
   c. Social security no. [last 4 digits]:  6971    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*
       DARRELL MAAG, an individual
       5550 Partridge Court, Westlake Village, CA 91362

2. [X] Information on additional judgment debtors is    4. [ ] Information on additional judgment creditors is
   shown on page 2.                                          shown on page 2.

3. Judgment creditor *(name and address):*    5. [ ] Original abstract recorded in this county:
   Southwestern Research, Inc., a California corporation
   c/o Donald L. Cornwell, Esq, 11766 Wilshire Blvd., Ste. 700,       a. Date:
   Los Angeles, CA 90025; c/o Sheryl D. Noel, Esq,                    b. Instrument No.:
   499 W. Shaw Ave., Suite 116, Fresno, CA 93794

Date:  ~~October~~ Nov 1, 2021

SHERYL D. NOEL

(TYPE OR PRINT NAME)

▶ _(SIGNATURE OF APPLICANT OR ATTORNEY)_

6. Total amount of judgment as entered or last renewed:    10. [ ] An [ ] execution lien [ ] attachment lien
   $ Darrell Maag ($21,277,580.14); Southern California ($11,123,451.22)        is endorsed on the judgment as follows:
   John Murphy ($21,546,624.07) MURPHY FILED BK AND WILL NOT EXECUTE JUDGMENT    a. Amount: $
7. All judgment creditors and debtors are listed on this abstract.
                                                                                 b. In favor of *(name and address):*
8. a. Judgment entered on *(date):*  October 20, 2021
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until
           *(date):*

[SEAL]

12. a. [X] I certify that this is a true and correct abstract of
           the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

This abstract issued on *(date):*

11/01/2021

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by        E. Montagna        , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

53 of 58

9:22-BK-10023-DS

EXHIBIT A
Page 82

| PLAINTIFF:  LOIS FRIEDMAN, et al. | COURT CASE NO: |
|---|---|
| DEFENDANT:  JOHN MURPHY, M.D., et al. | SC121128 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.  Name and last known address

SOUTHERN CALIFORNIA RESEARCH LLC
436 N. Roxbury Drive, Suite 222 (also Suite 205)
Beverly Hills, CA 90210

Driver's license no. [last 4 digits] and state:
☒ Unknown

Social security no. [last 4 digits]: ☒ Unknown

Summons was personally served at or mailed to *(address):*
SOUTHERN CALIFORNIA RESEARCH LLC
435 N. Bedford Drive, Suite 216
Beverly Hills, CA 90210

17.  Name and last known address

JOHN MURPHY, M.D.
1300 SE Macarthur Boulevard
Stuart, FL 34996
**FILED BK AND WILL NOT EXECUTE JUDGMENT**

Driver's license no. [last 4 digits] and state:
2500 Florida ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown
5107

Summons was personally served at or mailed to *(address):*
JOHN MURPHY, M.D., an individual
435 N. Bedford Drive, Suite 216
Beverly Hills, CA 90210

18.  Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.  Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev July 1, 2014]

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 2 of 2

CEB® | Essential
ceb.com | EForms

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

54 of 58

EXHIBIT A
Page 83
9:22-BK-10023-DS

# Exhibit 7

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

55 of 58

9:22-BK-10023-DS

EXHIBIT A
Page 84

| ATTORNEY (Name and Address): | SBN: | FOR COURT USE ONLY |
|---|---|---|
| **Sheryl D Noel**<br>**Coleman & Horowitt LLP**<br>**499 West Shaw  Ste 116**<br>**Fresno, CA 93704**<br><br>EMAIL:<br><br>ATTORNEY FOR: **Southwestern Research, Inc. a California Corporation** | | |

| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY: |
|---|
| **Los Angeles Superior Court**<br>**6230 Sylmar Ave**<br>**Van Nuys, CA 91401** |

| PLAINTIFF:<br>Lois Friedman, et al.<br><br>DEFENDANT:<br>**John Murphy, M.D. et al** | COURT CASE NO:<br><br>**SC121128** |
|---|---|
| **Proof of Service** | LEVYING OFFICER FILE NO:<br>**2021004295** |

1.  At the time of the service I was at least 18 years of age and not a party to this action.

2.  I served copies of the:

    f.  other *(specify documents):*
        **Attachments, Subpoena Duces Tecum**

3.  a. Party Served *(specify name of party as shown on documents served):*

    **Darrell Maag**

4.  Address where party was served:  **5550 Partridge Court**
    **Westlake Village, CA 91362**

5.  I served the party:

    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: 12/21/2021 at:  2:20 PM.

7.  **Person who served the papers:**

    a. Name: **S. Green, Sr. Deputy**

    b. Address: **Sheriff's Office, Civil Division, 800 South Victoria Ave, HOJ Room 101, Ventura, CA 93009**

    c. Telephone number: **Phone:(805) 654-2391**

    d. **The fee** for service was: **$40.00**

9.  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

**Date:**  Wednesday, December 22, 2021          **by:**

Hearing: **01/14/2022   8:30 AM in Dept/Div: A**

Sheriff's Authorized Agent
Bill Ayub

Judicial Council Form POS-010                    **Original**
(c) CountySuite Sheriff, Teleosoft, Inc.

# Exhibit 8

SOUTHWESTERN RESEARCH, INC.
PROOF OF CLAIM – EXHIBITS

57 of 58

9:22-BK-10023-DS

EXHIBIT A
Page 86

In addition to its other claims, Southwestern Research, Inc. asserts a constructive trust and an equitable lien on Darrell Maag's real property at 5550 Partridge Court, Westlake Village, CA 91362. See Exhibit 2, p. 8, ll. 9-14, p. 11, ll. 4-6:

> "Plaintiff Friedman and SRI presented clear and convincing evidence that Dr. Murphy and Mr. Maag each knowingly used a substantial amount of funds which they had unlawfully converted from SRI in order to purchase real property for themselves and their spouses or related business entities and, by virtue thereof, SRI has a constructive trust or equitable lien upon such real property purchased by Defendants Murphy and Maag as follows … the Court finds that SRI has a constructive trust or equitable lien upon the 5550 Partridge Court, Westlake Village property, effective as of May 10, 2011, in an amount equal to, or representing, fifty percent (50%) of the ownership equity in the property."

# EXHIBIT B

CRAIG G. MARGULIES (SBN 185925)
*Craig@MarguliesFaithLaw.com*
MONSI MORALES (SBN 235520)
*Monsi@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile:   (818) 705-3777
Counsel for Darrell Derrick Maag

DANIEL J. WEINTRAUB (SBN 132111)
Dan@wsrlaw.net
JAMES R. SELTH (SBN 123420)
Jim@wsrlaw.net
**WEINTRAUB & SELTH, APC**
11766 Wilshire Blvd., Suite 450
Los Angeles, CA 90025
Telephone: (310) 207-1494
Facsimile: (310) 442-0660
Counsel for Plaintiffs Southern California Research, LLC

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>SOUTHERN CALIFORNIA RESEARCH, LLC,<br><br>           Debtor. | Lead Case No.: 9:22-bk-10022-DS<br><br>Chapter 11<br><br>Jointly Administered with |
| In re<br><br>DARRELL DERRICK MAAG,<br><br>           Debtors | Case No: 9:22-bk-10023-DS |
| SOUTHERN CALIFORNIA RESEARCH, LLC and DARRELL DERRICK MAAG,<br><br>           Plaintiffs,<br><br>v.<br><br>SOUTHWESTERN RESEARCH, INC.,<br><br>           Defendant. | Adv. No.: 9:22-ap-01012-DS<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1) **AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547;**<br>2) **RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §550;**<br>3) **PRESERVATION OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 551; and**<br>4) **DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT PURSUANT TO 11 U.S.C. § 502(d)** |

**TO THE HONORABLE J. DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY
JUDGE:**

Plaintiffs Southern California Research, LLC ("SCR") and Darrell Maag ("Maag" and
together with SCR, "Plaintiffs") bring this "Complaint for: (1) Avoidance of Preferential
Transfers pursuant to 11 U.S.C. §547; (2) Recovery of Preferential Transfers Pursuant to
11 U.S.C. § 550; (3) Preservation of Avoided Transfers Pursuant to 11 U.S.C. § 551; and
(4) Disallowance of any Claims held by Defendant pursuant to 11 U.S.C. §502(d)" (the
"Complaint") against defendant Southwestern Research, Inc. ("SRI" or "Defendant"), and
allege as follows:

## **STATEMENT OF JURISDICTION AND VENUE**

1.      On January 12, 2022 ("Petition Date"), a separate voluntary petition for relief
under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") was filed by
each Plaintiff in the United States Bankruptcy Court for the Central District of California,
Northern Division ("Court"), commencing the chapter 11 cases titled *In re Darrell Derrick
Maag*, Case Number 9:22-bk-10023-DS (the "Maag Bankruptcy Case"), and *In re
Southern California Research, LLC*, Case Number 9:21-bk-10022-DS (the "SCR
Bankruptcy Case" and together with the Maag Bankruptcy Case, the "Bankruptcy Cases").

2.      On January 19, 2022, the Court entered an order providing for the joint
administration of the Bankruptcy Cases.

3.      This Court has jurisdiction over this adversary proceeding and its subject
matter pursuant to 28 U.S.C. § 1334(b) in that this proceeding arises in, and relates to,
the Bankruptcy Cases.

4.      This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B), (C),
(F) and (O). Plaintiffs consent to entry of final judgment and orders by the Bankruptcy
Court.

5.      Venue is proper in this Court under 28 U.S.C. § 1409(a).

///

///

**PARTIES**

6.      Plaintiff SCR is the chapter 11 debtor and debtor-in-possession in the SCR Bankruptcy Case.  SCR is a California limited liability company whose principal place of business is in Thousand Oaks, California, in Ventura County.

7.      Plaintiff Darrell Derrick Maag is the chapter 11 debtor and debtor-in-possession in the Maag Bankruptcy Case and, at all times relevant hereto, was and is an individual residing in the State of California.

8.      Plaintiffs are informed and believe that Defendant Southwestern Research, Inc. ("SRI") is a California corporation headquartered in Hayward, California, and is subject to the jurisdiction of this Court.

**GENERAL ALLEGATIONS**

9.      On or about August 6, 2013, Defendant, Lois Friedman, Trustee of the Dennis Munjack Inter Vivos Trust ("Friedman"), and Jared Stein ("Stein") filed a complaint against SCR and Maag, among others, in the Superior Court of California (the "State Court"), asserting shareholder derivative claims on behalf of SRI and commencing the action titled <u>Friedman v. Murphy, et al</u>, Case No. SC121128 (the "SRI Action").

10.     On or about June 14, 2019, Defendant Friedman and Stein filed the Fifth Amended Complaint in the SRI Action.

11.     On October 20, 2021, a default judgment was entered in the SRI Action in favor of Defendant and against the Plaintiffs in the approximate amounts of $21.3 million against Maag and $11.1 million against SCR (the "Default Judgment").

12.     Plaintiffs are informed and believe that, on or about October 25, 2021, Defendant filed a Notice of Judgment Lien (the "Maag Judgment Lien") with the State of California Office of the Secretary of State, as File No. U210096510724, listing "Darrell Maag" as the judgment debtor.  A copy of the Maag Judgment Lien is attached as **Exhibit 1** and incorporated herein by this reference.

13.     Plaintiffs are informed and believe that, on or about October 25, 2021, Defendant filed a Notice of Judgment Lien (the "SCR Judgment Lien") with the State of

1  California Office of the Secretary of State, as File No. U210096514025, listing "SCR" as

2  the judgment debtor.  A copy of the SCR Judgment Lien is attached as **Exhibit 2** and

3  incorporated herein by this reference.

4      14.    On November 1, 2021, the State Court issued an abstract of judgment – civil

5  and small claims in the SRI Action in favor of Defendant and against the Plaintiffs (the

6  "Abstract of Judgment").  A copy of the Abstract of Judgment is attached as **Exhibit 3** and

7  incorporated herein by this reference.  The judgment debtors named in the Abstract of

8  Judgment are "Darrell Maag," "Southern California Research, LLC" and "John Murphy,

9  M.D."

10     15.    Plaintiffs are informed and believe that, on or about November 29, 2021,

11  Defendant recorded the Abstract of Judgment in the Ventura County Clerk-Recorder as

12  Abstract No. 2021001978181 (the "Ventura County Recorded Abstract"). A copy of the

13  Ventura County Recorded Abstract is attached as **Exhibit 4** and incorporated herein by

14  this reference.

15     16.    Plaintiffs are informed and believe that, on or about December 6, 2021,

16  Defendant recorded the Abstract of Judgment in the Los Angeles County Recorder's

17  Office as Abstract No. 20211804889 (the "Los Angeles County Recorded Abstract"). A

18  copy of the Los Angeles County Recorded Abstract is attached as **Exhibit 5** and

19  incorporated herein by this reference.

20     17.    Plaintiffs are informed and believe that, pursuant to a Writ of Execution

21  issued on or about October 29, 2021, Defendant caused the Fresno County Sheriff's Office

22  to levy multiple deposit accounts belonging to the Plaintiffs for the benefit of the Defendant

23  (the "Levies").

24     18.    Plaintiffs are informed and believe that, by the Levies, funds from the bank

25  accounts belonging to Plaintiff SCR and Plaintiff Maag were levied in amounts not less

26  than $15,225.32 and $16,324.52, respectively, in the ninety (90) days prior to the Petition

27  Date.

28     19.    Plaintiffs are informed and believe that, by the Levies, Defendant received

1  funds from the bank accounts belonging to Plaintiff SCR (the "SCR Levies") and Plaintiff

2  Maag (the "Maag Levies") in amounts not less than $15,088.32 and $336.66,

3  respectively, in the ninety (90) days prior to the Petition Date.

4       20.  Plaintiffs are informed and believe that, on or about November 22, 2021, the

5  State Court issued an Order directing Plaintiff Maag to appear for a judgment debtor

6  examination on January 14, 2022 (the "Maag Judgment Exam Order"). The Maag

7  Judgment Exam Order is attached as **Exhibit 6** and incorporated herein by this reference.

8       21.  Plaintiffs are informed and believe that, on or about November 29, 2021, the

9  State Court issued an Order directing Plaintiff Maag, as Chief Executive Officer of Plaintiff

10  SCR, to appear for a judgment debtor examination on January 14, 2022 (the "SCR

11  Judgment Exam Order").  The SCR Judgment Exam Order is attached as **Exhibit 7** and

12  incorporated herein by this reference

13       22.  Plaintiffs are informed and believe that the Maag Judgment Exam Order was

14  served on or about December 21, 2021.

15       23.  Plaintiffs are informed and believe that the SCR Judgment Exam Order was

16  served on or about December 21, 2021.

17  **<u>FIRST CLAIM FOR RELIEF</u>**

18  **(AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. § 547(b))**

19  **Plaintiff Maag against Defendant**

20       24.  Plaintiffs reallege and incorporate each and every allegation contained in the

21  prior paragraphs of this Complaint as if fully set forth herein.

22       25.  Prior to bringing this Complaint, Plaintiff Maag performed reasonable due

23  diligence in the circumstances of his Bankruptcy Case with respect to the facts alleged

24  herein and took into account any known or reasonably knowable potential affirmative

25  defenses of Defendant under 11 U.S.C. § 547(c).

26       26.  Within the ninety (90) days prior to the Petition Date, a transfer of property

27  of Plaintiff Maag was made when the Defendant purported to perfect the Maag Judgment

28  Lien in favor of itself and against Plaintiff Maag by recording the Abstract of Judgment.

1      27.     Within the ninety (90) days prior to the Petition Date, a transfer of property

2  of Plaintiff Maag was made when the Maag Levies occurred.

3      28.     Within the ninety (90) days prior to the Petition Date, a transfer of property

4  of Plaintiff Maag was made when the Defendant purported to perfect a lien in favor of itself

5  and against Plaintiff Maag by serving the Maag Judgment Exam Order.

6      29.     The transfers of property caused by the Abstract of Judgment, the Maag

7  Levies and the Maag Judgment Exam Order are referred to herein as the "Maag

8  Transfers."

9      30.     The Maag Transfers were transfers of a property interest of Plaintiff Maag.

10      31.     The Maag Transfers were made to or for the benefit of Defendant at a time

11  in which Defendant was an alleged creditor of Plaintiff Maag, as the term "creditor" is

12  defined by 11 U.S.C. § 101(10).

13      32.     The Maag Transfers were made for or on account of an antecedent debt

14  purportedly owed by Plaintiff Maag to Defendant before such Maag Transfers were made.

15      33.     The Maag Transfers were made while the Plaintiff Maag was insolvent.

16      34.     The Maag Transfers enabled Defendant to receive more than Defendant

17  would otherwise have received if (a) the Maag Bankruptcy Case was a case under chapter

18  7 of the Bankruptcy Code; (b) the Maag Transfers had not been made; and (c) Defendant

19  received payment of such debt to the extent provided by the provisions of the Bankruptcy

20  Code.

21      35.     Pursuant to 11 U.S.C. §547(b), Plaintiff Maag is entitled to avoid the Maag

22  Transfers to Defendant.

23                  **<u>SECOND CLAIM FOR RELIEF</u>**

24      **(AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. § 547(b))**

25              **Plaintiff SCR against Defendant**

26      36.     Plaintiffs reallege and incorporate each and every allegation contained in the

27  prior paragraphs of this Complaint as if fully set forth herein.

28      37.     Prior to bringing this Complaint, Plaintiff SCR performed reasonable due

1    diligence in the circumstances of his Bankruptcy Case with respect to the facts alleged

2    herein and took into account any known or reasonably knowable potential affirmative

3    defenses of Defendant under 11 U.S.C. § 547(c).

4         38.     Within the ninety (90) days prior to the Petition Date, a transfer of property

5    of Plaintiff SCR was made when the Defendant purported to perfect a judgment lien in

6    favor of itself and against Plaintiff SCR by filing the SCR Judgment Lien with the State of

7    California Office of the Secretary of State.

8         39.     Within the ninety (90) days prior to the Petition Date, a transfer of property

9    of Plaintiff SCR was made when the SCR Levies occurred.

10        40.     Within the ninety (90) days prior to the Petition Date, a transfer of property

11   of Plaintiff SCR was made when the Defendant purported to perfect a lien in favor of itself

12   and against Plaintiff SCR by serving the SCR Judgment Exam Order.

13        41.     The transfers of property caused by the SCR Judgment Lien, the SCR

14   Levies and the SCR Judgment Exam Order are referred to herein as the "SCR Transfers."

15        42.     The SCR Transfers were transfers of a property interest of Plaintiff SCR.

16        43.     The SCR Transfers were made to or for the benefit of Defendant, at a time

17   in which Defendant was an alleged creditor of Plaintiff SCR, as the term "creditor" is

18   defined by 11 U.S.C. § 101(10).

19        44.     The SCR Transfers were made for or on account of an antecedent debt

20   purportedly owed by Plaintiff SCR to Defendant before such SCR Transfers were made.

21        45.     The SCR Transfers were made while the Plaintiff SCR was insolvent.

22        46.     The SCR Transfers enabled Defendant to receive more than Defendant

23   would otherwise have received if (a) the SCR Bankruptcy Case was a case under chapter

24   7 of the Bankruptcy Code; (b) the SCR Transfers had not been made; and (c) Defendant

25   received payment of such debt to the extent provided by the provisions of the Bankruptcy

26   Code.

27        47.     Pursuant to 11 U.S.C. §547(b), Plaintiff SCR is entitled to avoid the SCR

28   Transfers to Defendant.

1 | **THIRD CLAIM FOR RELIEF**

2 | **(TO RECOVER AVOIDED TRANSFERS - 11 U.S.C. § 550(a))**

3 | **Against Defendant**

4 |     48.    Plaintiffs reallege and incorporate each and every allegation contained in

5 | the prior paragraphs of this Complaint as if fully set forth herein.

6 |     49.    Plaintiffs are informed and believe that the Defendant was the initial

7 | transferee of the Maag Transfers and the SCR Transfers (together, the "Transfers") for

8 | whose benefit the Transfers were made.

9 |     50.    Pursuant to 11 U.S.C. § 550(a), Plaintiffs are entitled to recover the

10 | property transferred by the Transfers, or its value, from the Defendant and any

11 | subsequent transferee.

12 | **FOURTH CLAIM FOR RELIEF**

13 | **(TO PRESERVE AVOIDED TRANSFERS - 11 U.S.C. §551)**

14 | **Against Defendant**

15 |     51.    Plaintiffs reallege and incorporate each and every allegation contained in

16 | the prior paragraphs of this Complaint as if fully set forth herein.

17 |     52.    Plaintiffs are informed and believe that the Defendant was the initial

18 | transferee of the Transfers for whose benefit the Transfers were made.

19 |     53.    Plaintiffs are informed and believe that the property transferred by the

20 | Transfers is property of either the Maag or the SCR bankruptcy estate (the "Estates").

21 |     54.    Pursuant to 11 U.S.C. §551, Plaintiffs are entitled to preserve the avoided

22 | Transfers for the benefit of the Estates.

23 | **FIFTH CLAIM FOR RELIEF**

24 | **(TO DISALLOW CLAIMS - 11 U.S.C. § 502(d))**

25 | **Against Defendant**

26 |     55.    Plaintiffs reallege and incorporate each and every allegation contained in the

27 | prior paragraphs of this Complaint as if fully set forth herein.

28 |     56.    The Defendant is the transferee of a transfer that is avoidable under 11

U.S.C. § 547.

57.    Defendant is an entity from whom property is recoverable under 11 U.S.C. § 550.

Pursuant to 11 U.S.C. § 502(d), any and all claims of the Defendant against the Estates or the Plaintiffs (the "SRI Claims") must be disallowed in their entirety.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs pray for judgment as follows:

<u>**On The First, Second, Third and Fourth Claims for Relief**</u>

1.    For avoidance of the Transfers.

2.    For judgment against Defendant for the recovery of the property or the value of property transferred by the Transfers, plus interest as allowed by law, in an amount to be proven at trial.

3.    For preservation of the Transfers for the benefit of the Estates.

4.    For attorneys' fees and costs of suit incurred herein, as allowed by law.

5.    For such other and further relief as the Court deems just and proper.

<u>**On The Fifth Claim for Relief**</u>

1.    For disallowance of any SRI Claims pursuant to 11 U.S.C. § 502(d).

2.    For attorneys' fees and costs of suit incurred herein, as allowed by law.

3.    For such other and further relief as the Court deems just and proper.

DATED:  March 29, 2022                    **MARGULIES FAITH LLP**

By:___*/s/ Craig G. Margulies*
Craig G. Margulies
Monsi Morales
Proposed Counsel for Plaintiffs

# Exhibit 1

B0441-6035 10/25/2021 8:53 AM Received by California Secretary of State

U210096510724

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**NOTICE OF JUDGMENT LIEN (JL 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U210096510724 |
| Date Filed: 10/25/2021 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | Sheryl D. Noel |
| Organization Name | COLEMAN & HOROWITT, LLP |
| Phone Number | (559) 248-4820 |
| Email Address | snoel@ch-law.com |
| Address | 499 W SHAW AVENUE, STE. 116, FRESNO, CA 93704 |
| | Apo (Us) |

Judgment Debtor Information:

| Judgment Debtor Name | Mailing Address |
| --- | --- |
| DARRELL MAAG | 5550 Partridge Court<br>Westlake Village, CA 91362 |

Judgment Creditor Information:

| Judgment Creditor Name | Mailing Address |
| --- | --- |
| SOUTHWESTERN RESEARCH, INC., a California corporation | 4221 WILSHIRE BLVD., SUITE 430<br>LOS ANGELES, CA 90010 |

Judgment Information:

| | |
| --- | --- |
| A. Name of Court Where Judgment Was Entered | LOS ANGELES COUNTY SUPERIOR COURT |
| B. Title of the Action | LOIS FRIEDMAN v. JOHN MURPHY, ET AL. |
| C. Case Number | SC121128 |
| D. Date Judgment Was Entered | 10/20/2021 |

| E. Date(s) of Subsequent Renewal of Judgment (if any) |
| :---: |
| None Entered |

| | |
| --- | --- |
| F. Date of This Notice | 10/25/2021 |
| G. Amount Required to Satisfy Judgment at This Date of Notice | $21,277,580.14 |

All property subject to enforcement of a Money Judgment against the Judgment Debtor to which a Judgment Lien on personal property may attach under Section 697.530 of the Code of Civil Procedure is subject to this Judgment Lien.

Declaration and Signature:

Declaration:    I am the Attorney of Record for the Judgment Creditor.

☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
| --- | --- |
| *Sheryl D. Noel* | *10/25/2021* |
| Sign Here | Date |

EXHIBIT B
Page 98

Page 1 of 1

# Exhibit 2





# STATE OF CALIFORNIA
*Office of the Secretary of State*
## NOTICE OF JUDGMENT LIEN (JL 1)
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

<table>
<tr><td colspan="2">For Office Use Only<br><br>**-FILED-**<br><br>File #: U210096514025<br><br>Date Filed: 10/25/2021</td></tr>
</table>

**Submitter Information:**

| | |
|---|---|
| Contact Name | Sheryl D. Noel |
| Organization Name | COLEMAN & HOROWITT, LLP |
| Phone Number | (559) 248-4820 |
| Email Address | snoel@ch-law.com |
| Address | 499 W SHAW AVENUE, SUITE 116, FRESNO, CA 93704<br>Apo (Us) |

**Judgment Debtor Information:**

| Judgment Debtor Name | Mailing Address |
|---|---|
| SOUTHERN CALIFORNIA RESEARCH LLC, a California limited liability company | 436 N. Roxbury Drive, Suite 222 (also Suite 205)<br>Beverly Hills, CA 90210 |

**Judgment Creditor Information:**

| Judgment Creditor Name | Mailing Address |
|---|---|
| SOUTHWESTERN RESEARCH, INC., a California corporation | 4221 WILSHIRE BLVD., SUITE 430<br>LOS ANGELES, CA 90010 |

**Judgment Information:**

| | |
|---|---|
| A. Name of Court Where Judgment Was Entered | LOS ANGELES COUNTY SUPERIOR COURT |
| B. Title of the Action | LOIS FRIEDMAN v. JOHN MURPHY, M.D., et al. |
| C. Case Number | SC121128 |
| D. Date Judgment Was Entered | 10/20/2021 |

| E. Date(s) of Subsequent Renewal of Judgment (if any) |
|---|
| None Entered |

| | |
|---|---|
| F. Date of This Notice | 10/25/2021 |
| G. Amount Required to Satisfy Judgment at This Date of Notice | $11,123,451.22 |

All property subject to enforcement of a Money Judgment against the Judgment Debtor to which a Judgment Lien on personal property may attach under Section 697.530 of the Code of Civil Procedure is subject to this Judgment Lien.

**Declaration and Signature:**

Declaration:    I am the Attorney of Record for the Judgment Creditor.

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| *SHERYL D. NOEL* | *10/25/2021* |
|---|---|
| Sign Here | Date |

U21009651402S

B0441-6058 10/25/2021 9:03 AM Received by California Secretary of State

# Exhibit 3

EJ-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number)*: | |

After recording, return to:
SHERYL D. NOEL #172551
COLEMAN & HOROWITT, LLP
499 West Shaw Avenue, Suite 116
Fresno, California 93704
TEL NO: (559) 248-4820   FAX NO. *(optional)*: (559) 248-0130
E-MAIL ADDRESS *(Optional)*: snoel@ch-law.com

[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Unlimited Civil

FOR RECORDER'S USE ONLY

PLAINTIFF: LOIS FRIEDMAN, et al.
DEFENDANT: JOHN MURPHY, M.D., et al.

CASE NUMBER:
SC121128

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**   [ ] Amended

FOR COURT USE ONLY

1. The [X] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ┌─────────────────────────────────────
   │ DARRELL MAAG
   │ 5550 Partridge Court      Lien notice mailed to debtor at
   │ Westlake Village, CA 91362   address shown Govt Code 27297.5
   │
   └─────────────────────────────────────

   b. Driver's license no. [last 4 digits] and state: 0029 California   [ ] Unknown
   c. Social security no. [last 4 digits]: 6971   [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address)*:
      DARRELL MAAG, an individual
      5550 Partridge Court, Westlake Village, CA 91362

2. [X] Information on additional judgment debtors is
   shown on page 2.

3. Judgment creditor *(name and address)*:
   Southwestern Research, Inc., a California corporation
   c/o Donald L. Cornwell, Esq, 11766 Wilshire Blvd., Ste. 700,
   Los Angeles, CA 90025; c/o Sheryl D. Noel, Esq,
   499 W. Shaw Ave., Suite 116; Fresno, CA 93794

Date: October / Nov 1, 2021

SHERYL D. NOEL
(TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is
   shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

▶ _(SIGNATURE OF APPLICANT OR ATTORNEY)_

6. Total amount of judgment as entered or last renewed:
   $ Darrell Maag ($21,277,580.14); Southern California ($11,123,451.22)
   John Murphy ($21,546,624.07) **MURPHY FILED BK AND WILL NOT EXECUTE JUDGMENT**
7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date)*: October 20, 2021
   b. Renewal entered on *(date)*:

9. [ ] This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date)*:

11/01/2021

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address)*:

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until
       *(date)*:

12. a. [X] I certify that this is a true and correct abstract of
       the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by   E. Montagna   , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

EXHIBIT B
Page 102

| PLAINTIFF: LOIS FRIEDMAN, et al. | COURT CASE NO: SC121128 |
|---|---|
| DEFENDANT: JOHN MURPHY, M.D., et al. | |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.    Lien notice mailed to debtor at address shown Govt Code 27297.5

Lien notice mailed to debtor at address shown Govt Code 27297.5

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.    Name and last known address

17.    Name and last known address

⌐ SOUTHERN CALIFORNIA RESEARCH LLC
436 N. Roxbury Drive, Suite 222 (also Suite 205)
Beverly Hills, CA 90210 ⌐

⌐ JOHN MURPHY, M.D.
1300 SE Macarthur Boulevard
Stuart, FL 34996
**FILED BK AND WILL NOT EXECUTE JUDGMENT** ⌐

Driver's license no. [last 4 digits] and state:    ☒ Unknown

Social security no. [last 4 digits]:    ☒ Unknown

Summons was personally served at or mailed to *(address)*:
SOUTHERN CALIFORNIA RESEARCH LLC
435 N. Bedford Drive, Suite 216
Beverly Hills, CA 90210

Driver's license no. [last 4 digits] and state:
2500 Florida    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown
5107

Summons was personally served at or mailed to *(address)*:
JOHN MURPHY, M.D., an individual
435 N. Bedford Drive, Suite 216
Beverly Hills, CA 90210

18.    Name and last known address

19.    Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev July 1, 2014]
CEB | Essential
ceb.com | Forms

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 2 of 2

EXHIBIT B
Page 103

# Exhibit 4

RECORDING REQUESTED BY:

Coleman & Horowitt, LLP

WHEN RECORDED MAIL TO:

Sheryl D. Noel, Esq.

499 W. Shaw Avenue, Suite 116

Fresno                 CA        93704

**2021001978181**

Recorded in Official Records
Ventura County Clerk-Recorder
Mark A. Lunn

11/29/2021          Titles: 1  Pages: 3
04:04 PM
VEN                     Fees: $150.00
ESPEJEV

SPACE DIRECTLY ABOVE RESERVED FOR RECORDER'S USE

## ABSTRACT OF JUDGMENT - CIVIL AND SMALL CLAIMS

LIEN NOTICE MAILED

**EJ-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, and State Bar number): | FOR COURT USE ONLY |
|---|---|

After recording, return to:
SHERYL D. NOEL #172551
COLEMAN & HOROWITT, LLP
499 West Shaw Avenue, Suite 116
Fresno, California 93704

TEL NO: (559) 248-4820    FAX NO. (optional): (559) 248-0130

E-MAIL ADDRESS (Optional): snoel@ch-law.com

[X] ATTORNEY FOR    [X] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Unlimited Civil

PLAINTIFF: LOIS FRIEDMAN, et al.
DEFENDANT: JOHN MURPHY, M.D., et al.

| ABSTRACT OF JUDGMENT - CIVIL AND SMALL CLAIMS    [ ] Amended | FOR RECORDER'S USE ONLY |
|---|---|

CASE NUMBER: SC121128

FOR COURT USE ONLY

1. The [X] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      ┌─────────────────────────────────
      │ DARRELL MAAG
      │ 5550 Partridge Court          Lien notice mailed to debtor at
      │ Westlake Village, CA 91362    address shown Govt Code 27297.5
   b. Driver's license no. [last 4 digits] and state: 0029 California    [ ] Unknown
   c. Social security no. [last 4 digits]: 6971    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
      DARRELL MAAG, an individual
      5550 Partridge Court, Westlake Village, CA 91362

2. [X] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor (name and address):
   Southwestern Research, Inc., a California corporation
   c/o Donald L. Cornwell, Esq, 11766 Wilshire Blvd., Ste. 700,
   Los Angeles, CA 90025; c/o Sheryl D. Noel, Esq,
   499 W. Shaw Ave., Suite 116, Fresno, CA 93794

   Date: October 1, 2021

   SHERYL D. NOEL
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ► (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ Darrell Maag ($21,277,580.14); Southern California ($11,123,451.22)
   John Murphy ($21,546,624.07) MURPHY FILED BK AND WILL NOT EXECUTE JUDGMENT

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on (date): October 20, 2021
   b. Renewal entered on (date):

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]

This abstract issued on (date):
11/01/2021

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by    E. Montagna    , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| PLAINTIFF: LOIS FRIEDMAN, et al. | COURT CASE NO: |
|---|---|
| DEFENDANT: JOHN MURPHY, M.D., et al. | SC121128 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:

14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.    Lien notice mailed to debtor at address shown Govt Code 27297.5

Lien notice mailed to debtor at address shown Govt Code 27297.5

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.    Name and last known address

SOUTHERN CALIFORNIA RESEARCH LLC
436 N. Roxbury Drive, Suite 222 (also Suite 205)
Beverly Hills, CA 90210

Driver's license no. [last 4 digits] and state:    ☒ Unknown

Social security no. [last 4 digits]:    ☒ Unknown

Summons was personally served at or mailed to *(address)*:
SOUTHERN CALIFORNIA RESEARCH LLC
435 N. Bedford Drive, Suite 216
Beverly Hills, CA 90210

17.    Name and last known address

JOHN MURPHY, M.D.
1300 SE Macarthur Boulevard
Stuart, FL 34996
**FILED BK AND WILL NOT EXECUTE JUDGMENT**

Driver's license no. [last 4 digits] and state:    ☐ Unknown
2500 Florida

Social security no. [last 4 digits]:    ☐ Unknown
5107

Summons was personally served at or mailed to *(address)*:
JOHN MURPHY, M.D., an individual
435 N. Bedford Drive, Suite 216
Beverly Hills, CA 90210

18.    Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

19.    Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

---

EJ-001 [Rev July 1, 2014]

CEB® Essential Forms
ceb.com

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 2 of 2

# Exhibit 5



**This page is part of your document - DO NOT DISCARD**





## 20211804889

**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**12/06/21 AT 01:59PM**

| | |
|---|---|
| FEES: | 39.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 114.00 |



**L E A D S H E E T**



202112062890034

**00021556089**



012913302

**SEQ:**
**01**

DAR - Mail (Intake)



**THIS FORM IS NOT TO BE DUPLICATED**




EXHIBIT B
Page 109

RECORDING REQUESTED BY:

Coleman & Horowitt, LLP

WHEN RECORDED MAIL TO:

Sheryl D. Noel, Esq.
499 W. Shaw Avenue, Suite 116
Fresno          CA          93704

21556089

Batch Number: 12913302

SPACE DIRECTLY ABOVE RESERVED FOR RECORDER'S USE

# ABSTRACT OF JUDGMENT - CIVIL AND SMALL CLAIMS

EJ-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):* | FOR RECORDER'S USE ONLY |
|---|---|

After recording, return to:

SHERYL D. NOEL #172551
COLEMAN & HOROWITT, LLP
499 West Shaw Avenue, Suite 116
Fresno, California 93704
TEL NO.: (559) 248-4820   FAX NO. *(optional):* (559) 248-0130
E-MAIL ADDRESS *(Optional):* snoel@ch-law.com

[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Unlimited Civil

PLAINTIFF: LOIS FRIEDMAN, et al.
DEFENDANT: JOHN MURPHY, M.D., et al.

CASE NUMBER: SC121128

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**   [ ] Amended

FOR COURT USE ONLY

1. The [X] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ┌
   DARRELL MAAG
     5550 Partridge Court
     Westlake Village, CA 91362
   └

   b. Driver's license no. [last 4 digits] and state: 0029 California   [ ] Unknown
   c. Social security no. [last 4 digits]: 6971   [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*
      DARRELL MAAG, an individual
      5550 Partridge Court, Westlake Village, CA 91362

2. [X] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor *(name and address):*
   Southwestern Research, Inc., a California corporation
   c/o Donald L. Cornwell, Esq., 11766 Wilshire Blvd., Ste. 700,
   Los Angeles, CA 90025; c/o Sheryl D. Noel, Esq.,
   499 W. Shaw Ave., Suite 116, Fresno, CA 93794

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

Date: ~~October 1~~, 2021   *Nov 1st*
SHERYL D. NOEL

(TYPE OR PRINT NAME)

► _/s/ [signature]_
(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ Darrell Maag ($21,277,580.14); Southern California ($11,123,451.22)
   John Murphy ($21,546,624.07) MURPHY FILED BK AND WILL NOT EXECUTE JUDGMENT.
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on *(date):* October 20, 2021
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]

This abstract issued on *(date):*
11/01/2021

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by   E. Montagna   , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

CEB Essential Forms
ceb.com

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

EXHIBIT B
Page 111

| | |
|---|---|
| PLAINTIFF:  LOIS FRIEDMAN, et al. | COURT CASE NO: |
| DEFENDANT:  JOHN MURPHY, M.D., et al. | SC121128 |

NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:

13. Judgment creditor *(name and address):*          14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:

16.          Name and last known address

⌐ SOUTHERN CALIFORNIA RESEARCH LLC          ⌐
   436 N. Roxbury Drive, Suite 222 (also Suite 205)
   Beverly Hills, CA 90210
└                                    ┘

Driver's license no. [last 4 digits] and state:
                                     ☒ Unknown

Social security no. [last 4 digits]:        ☒ Unknown

Summons was personally served at or mailed to *(address):*
SOUTHERN CALIFORNIA RESEARCH LLC
435 N. Bedford Drive, Suite 216
Beverly Hills, CA 90210

17.          Name and last known address

⌐ JOHN MURPHY, M.D.          ⌐
   1300 SE Macarthur Boulevard
   Stuart, FL 34996
  FILED BK AND WILL NOT EXECUTE JUDGMENT ┘

Driver's license no. [last 4 digits] and state:
2500 Florida                       ☐ Unknown
Social security no. [last 4 digits]:        ☐ Unknown
5107
Summons was personally served at or mailed to *(address):*
JOHN MURPHY, M.D., an individual
435 N. Bedford Drive, Suite 216
Beverly Hills, CA 90210

18.          Name and last known address

⌐                                    ⌐
└                                    ┘

Driver's license no. [last 4 digits] and state:
                                       ☐ Unknown

Social security no. [last 4 digits]:        ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.          Name and last known address

⌐                                    ⌐
└                                    ┘

Driver's license no. [last 4 digits] and state:
                                       ☐ Unknown

Social security no. [last 4 digits]:        ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev July 1, 2014]

CEB | Essential
ceb.com | Forms

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Page 2 of 2

EXHIBIT B
Page 112

# Exhibit 6

SUBP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| SHERYL D. NOEL #172551<br>COLEMAN & HOROWITT, LLP<br>499 West Shaw Avenue, Suite 116<br>Fresno, California 93704 | |

TELEPHONE NO. (559) 248-4820    FAX NO. (559) 248-0130
E-MAIL ADDRESS: snoel@ch-law.com
ATTORNEY FOR *(Name)*: SOUTHWESTERN RESEARCH, INC., a California corporation
NAME OF COURT: Los Angeles County Superior Court
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Unlimited Civil

PLAINTIFF/PETITIONER: LOIS FRIEDMAN, et al.

DEFENDANT/RESPONDENT: JOHN MURPHY, M.D., et al.

| CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and<br>Production of Documents, Electronically Stored Information, and Things at<br>Trial or Hearing and DECLARATION | CASE NUMBER:<br>SC121128 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of witness, if known)*:

DARRELL MAAG

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below
   **UNLESS** your appearance is excused as indicated in box 3b below or you make an agreement with the person named in
   item 4 below.

   a. Date: January 14, 2022    Time: 8:30 a.m.    [X] Dept.: A    ☐ Div.:    ☐ Room:
   b. Address: 6230 Sylmar Avenue, Van Nuys, CA 91401

2. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS
   UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS
   BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR
   EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE
   RECORDS.**

3. **YOU ARE** *(item a or b must be checked)*:
   a. [X] Ordered to appear in person and to produce the records described in the declaration on page two or the attached
      declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the
      original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and
      1562 will not be deemed sufficient compliance with this subpoena.
   b. ☐ Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached
      declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections
      1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original
      declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or
      write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above.
      (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1.
      (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. **IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN
   THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE
   TO APPEAR:**
   a. Name of subpoenaing party or attorney: SHERYL D. NOEL    b. Telephone number: (559) 248-4820

5. **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them
   at the time of service. You may request them before your scheduled appearance from the person named in item 4.

> **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE
> FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: November 22, 2021

SHERYL D. NOEL
_____
*(TYPE OR PRINT NAME)*

▶ _____
*(SIGNATURE OF PERSON ISSUING SUBPOENA)*

Attorney for Judgment Creditor, SOUTHWESTERN
RESEARCH, INC., a California corporation
*(TITLE)*

*(Declaration in support of subpoena on reverse)*    Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-002 [Rev. January 1, 2012]

CEB.com • Essential Forms™

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and
Production of Documents, Electronically Stored Information, and Things at
Trial or Hearing and DECLARATION**

Code of Civil Procedure,
§ 1985 et seq.
www.courts.ca.gov

EXHIBIT B

Page 114

SUBP-002

| PLAINTIFF/PETITIONER: LOIS FRIEDMAN, et al | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: JOHN MURPHY, M.D., et al | SC121128 |

The production of the documents, electronically stored information, or other things sought by the subpoena on page one is supported by *(check one)*:

☐ the attached affidavit or    ☒ the following declaration:

## DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS AT TRIAL OR HEARING
### (Code Civ. Proc., §§ 1985, 1987.5)

1.  I, the undersigned, declare I am the    ☐ plaintiff    ☐ defendant    ☐ petitioner    ☐ respondent
    ☒ attorney for *(specify):* SOUTHWESTERN RESEARCH,    ☐ other *(specify):*
    in the above-entitled action. INC., a California corporation

2.  The witness has possession or control of the documents, electronically stored information, or other things listed below, and shall produce them at the time and place specified in the Civil Subpoena for Personal Appearance and Production of Records at Trial or Hearing on page one of this form *(specify the exact documents or other things to be produced; if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*

    The documents set forth in Exhibit "A."

    ☐ Continued on Attachment 2.

3.  Good cause exists for the production of the documents, electronically stored information, or other things described in paragraph 2 for the following reasons:

    They will assist the judgment creditor in obtaining information to satisfy its judgment.

    ☐ Continued on Attachment 3

4   The documents, electronically stored information, or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

    They will assist the judgment creditor in obtaining information to satisfy its judgment.

    ☐ Continued on Attachment 4

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   November 22, 2021

SHERYL D. NOEL

(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF    ☒ SUBPOENAING PARTY    ☒ ATTORNEY FOR SUBPOENAING PARTY)

---

### Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the date on which you are to appear. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civil Code, § 54.8.)



---

(Proof of service on page 3)

SUBP-002 [Rev. January 1, 2012]    **CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**    Page 2 of 3

CEB | Essential Forms
ceb.com

EXHIBIT B
Page 115

SUBP-002

| PLAINTIFF/PETITIONER: LOIS FRIEDMAN, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: JOHN MURPHY, M.D., et al. | SC121128 |

## PROOF OF SERVICE OF CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION

1.  I served this *Civil Subpoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and Declaration* by personally delivering a copy to the person served as follows:

    a.  Person served *(name):*

    b.  Address where served:

    c.  Date of delivery:

    d.  Time of delivery:

    e.  Witness fees *(check one):*
        (1) ☐ were offered or demanded
            and paid. Amount: ........ $_____
        (2) ☐ were not demanded or paid.

    f.  Fee for service: ................... $_____

2.  I received this subpoena for service on *(date):*

3.  Person serving:
    a.  ☐ Not a registered California process server.
    b.  ☐ California sheriff or marshal.
    c.  ☐ Registered California process server.
    d.  ☐ Employee or independent contractor of a registered California process server.
    e.  ☐ Exempt from registration under Business and Professions Code section 22350(b).
    f.  ☐ Registered professional photocopier.
    g.  ☐ Exempt from registration under Business and Professions Code section 22451.
    h.  Name, address, telephone number, and, if applicable, county of registration and number:

I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
I **certify** that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

SUBP-002 [Rev. January 1, 2012]

CEB | Essential Forms
ceb.com

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**

Page 3 of 3

EXHIBIT B
Page 116

<u>**EXHIBIT A**</u>

**ITEMS TO BE PRODUCED AT JUDGMENT DEBTOR EXAM**

**SPECIALLY DEFINED TERMS**

For the purpose of this subpoena, the following definitions shall apply to each of the Requests:

A.      The terms "YOU" and "YOUR" refer to Defendant Darrell Maag and to all persons acting on his behalf.

B.      "FINANCIAL INSTITUTION" means any bank, savings and loan, credit union, brokerage house or investment firm.

C.      "MARKETABLE SECURITY" means any security regularly sold or traded in any public market, including, but not limited to the New York Stock Exchange, American Stock Exchange, NASDAQ, or any regional or foreign stock exchange.

D.      "MUTUAL FUND" means a financial investment vehicle which consists of a pool of money collected from multiple investors which is invested in MARKETABLE SECURITIES, bonds, money market instruments, and/or other assets. Mutual funds are operated by professional money managers, who allocate the fund's assets and attempt to produce capital gains or income for the fund's investors according to investment objectives stated in a written prospectus.

E.      "BONDS" means one or more instruments of indebtedness issued to the holders of such indebtedness which provides for the payment of interest on the debt at a specified rate, or which is sold on its original issue at a discount from the stated or face value of the bond payable at maturity.  The most common types of bonds are government-issued bonds and corporate bonds.

F.      "PRECIOUS METALS" means gold, silver, platinum and palladium in their purified metallic bullion form as sold in the precious metal markets in specified weights.

G.      "ACCOUNT" with a "FINANCIAL INSTITUTION" means any type of bank account, money market account, investment account or credit card account.

H.      The terms "DOCUMENT" and "DOCUMENTS" mean and include any "writing," "original," or "duplicate," as defined by California Evidence Code § 250, § 255, and § 260, respectively.

1

"DOCUMENT" also includes information stored in electronic format on a computer or smart phone, or on a computer disk, diskette, tape or card, or in "cloud storage," and includes but is not limited to e-mails, text messages, spreadsheets, word processing documents, PDF files and other types of electronic or software files, as well as any electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar recording of words, images, sounds, pictures, or information of any kind. As used herein, every non-identical copy (i.e., any document initially identical in all respects to another document, which is no longer identical by virtue of attachments thereto, or by virtue of any notation or modification of any kind including, without limiting the generality of the foregoing, notes or modifications on the backs or margins of pages thereof, or on copies thereof) of a document is a separate document and is to be produced in response to these Demands for Inspection. "DOCUMENTS" includes all items which were either physically or electronically attached to, or enclosed with, a responsive "writing" (as defined in Evidence Code § 250). "DOCUMENTS" also includes all "writings" (as defined in Evidence Code § 250) for which an electronic link or url address was included in another responsive DOCUMENT, such as documents contained in cloud storage accounts for which an electronic link was provided in a responsive DOCUMENT, including items such as ShareFile documents, DropBox documents or any other documents stored or located in other cloud storage accounts. Any DOCUMENT that is responsive only in part to any description herein shall also be produced.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

Copies of all ACCOUNT statements YOU received, or which were made available to YOU on the internet, from any FINANCIAL INSTITUTION with respect to any ACCOUNT YOU maintained with such FINANCIAL INSTITUTION (either in YOUR own name, or jointly with YOUR spouse, or in the name of any Trust as to which YOU are a grantor or beneficiary) for the period from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination. This request includes all bank or investment ACCOUNT statements and any ACCOUNT statements referring to or reflecting ownership of MARKETABLE SECURITIES, MUTUAL FUNDS, BONDS, PRECIOUS METALS or

2

any other assets. (NOTE: if YOU do not possess paper copies of the ACCOUNT statements YOU are required to download and produce electronic (PDF) copies of such statements since these items are under YOUR control).

**REQUEST NO. 2:**

Copies of all checks issued on the ACCOUNTS described in Request No. 1 in the amount of $500.00 or more from May 1, 2021 through the date of YOUR appearance for the judgment debtor examination. (NOTE: if YOU do not possess paper copies of the checks requested, YOU are required to download and produce electronic (PDF) copies of such canceled checks since these items are under YOUR control).

**REQUEST NO. 3:**

Copies of the check registers for each of the ACCOUNTS described in Request No. 1 for the period from May 1, 2021 to the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 4:**

Copies of all ACCOUNT statements received by, or made available on the internet to, any business owned (in whole or in part) or operated by YOU, from any FINANCIAL INSTITUTION with respect to any ACCOUNT maintained by such business with the FINANCIAL INSTITUTION for the period from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination. This request includes all bank or investment ACCOUNT statements and any ACCOUNT statements referring to or reflecting ownership of MARKETABLE SECURITIES, MUTUAL FUNDS, BONDS, PRECIOUS METALS or any other assets. (NOTE: if YOU do not possess paper copies of the ACCOUNT statements YOU are required to download and produce electronic (PDF) copies of such statements since these items are under YOUR control).

**REQUEST NO. 5:**

Copies of all checks issued on the ACCOUNTS described in Request No. 4 from May 1, 2021 through the date of YOUR appearance for the judgment debtor examination in an amount of $1,000.00 or more, but excluding copies of payroll checks issued to persons other than YOU. (NOTE: if YOU do not

3

possess paper copies of the checks requested, YOU are required to download and produce electronic

(PDF) copies of such canceled checks since these items are under YOUR control).

**REQUEST NO. 6:**

Copies of the check registers for each of the ACCOUNTS described in Request No. 4 for the

period from May 1, 2021 to the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 7:**

Complete copies of the ACCOUNT statements issued by Wells Fargo Bank N.A. for the period

from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination for the

following Wells Fargo bank accounts:

YOUR Savings Account ending in 5979

YOUR Savings Account ending in 8562

YOUR Checking Account ending in 9154

YOUR Checking Account ending in 2146

(NOTE:  if YOU do not possess paper copies of the ACCOUNT statements YOU are required to

download and produce electronic (PDF) copies of such statements since these items are under YOUR

control).

**REQUEST NO. 8:**

Copies of all checks issued on the ACCOUNTS described in Request No. 7 from May 1, 2021

through the date of YOUR appearance for the judgment debtor examination in an amount of $500.00 or

more.  (NOTE:  if YOU do not possess paper copies of the checks requested, YOU are required to

download and produce electronic (PDF) copies of such canceled checks since these items are under

YOUR control).

**REQUEST NO. 9:**

Copies of the check registers for each of the ACCOUNTS described in Request No. 7 for the

period from May 1, 2021 to the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 10:**

All DOCUMENTS which evidence, reflect or refer to any transfer of funds out of the ACCOUNTS described in Request No. 7 in an amount of $500.00 or more from May 1, 2021 through the date of YOUR appearance for the judgment debtor examination. This includes, but is not limited to, wire transfer confirmation statements and all correspondence or email communications which occurred in connection with each such transfer.

**REQUEST NO. 11:**

Complete copies of the ACCOUNT statements issued by Merrill Lynch for the period from May 1, 2021 through the date of YOUR appearance for examination for the following Merrill Lynch accounts:

Merrill-Lynch Acct 8PK11247

Merrill Lynch Acct 5BA-49J19

Merrill Lynch Acct 6BA-86W98

Merrill Lynch IRA Acct 281-22278

Merrill Lynch IRA Acct 8PK-11294

(NOTE: if YOU do not possess paper copies of the ACCOUNT statements YOU are required to download and produce electronic (PDF) copies of such statements since these items are under YOUR control).

**REQUEST NO. 12:**

All DOCUMENTS which evidence, reflect or refer to any transfer of funds or other assets out of the ACCOUNTS described in Request No. 11 which occurred at any time since May 1, 2021.

**REQUEST NO. 13:**

All DOCUMENTS which evidence, reflect or refer to any transfer of funds or other assets out of any Merrill Lynch ACCOUNTS maintained by the Darrell D. Maag and Ana K. Maag Revocable Trust dated May 20, 2006 which occurred at any time since May 1, 2021.

**REQUEST NO. 14:**

One or more DOCUMENTS which collectively list every asset owned or held by the Darrell D.

Maag and Ana K. Maag Revocable Trust dated May 20, 2006 at any time since January 1, 2021.

**REQUEST NO. 15:**

One or more DOCUMENTS which collectively list every asset owned or held by any trust (whether revocable or irrevocable) in existence at any point since January 1, 2021 as to which YOU were the settlor or grantor (or a co-settlor or co-grantor).

**REQUEST NO. 16:**

One or more DOCUMENTS which collectively list every asset owned by YOU (either individually or jointly with YOUR spouse) at any point since January 1, 2021.

**REQUEST NO. 17:**

One or more DOCUMENTS which collectively list every asset owned by YOUR spouse which is claimed to be her separate property and which YOU claim is not community property.

**REQUEST NO. 18:**

One or more DOCUMENTS which collectively list all transfers or gifts of money, or any real or personal property having a value of $1,000.00 or more which YOU (either individually or with YOUR spouse) made to any trust (whether revocable or irrevocable) at any point from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 19:**

One or more DOCUMENTS which collectively list of all transfers or gifts of money, or any real or personal property having a value of $1,000.00 or more which YOU made to any family member at any point from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 20:**

One or more DOCUMENTS which collectively list all transfers or gifts of money, or any real or personal property having a value of $1,000.00 or more which YOU (either individually or with YOUR spouse) made to any other person or entity at any point from January 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 21:**

Attachment to Subpoena to Darrell Maag re Judgment Debtor Examination

YOUR personal Federal and California income tax returns (with all schedules) for the year 2020. [*See* Weingarten v. Superior Court 102 Cal.App.4th 268, 276-277 (2002) and Li v. Yan, 247 Cal.App.4th 56, 66-68 (2016) and the Court's Order dated May 17, 2021 compelling Diane Savoian CPA to produce copies of YOUR tax returns.]

**REQUEST NO. 22:**

All DOCUMENTS showing YOUR financial condition, income, assets and/or net worth from January 1, 2021 to the present.

**REQUEST NO. 23:**

Complete copies of the loan applications YOU submitted or caused to be submitted to the Small Business Administration to obtain the PPP loans which were received by Southern California Research during 2020 and 2021. This includes copies of all DOCUMENTS which you submitted or caused to be submitted in connection with the loan application concerning YOUR financial condition, income, assets and/or net worth.

**REQUEST NO. 24:**

A copy of the lease or rental agreement between YOU (and/or YOUR spouse or the Darrell D. Maag and Ana K. Maag Revocable Trust dated May 20, 2006) and the occupants of the real property located at 5068 Benedict Court, Oak Park CA 91377.

**REQUEST NO. 25:**

One or more DOCUMENTS which collectively identify the occupants or lessees of the real property located at 5068 Benedict Court, Oak Park CA 91377.

**REQUEST NO. 26:**

Copies of the three most recent checks (or other evidence of payment) that YOU received with respect to the lease or rental of the real property located at 5068 Benedict Court, Oak Park CA 91377.

**REQUEST NO. 27:**

All DOCUMENTS which identify, describe, reflect or refer to any ACCOUNT with any FINANCIAL INSTITUTION which was opened by YOU (either individually or with YOUR spouse or

Attachment to Subpoena to Darrell Maag re Judgment Debtor Examination

on behalf of any trust [whether revocable or irrevocable]) at any time since January 1, 2021.

**REQUEST NO. 28:**

All DOCUMENTS which constitute, reflect or refer to communications between YOU any other person or entity (other than YOUR current counsel) concerning the opening of any ACCOUNT with any FINANCIAL INSTITUTION which took place at any time between January 1, 2021 and the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 29:**

Copies of the current motor vehicle registration and ownership certificate (commonly referred to as a "pink slip") for each motor vehicle owned by YOU or YOUR spouse.

**REQUEST NO. 30:**

A complete list of all assets owned by YOU and/or YOUR spouse having a value of $300.00 or more.

**REQUEST NO. 31:**

All MARKETABLE SECURITES owned by YOU or YOUR spouse which are not held in YOUR Merrill Lynch account.

**REQUEST NO. 32:**

All DOCUMENTS which identify, describe, reflect or refer to any safe deposit box to which YOU or YOUR spouse has access.

**REQUEST NO. 33:**

All safe deposit box keys to any safe deposit box to which YOU or YOUR spouse has access.

**REQUEST NO. 34:**

All DOCUMENTS which constitute, reflect or refer to communications between YOU any other person or entity (other than YOUR current counsel) concerning the transfer of funds in an amount of $500.00 or more out of the Wells Fargo ACCOUNTS described in Request No. 7 or the Merrill Lynch accounts described in Request No. 11 which occurred at any time from May 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

8

**REQUEST NO. 35:**

All DOCUMENTS which constitute, reflect or refer to communications between YOU any other person or entity (other than YOUR current counsel) concerning YOUR transfer of any personal assets, community property assets or trust assets having a value of $500.00 or more to any other person or entity which transfer occurred at any time from May 1, 2021 through the date of YOUR appearance for the judgment debtor examination.

**REQUEST NO. 36:**

All DOCUMENTS which constitute, reflect or refer to communications between YOU any other person or entity (other than YOUR current counsel) concerning the judgment entered against YOU in this case. This includes, but is not limited to, all communications between YOU and any employees of Southern California Research, LLC and all communications between YOU and any other defendant or former defendant in this lawsuit.

Case 9:22-bk-00023-DS Doc 56 Filed 09/09/22 Entered 09/09/22 20:28:04 Desc Main Document Page 132 of 164

Electronically FILED by Superior Court of California, County of Los Angeles on 11/22/2021 12:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Boyadzhyan, Deputy Clerk

**AT-138/EJ-125**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: SHERYL D. NOEL #172551
FIRM NAME: COLEMAN & HOROWITT, LLP
STREET ADDRESS: 499 West Shaw Avenue, Suite 116
CITY: Fresno    STATE: CA    ZIP CODE: 93704
TELEPHONE NO.: (559) 248-4820    FAX NO.: (559) 248-0130
E-MAIL ADDRESS: snoel@ch-law.com
ATTORNEY FOR (name): SOUTHWESTERN RESEARCH, INC., a California corporation

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Unlimited Civil

PLAINTIFF LOIS FRIEDMAN, et al.
DEFENDANT JOHN MURPHY, M.D., et al.

| APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION | CASE NUMBER: |
|---|---|
| [X] ENFORCEMENT OF JUDGMENT    [ ] ATTACHMENT (Third Person)<br>[X] Judgment Debtor    [ ] Third Person | SC121128 |

## ORDER TO APPEAR FOR EXAMINATION

1. TO (name): DARRELL MAAG
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [X] furnish information to aid in enforcement of a money judgment against you.
   b. [ ] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

| Date: January 14, 2022 | Time: 8:30 a.m. | | Dept. or Div.: A | Rm.: |
|---|---|---|---|---|
| Address of court [X] is shown above [ ] is: | | | | |

3. This order may be served by a sheriff, marshal, registered process server, or the following specially appointed person (name):

Date: 11/29/2021

Huey P. Cotton
_____
JUDGE

**This order must be served not less than 10 days before the date set for the examination.**

## IMPORTANT NOTICES ON REVERSE

### APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION

4. [X] Original judgment creditor    [ ] Assignee of record    [ ] Plaintiff who has a right to attach order
   applies for an order requiring (name): DARRELL MAAG
   to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   a. [X] the judgment debtor.
   b. [ ] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. [ ] This court is **not** the court in which the money judgment is entered or *(attachment only)* the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 22, 2021

SHERYL D. NOEL
_____
(TYPE OR PRINT NAME)

(Continued on reverse)

_____
(SIGNATURE OF DECLARANT)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
AT-138/EJ-125 [Rev. January 1, 2017]    CEB  ceb.com  Essential Forms

**APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**
(Attachment-Enforcement of Judgment)

Code of Civil Procedure,
§§ 491.110, 708.110, 708.120, 708.170
www.courts.ca.gov

EXHIBIT B
Page 126

AT-138/EJ-125

---

### Information for Judgment Creditor Regarding Service

If you want to be able to ask the court to enforce the order on the judgment debtor or any third party, you must have a copy of the order personally served on the judgment debtor by a sheriff, marshal, registered process server, or the person appointed in item 3 of the order at least 10 calendar days before the date of the hearing, and have a proof of service filed with the court.

---

## IMPORTANT NOTICES ABOUT THE ORDER

### APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

**NOTICE TO JUDGMENT DEBTOR If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

---

### APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT)

**(1) NOTICE TO PERSON SERVED If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

**(2) NOTICE TO JUDGMENT DEBTOR The person in whose favor the judgment was entered in this action claims that the person to be examined under this order has possession or control of property that is yours or owes you a debt. This property or debt is as follows *(describe the property or debt)*:**

**If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.**

---

### APPEARANCE OF A THIRD PERSON (ATTACHMENT)

**NOTICE TO PERSON SERVED If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.**

---

### APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION

**It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.**

---

 **Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation* (form MC-410). (Civil Code, § 54.8.)


EXHIBIT B
Page 127

# Exhibit 7

SUBP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| SHERYL D. NOEL #172551<br>COLEMAN & HOROWITT, LLP<br>499 West Shaw Avenue, Suite 116<br>Fresno, California 93704 | |

TELEPHONE NO: (559) 248-4820    FAX NO: (559) 248-0130

E-MAIL ADDRESS: snoel@ch-law.com

ATTORNEY FOR (Name): SOUTHWESTERN RESEARCH, INC., a California corporation

NAME OF COURT: Los Angeles County Superior Court

STREET ADDRESS: 6230 Sylmar Avenue

MAILING ADDRESS: same as above

CITY AND ZIP CODE: Van Nuys, CA 91401

BRANCH NAME: Unlimited Civil

PLAINTIFF/PETITIONER: LOIS FRIEDMAN, et al.

DEFENDANT/RESPONDENT: JOHN MURPHY, M.D., et al.

| CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION | CASE NUMBER:<br>SC121128 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO (name, address, and telephone number of witness, if known):

DARRELL MAAG, Chief Executive Officer of SOUTHERN CALIFORNIA RESEARCH, LLC

1. YOU ARE ORDERED TO APPEAR AS A WITNESS in this action at the date, time, and place shown in the box below UNLESS your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below.

   a. Date: January 14, 2022   Time: 8:30 a.m.   [X] Dept.: A   [ ] Div.:   [ ] Room:

   b. Address: 6230 Sylmar Avenue, Van Nuys, CA 91401

2. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, AND CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

3. YOU ARE (item a or b must be checked):

   a. [X] Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

   b. [ ] Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:

   a. Name of subpoenaing party or attorney: SHERYL D. NOEL    b. Telephone number: (559) 248-4820

5. Witness Fees: You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

> DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.

Date issued: November 22, 2021

SHERYL D. NOEL

(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for Judgment Creditor, SOUTHWESTERN RESEARCH, INC., a California corporation
(TITLE)

(Declaration in support of subpoena on reverse)    Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-002 (Rev. January 1, 2012)

CEB | Essential Forms
ceb.com

Code of Civil Procedure,
§ 1985 et seq
www.courts.ca.gov

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**

EXHIBIT B

Page 129

SUBP-002

| PLAINTIFF/PETITIONER: LOIS FRIEDMAN, et al | CASE NUMBER |
| DEFENDANT/RESPONDENT: JOHN MURPHY, M.D., et al | SC121128 |

The production of the documents, electronically stored information, or other things sought by the subpoena on page one is supported by *(check one)*:

☐ the attached affidavit or   ☒ the following declaration:

### DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS AT TRIAL OR HEARING
#### (Code Civ. Proc., §§ 1985, 1987.5)

1.  I, the undersigned, declare I am the ☐ plaintiff ☐ defendant ☐ petitioner ☐ respondent
    ☒ attorney for *(specify):* SOUTHWESTERN RESEARCH, ☐ other *(specify):*
    in the above-entitled action. INC., a California corporation

2.  The witness has possession or control of the documents, electronically stored information, or other things listed below, and shall produce them at the time and place specified in the Civil Subpoena for Personal Appearance and Production of Records at Trial or Hearing on page one of this form *(specify the exact documents or other things to be produced; if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*

    The documents set forth in Exhibit "A."

    ☐ Continued on Attachment 2.

3.  Good cause exists for the production of the documents, electronically stored information, or other things described in paragraph 2 for the following reasons:

    They will assist the judgment creditor in obtaining information to satisfy its judgment.

    ☐ Continued on Attachment 3.

4.  The documents, electronically stored information, or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

    They will assist the judgment creditor in obtaining information to satisfy its judgment.

    ☐ Continued on Attachment 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   November 22, 2021

SHERYL D. NOEL                                    ▶ _____
_____                      (SIGNATURE OF ☐ SUBPOENAING PARTY ☒ ATTORNEY FOR
(TYPE OR PRINT NAME)                                 SUBPOENAING PARTY)

---

### Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the date on which you are to appear. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civil Code, § 54.8.)



---

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**

EXHIBIT B
Page 130

SUBP-002

| PLAINTIFF/PETITIONER: LOIS FRIEDMAN, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: JOHN MURPHY, M.D., et al. | SC121128 |

### PROOF OF SERVICE OF CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION

1.  I served this *Civil Subpoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and Declaration* by personally delivering a copy to the person served as follows:

    a.  Person served *(name)*:

    b.  Address where served:

    c.  Date of delivery:

    d.  Time of delivery:

    e.  Witness fees *(check one)*:
        (1) ☐ were offered or demanded
            and paid. Amount: ......... $_____
        (2) ☐ were not demanded or paid.

    f.  Fee for service: ....................... $_____

2.  I received this subpoena for service on *(date)*:

3.  Person serving:
    a.  ☐ Not a registered California process server.
    b.  ☐ California sheriff or marshal.
    c.  ☐ Registered California process server.
    d.  ☐ Employee or independent contractor of a registered California process server.
    e.  ☐ Exempt from registration under Business and Professions Code section 22350(b).
    f.  ☐ Registered professional photocopier.
    g.  ☐ Exempt from registration under Business and Professions Code section 22451.
    h.  Name, address, telephone number, and, if applicable, county of registration and number:

I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
        (SIGNATURE)

**(For California sheriff or marshal use only)**
I **certify** that the foregoing is true and correct.

Date:

▶ _____
        (SIGNATURE)

SUBP-002 [Rev. January 1, 2012]

CEB® Essential Forms
ceb.com

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**

Page 3 of 3

EXHIBIT B
Page 131

## EXHIBIT A

## ITEMS TO BE PRODUCED AT JUDGMENT DEBTOR EXAM

### SPECIALLY DEFINED TERMS

For the purpose of this subpoena, the following definitions shall apply to each of the Requests:

A.    The terms "YOU" and "YOUR" and "SCR" refer to defendant Southern California Research, LLC and to all members, officers, employees or agents acting on its behalf.

B.    "FINANCIAL INSTITUTION" means any bank, savings and loan, credit union, brokerage house or investment firm.

C.    "MARKETABLE SECURITY" means any security regularly sold or traded in any public market, including, but not limited to the New York Stock Exchange, American Stock Exchange, NASDAQ, or any regional or foreign stock exchange.

D.    "MUTUAL FUND" means a financial investment vehicle which consists of a pool of money collected from multiple investors which is invested in MARKETABLE SECURITIES, bonds, money market instruments, and/or other assets. Mutual funds are operated by professional money managers, who allocate the fund's assets and attempt to produce capital gains or income for the fund's investors according to investment objectives stated in a written prospectus.

E.    "BONDS" means one or more instruments of indebtedness issued to the holders of such indebtedness which provides for the payment of interest on the debt at a specified rate, or which is sold on its original issue at a discount from the stated or face value of the bond payable at maturity.   The most common types of bonds are government-issued bonds and corporate bonds.

F.    "PRECIOUS METALS" means gold, silver, platinum and palladium in their purified metallic bullion form as sold in the precious metal markets in specified weights.

G.    "ACCOUNT" with a "FINANCIAL INSTITUTION" means any type of bank account, money market account, investment account or credit card account.

H.    The terms "DOCUMENT" and "DOCUMENTS" mean and include any "writing," "original," or "duplicate," as defined by California Evidence Code § 250. § 255, and § 260, respectively.

1

Attachment to Subpoena to Southern California Research. LLC re Judgment Debtor Examination

EXHIBIT B
Page 132

"DOCUMENT" also includes information stored in electronic format on a computer or smart phone, or on a computer disk, diskette, tape or card, or in "cloud storage," and includes but is not limited to e-mails, text messages, spreadsheets, word processing documents, PDF files and other types of electronic or software files, as well as any electronic recording, tape recording, photograph, video, file, microfilm, microfiche, or similar recording of words, images, sounds, pictures, or information of any kind. As used herein, every non-identical copy (i.e., any document initially identical in all respects to another document, which is no longer identical by virtue of attachments thereto, or by virtue of any notation or modification of any kind including, without limiting the generality of the foregoing, notes or modifications on the backs or margins of pages thereof, or on copies thereof) of a document is a separate document and is to be produced in response to these Demands for Inspection. "DOCUMENTS" includes all items which were either physically or electronically attached to, or enclosed with, a responsive "writing" (as defined in Evidence Code § 250). "DOCUMENTS" also includes all "writings" (as defined in Evidence Code § 250) for which an electronic link or url address was included in another responsive DOCUMENT, such as documents contained in cloud storage accounts for which an electronic link was provided in a responsive DOCUMENT, including items such as ShareFile documents, DropBox documents or any other documents stored or located in other cloud storage accounts. Any DOCUMENT that is responsive only in part to any description herein shall also be produced.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

Copies of all ACCOUNT statements SCR received, or which were made available to SCR on the internet, from any FINANCIAL INSTITUTION with respect to any ACCOUNT which SCR maintained with such FINANCIAL INSTITUTION for the period from April 1, 2021 through the date of YOUR appearance for the judgment debtor examination. This request includes all bank or investment ACCOUNT statements and any ACCOUNT statements referring to or reflecting ownership of MARKETABLE SECURITIES, MUTUAL FUNDS, BONDS, PRECIOUS METALS or any other assets. (NOTE: if YOU do not possess paper copies of the ACCOUNT statements YOU are required to

download and produce electronic (PDF) copies of such statements since these items are under YOUR

control).

**REQUEST NO. 2:**

Copies of all checks issued on the ACCOUNTS described in Request No.1 from April 1, 2021

through the date of YOUR appearance for the judgment debtor examination in an amount of $1,000.00 or

more, but excluding copies of payroll checks issued to persons other than Darrell Maag. (NOTE:  if YOU

do not possess paper copies of the checks requested, YOU are required to download and produce

electronic (PDF) copies of such canceled checks since these items are under YOUR control).

**REQUEST NO. 3:**

A print out of the checking account registers for each of the ACCOUNTS described in Request

No. 1 for the period from April 1, 2021 to the date of YOUR appearance for the judgment debtor

examination from YOUR Quickbooks software.

**REQUEST NO. 4:**

Complete copies of the ACCOUNT statements issued by Wells Fargo Bank N.A. for the period

from April 1, 2021 through the date of YOUR appearance for the judgment debtor examination for each

ACCOUNT which YOU maintained with Wells Fargo bank during that time period.  (NOTE:  if YOU do

not possess paper copies of the ACCOUNT statements YOU are required to download and produce

electronic (PDF) copies of such statements since these items are under YOUR control).

**REQUEST NO. 5:**

Copies of all checks issued on the ACCOUNTS described in Request No. 4 from April 1, 2021

through the date of YOUR appearance for the judgment debtor examination in an amount of $1,000 or

more, but excluding copies of payroll checks issued to persons other than Darrell Maag.  (NOTE:  if

YOU do not possess paper copies of the checks requested. YOU are required to download and produce

electronic (PDF) copies of such canceled checks since these items are under YOUR control).

**REQUEST NO. 6:**

A print out of the checking account registers for each of the ACCOUNTS described in Request

3

No. 4 for the period from April 1, 2021 to the date of YOUR appearance for the judgment debtor

examination from YOUR Quickbooks software.

**REQUEST NO. 7:**

All DOCUMENTS which evidence, reflect or refer to any transfer of funds out of the

ACCOUNTS described in Request No. 4 during the period from April 1, 2021 through the date of YOUR

appearance for the judgment debtor examination in an amount of $1,000.00 or more, but excluding

payroll checks issued to persons other than Darrell Maag.  This includes, but is not limited to, wire

transfer confirmation statements and all correspondence or email communications which occurred in

connection with each such transfer.

**REQUEST NO. 8:**

Complete copies of the ACCOUNT statements issued by U.S. Bank for the period from January

1, 2020 through the date of YOUR appearance for the judgment debtor examination for each ACCOUNT

which YOU maintained with U.S. Bank during that time period.  (NOTE:  if YOU do not possess paper

copies of the ACCOUNT statements YOU are required to download and produce electronic (PDF) copies

of such statements since these items are under YOUR control).

**REQUEST NO. 9:**

Copies of all checks issued on the ACCOUNTS described in Request No. 8 from January 1, 2020

through the date of YOUR appearance for the judgment debtor examination in an amount of $1,000.00 or

more, but excluding copies of payroll checks issued to persons other than Darrell Maag. (NOTE:  if YOU

do not possess paper copies of the checks requested, YOU are required to download and produce

electronic (PDF) copies of such canceled checks since these items are under YOUR control).

**REQUEST NO. 10:**

A print out of the checking account registers for each of the ACCOUNTS described in Request

No. 8 for the period from January 1, 2020 to the date of YOUR appearance for the judgment debtor

examination from YOUR Quickbooks software.

**REQUEST NO. 11:**

All DOCUMENTS which evidence, reflect or refer to any transfer of funds out of the ACCOUNTS described in Request No. 8 during the period from January 1, 2020 through the date of YOUR appearance for the judgment debtor examination in an amount of $1,000.00 or more, but excluding payroll checks issued to persons other than Darrell Maag.  This includes, but is not limited to, wire transfer confirmation statements and all correspondence or email communications which occurred in connection with each such transfer.

**REQUEST NO. 12:**

One or more DOCUMENTS which collectively contain a complete list of each debt SCR is owed or any account receivable which is currently payable to SCR.

**REQUEST NO. 13:**

One or more DOCUMENTS which collectively contain a complete list of the amounts due to be paid to SCR (whether or not such amount is currently payable) in connection with the clinical trials SCR has been engaged to perform.

**REQUEST NO. 14:**

One or more DOCUMENTS which collectively contain a complete list of the amounts projected or estimated to become due to SCR in connection with the clinical trials SCR has been engaged to perform.

**REQUEST NO. 15:**

All invoices issued by SCR in connection with clinical trials which remain outstanding and unpaid.

**REQUEST NO. 16:**

One or more DOCUMENTS which collectively contain a complete list of the clinical trials on which SCR has performed services at any time from January 1, 2020 to date.

**REQUEST NO. 17:**

Copies of the Clinical Trial Agreements (and any amendments thereto) for each of the clinical trials on which SCR has performed services at any time from January 1, 2020 to date.

5

**REQUEST NO. 18:**

All loan applications which SCR submitted or caused to be submitted to any person or entity since January 1, 2020.

**REQUEST NO. 19:**

YOUR Federal and California income tax returns (with all schedules) for the year 2020.  [*See* Weingarten v. Superior Court 102 Cal.App.4th 268, 276-277 (2002) and Li v. Yan, 247 Cal.App.4th 56, 66-68 (2016) and the Court's Order dated May 17, 2021 compelling Diane Savoian CPA to produce copies of YOUR tax returns.]

**REQUEST NO. 20:**

All DOCUMENTS showing YOUR financial condition, income, assets and/or net worth from January 1, 2021 to the present.

**REQUEST NO. 21:**

Complete copies of the loan applications YOU submitted or caused to be submitted to the Small Business Administration to obtain the PPP loans which were received by SCR during 2020 and 2021. This includes copies of all DOCUMENTS which YOU submitted or caused to be submitted in connection with the loan application concerning YOUR financial condition, income, assets and/or net worth.

**REQUEST NO. 22:**

A complete copy of SCR's Quickbooks software data current as of the day preceding YOUR appearance for the Judgment Debtor Examination.

Attachment to Subpoena to Southern California Research, LLC re Judgment Debtor Examination    EXHIBIT B

Page 137

**AT-138/EJ-125**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: | | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.:
NAME: SHERYL D. NOEL #172551
FIRM NAME: COLEMAN & HOROWITT, LLP
STREET ADDRESS: 499 West Shaw Avenue, Suite 116
CITY: Fresno    STATE: CA   ZIP CODE: 93704
TELEPHONE NO.: (559) 248-4820    FAX NO.: (559) 248-0130
E-MAIL ADDRESS: snoel@ch-law.com
ATTORNEY FOR (name): SOUTHWESTERN RESEARCH, INC., a California corporation

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Unlimited Civil

PLAINTIFF LOIS FRIEDMAN, et al.
DEFENDANT JOHN MURPHY, M.D., et al.

| APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION | CASE NUMBER: |
|---|---|
| [X] ENFORCEMENT OF JUDGMENT    [ ] ATTACHMENT (Third Person)<br>[X] Judgment Debtor    [ ] Third Person | SC121128 |

### ORDER TO APPEAR FOR EXAMINATION

1. TO (name): DARRELL MAAG, Chief Executive Officer of SOUTHERN CALIFORNIA RESEARCH, LLC
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [X] furnish information to aid in enforcement of a money judgment against you.
   b. [ ] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

Date: January 14, 2022    Time: 8:30 a.m.    Dept. or Div.: A    Rm.:
Address of court [X] is shown above    [ ] is:

3. This order may be served by a sheriff, marshal, registered process server, or the following specially appointed person (name):

Date: 11/29/2021

Huey P. Cotton

_____
JUDGE

**This order must be served not less than 10 days before the date set for the examination.**

### IMPORTANT NOTICES ON REVERSE

### APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION

4. [X] Original judgment creditor    [ ] Assignee of record    [ ] Plaintiff who has a right to attach order
   applies for an order requiring (name): DARRELL MAAG, Chief Executive Officer of SOUTHERN CALIFORNIA RESEARCH, LLC
   to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   a. [X] the judgment debtor.
   b. [ ] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. [ ] This court is not the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: November 22, 2021

SHERYL D. NOEL
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF DECLARANT)

(Continued on reverse)    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
AT-138/EJ-125 [Rev. January 1, 2017]
CEB Essential Forms
ceb.com

**APPLICATION AND ORDER FOR
APPEARANCE AND EXAMINATION
(Attachment-Enforcement of Judgment)**

Code of Civil Procedure,
§§ 491.110, 708.110, 708.120, 708.170
www.courts.ca.gov

**EXHIBIT B
Page 138**

AT-138/EJ-125

### Information for Judgment Creditor Regarding Service

If you want to be able to ask the court to enforce the order on the judgment debtor or any third party, you must have a copy of the order personally served on the judgment debtor by a sheriff, marshal, registered process server, or the person appointed in item 3 of the order at least 10 calendar days before the date of the hearing, and have a proof of service filed with the court.

## IMPORTANT NOTICES ABOUT THE ORDER

### APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

**NOTICE TO JUDGMENT DEBTOR** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

### APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT)

**(1) NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

**(2) NOTICE TO JUDGMENT DEBTOR** The person in whose favor the judgment was entered in this action claims that the person to be examined under this order has possession or control of property that is yours or owes you a debt. This property or debt is as follows *(describe the property or debt):*

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.

### APPEARANCE OF A THIRD PERSON (ATTACHMENT)

**NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.

### APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.

 **Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation* (form MC-410). (Civil Code, § 54.8.)

AT-138/EJ-125 [Rev. January 1, 2017]

 Essential Forms
ceb.com

**APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**
(Attachment-Enforcement of Judgment)

Page 2 of 2

**EXHIBIT B**
Page 139

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **FIRST AMENDED COMPLAINT FOR:**
1) **AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547;**
2) **RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §550;**
3) **PRESERVATION OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 551; and**
4) **DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANTS PURSUANT TO 11 U.S.C. § 502(d)**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 29, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    **ATTORNEY FOR CREDITOR:** J Scott Bovitz    bovitz@bovitz-spitzer.com
    **ATTORNEY FOR PLAINTIFF:** Craig G Margulies    Craig@MarguliesFaithlaw.com,
    Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
    **ATTORNEY FOR US TRUSTEE:** Kristin T Mihelic    kristin.t.mihelic@usdoj.gov
    **ATTORNEY FOR PLAINTIFF** Monserrat Morales    Monsi@MarguliesFaithLaw.com,
    Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com
    **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
    **ATTORNEY FOR PLAINTIFF: James R Selth**    jim@wsrlaw.net, jselth@yahoo.com;vinnet@ecf.inforuptcy.com
    **ATTORNEY FOR PLAINTIFF: Daniel J Weintraub**    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On March 29, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE: Hon. Deborah J. Saltzman United States Bankruptcy 255 E. Temple Street, Crtrm 1639 Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 29, 2022 | Angela Saba | /s/ Angela Saba |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# EXHIBIT C

LAW OFFICES OF
**DONALD L. CORNWELL, P.C.**
11766 WILSHIRE BOULEVARD

| | SUITE 700 | |
|---|---|---|
| TELEPHONE | | TELECOPIER |
| (310) 477-3111 | LOS ANGELES, CALIFORNIA 90025 | (310) 477-3110 |

March 14, 2022

Sent via Email
Craig G. Margulies, Esq.
MARGULIES FAITH, LLP
16030 Ventura Blvd., Suite 470
Encino, California 91436

**Re:  Southern California Research and Darrell Maag v. Lois Friedman and Southwestern Research Inc., Adv. No.: 9:22-ap-01012-DS**

Mr. Margulies:

I am writing to formally meet and confer with you regarding the Adversary Complaint (Preference Action) you have recently filed and served on behalf of Southern California Research, LLC ("SCR") and Darrell Maag against my clients Lois Friedman, the Trustee of the Dennis Munjack Inter Vivos Trust ("the Trust") and Southwestern Research, Inc. ("SRI.")   While I understand the purpose for your filing of the action, and Scott Bovitz will address the adversary complaint on behalf of SRI, there are several problems with your adversary complaint as to the Trust which need to be addressed, as discussed below.

1.  <u>You served the Complaint on the Trust, purportedly filed on behalf of both Mr. Maag and SCR, after the Bankruptcy Court effectively removed your firm as counsel for SCR</u>

Your office electronically served the complaint on me (on behalf of the Dennis Munjack Inter Vivos Trust, or "the Trust") on March 8, 2022 at 1:53 p.m.   The Bankruptcy Court removed your firm as counsel for SCR earlier on March 8.  Whether your firm had authority to serve the Trust with an adversary complaint filed on behalf of SCR after its removal as counsel for SCR is at least questionable. In all events, for the reasons explained below, there will need to be an amended complaint filed by a new counsel acting on behalf of SCR.  Hopefully the new counsel will understand that the Trust was never properly named as a party to begin with for the reasons discussed below.  If not, that is what Rule 9011 is intended for.

2.  <u>You have improperly named the Trust as party to the adversary action, when the Trust was not a party to any of the lien filings you seek to set aside and did not receive one dollar from any levy on Maag or SCR bank accounts.</u>

While I will leave it to you and Mr. Bovitz to work out the resolution of the adversary claims asserted against SRI by Mr. Maag, the principal purpose of this letter is to meet and confer with you in order to obtain Mr. Maag's agreement to dismiss the action voluntarily without prejudice as to the Trust (acknowledging the administrative/procedural issues that will have to be dealt with due to your joint filing in order to secure consent to dismissal from new counsel representing SCR).

You have named the Trust as a defendant in your adversary action despite the fact that the Trust has a judgment of only $4,200 (jointly and severally) against Mr. Maag and SCR  The Trust was not a party to a single one of the lien filings that were made (many of which are inaccurately listed or omitted in your Complaint.)  Similarly, the Trust received no funds in any amount from the bank levies which were done by the Sheriffs' office on behalf of SRI (as the writs of execution make clear).   It is also clear that you knew at the time you filed the Adversary Complaint that the Trust was not a party to any of the lien claims.

EXHIBIT C
Page 141

Craig Margulies, Esq.
March 14, 2022
Page 2

Your complaint is quite explicit that the judgment lien on personal property filed with the Secretary of State, the Abstract of Judgment and the ORAP lien referred to in your Complaint all named SRI as the sole judgment creditor with respect to such lien filings and (**and did not list the Trust**).  *See* Complaint ¶¶ 13-16 and 20-22.  Your Complaint is also explicit that the writs of execution were requested and issued in favor of SRI, **but not the Trust**.  *Id.*  You are well aware that the funds turned over by the Sheriff's offices were turned over to SRI pursuant to the Writs of Execution – and not the Trust.  SRI counsel Coleman & Horowitt received a total of two checks totaling **$15,424.98** -- ($336.56 from the Maag accounts and $15,088.32 from the SCR accounts, copies of which are attached along with the relevant Memoranda of Garnishee).  Those funds were deposited into Coleman & Horowitt's trust account on the day they were received and have remained there ever since.

Part of your confusion apparently results from the fact that Wells Fargo levied upon but held $11,410.57 from the joint account in the name of Darrell Maag and Hunter Maag and never paid the funds over to SRI prior to the bankruptcy filing.  *See* the attached Notice of Levy that was served on Hunter Maag by Wells Fargo.  Neither SRI or the Trust has those funds.  But that still does not fully explain the discrepancy in your numbers. **Most importantly here, the Trust has not received one penny from any of the levies made on the writs of execution.**

The only allegation in your complaint which makes even passing reference to the Trust is paragraph 17, which states:

> "Plaintiffs are informed and believe that, by the Levies, Defendant SRI and/or
> Defendant Friedman received funds from the bank accounts belonging to Plaintiff SCR
> (the "SCR Levies") and Plaintiff Maag (the "Maag Levies") in amounts not less than
> $15,225.32 and $16,324.52, respectively, in the ninety (90) days prior to the Petition Date."

That allegation contradicts everything else in the Complaint, which acknowledges that the liens were recorded and the levies were made on behalf of SRI and is, in all events, completely false as to the Trust.

3.   <u>Your Complaint is full of errors and thus you are going to have to amend in all events</u>

Your adversary complaint is full of errors which will require correction (in addition to the fact that you've filed a complaint for SCR who you do not represent in the bankruptcy).  Let me give you a list:

- Exhibit 1 referenced in your complaint (Ventura County Abstract) was not attached to the Complaint

- Paragraphs 13-14 of your Complaint falsely state that the Abstract of Judgment issued by the Court on November 1, 2021 and recorded in Ventura County name only Darrell Maag as judgment debtor. In truth, Darrell Maag, Southern California Research, LLC and John Murphy were all named as judgment debtors in the Abstracts (in Dr. Murphy's case with a bankruptcy disclaimer).

- You omitted any reference to the JLPP U210096510724 filed by SRI against Darrell Maag with the Secretary of State on October 25, 2021

- You omitted any reference to the Abstract of Judgment against both Mr. Maag and SCR which was recorded by SRI in Los Angeles County on December 6, 2021 as Instrument No. 20211804889

EXHIBIT C
Page 142

Craig Margulies, Esq.
March 14, 2022
Page 3

- You omitted any reference to the Court's issuance of an ORAP directed to SCR on November 29, 2021

- You omitted any reference to the service of the ORAPs on both Mr. Maag and SCR on December 21, 2021.  (It is the service of the ORAP which perfects the lien)

- Your Complaint alleges that the amount of funds obtained by SRI from the bank levies was $31,549.84 whereas the actual correct total, as established by the two checks received (copies attached along with the Memoranda of Garnishee) was $15,424.98

The adversary complaint will need to be amended to resolve the above omissions and errors.

I am requesting that your adversary complaint be dismissed without prejudice as to the Trust.  If you and Mr. Bovitz are unable to negotiate an acceptable resolution of the adversary claims, you will have a full opportunity to litigate your preference claims against SRI.  In the event that the adversary action is not dismissed as to the Trust, we will likely be filing a Rule 12(b)(6) motion to dismiss as well as a Motion for Sanctions under Rule 9011 against you, your law firm and Mr. Maag and SCR.  Please advise me promptly whether Mr. Maag will agree to cause the adversary complaint to be dismissed as to the SRI.

Sincerely,

Donald L. Cornwell

EXHIBIT C
Page 143

**FRESNO COUNTY SHERIFF'S OFFICE CIVIL UNIT**
P.O. Box 45025, Fresno, CA 93718

BANK OF THE WEST
2035 Fresno St.
Fresno, California 93721
1-800-488-2265

FUND 2225
33250
90-78
1211

480607728

21004677

Date of Issue
12/12/2021

PAY TO THE
ORDER OF    COLEMAN & HOROWITT, LLP

$   ***336.66***

**Three Hundred Thirty Six and 66/100**DOLLARS

Oscar J Garcia

SHERIFF'S SPEC. DEPOSIT TRUST

VOID SIX MONTHS AFTER ISSUE DATE

16437.00 (Maag)

�semic480607728⑆ ⑈121100782⑉ 097000038⑈

---

**FRESNO COUNTY SHERIFF'S OFFICE CIVIL UNIT**
P.O. Box 45025, Fresno, CA 93718

BANK OF THE WEST
2035 Fresno St.
Fresno, California 93721
1-800-488-2265

FUND 2225
33250
90-78
1211

480607729

21004676

Date of Issue
12/12/2021

PAY TO THE
ORDER OF    COLEMAN & HOROWITT, LLP

$   ***15,088.32***

**Fifteen Thousand Eighty Eight and 32/100**DOLLARS

Oscar J Garcia

SHERIFF'S SPEC. DEPOSIT TRUST

VOID SIX MONTHS AFTER ISSUE DATE

16437.00 (SCR)

⑈480607729⑈ ⑈121100782⑉ 097000038⑈

EXHIBIT C
Page 144

AT-167/EJ-152

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | LEVYING OFFICER *(Name and Address)*: |
|---|---|
| Coleman & Horowitt, LLP<br>499 West Shaw Avenue #116  Fresno CA 93704<br>TELEPHONE NO.: 559-248-4820       FAX NO.: 559-248-0130<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name)*: Lois Friedman | Fresno County Sheriff Office, Civil Unit<br>P. O. Box 45025<br>Fresno, CA 93718<br>Phone: 559-600-8230<br>Fax: 559-600-8322<br>CA Relay 800-735-2929 TDD or 711 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: Van Nuys CA 91401
CITY AND ZIP CODE:
BRANCH NAME: Van Nuys Courthouse

PLAINTIFF/PETITIONER: Lois Friedman

DEFENDANT/RESPONDENT: John Murphy, M.D., et al

LEVYING OFFICER FILE NO.:
21004677

**MEMORANDUM OF GARNISHEE**
(Attachment–Enforcement of Judgment)

COURT CASE NO.:
SC121128

NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF
ATTACHMENT: This memorandum must be completed and mailed or delivered to the
levying officer within 10 days after service on you of the writ and notice of levy
or attachment unless you have fully complied with the levy. Failure to complete and
return this memorandum may render you liable for the costs and attorney fees incur-
red in obtaining the required information.
— RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER —

This memorandum does not apply
to garnishment of earnings.

$348.66

FSO - CIVIL HAS RECEIVED CHECK IN
THE AMOUNT OF $ 348.66

1. a. Garnishee *(name)*: Wells Fargo Bank
   b. Address:   790 W Shaw Avenue Ste 100  Fresno CA 93704

2. Judgment Creditor *(name)*: Southwestern Research, Inc., a California corporation

3. ☐ *(Check if applicable.)* The garnishee holds neither any property nor any obligations in favor of the judgment debtor.

4. If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

SEE ATTACHMENT
NO SAFE DEPOSIT BOX

5. **For writ of execution only.** Describe any property of the judgment debtor not levied upon that is in your possession or under your
   control:

NOTHING TO REPORT

*(Continued on reverse)*

Page 1 of 2

**MEMORANDUM OF GARNISHEE**
(Attachment–Enforcement of Judgment)
Return to Levying Officer

Code Civ. Proc., §§ 488.610,
701.030

EXHIBIT C
Page 145

AT-167/EJ-152

| SHORT TITLE: Lois Friedman vs. John Murphy, M.D., et al | LEVYING OFFICER FILE NO.: 21004677 | CASE NUMBER: SC121128 |
|---|---|---|

6. If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and the terms of the obligation and the reason for not paying it to the levying officer:

NOTHING TO REPORT

7. Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

NOTHING TO REPORT

8. **For writ of execution only.** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

NOTHING TO REPORT

9. Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

THIS LEVY REACHES ONE (OR MORE) DEPOSIT ACCOUNT(S)
IN THE NAME OF PERSON(S) OTHER THAN THE JUDGMENT DEBTOR
(ALONE OR TOGETHER WITH THE JUDGMENT DEBTOR).
PURSUANT TO CA CCP § 700.160 WELLS FARGO BANK, N.A. WILL
HOLD THE FUNDS LEVIED UPON UNTIL
$11,410.57 IS CURRENTLY BEING HELD

WELLS FARGO
LEVY PROCESSING
MAC S4001-01E
PO BOX 29779
PHOENIX, AZ 85038-9779
PHONE: 480-724-2000
FAX: 866-670-1561

### DECLARATION OF GARNISHEE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: NOV 2 2 2021

Wells Fargo Bank       Shawna Mcfarland
                              Agent
        (TYPE OR PRINT NAME)                    ▶ *Shawna McFarland* (SIGNATURE)

| If you need more space to provide the information required by this memorandum, you may attach additional pages. |
|---|
| ☐ Total number of pages attached: |

AT-167/EJ-152 [Rev. July 1, 2013]

**MEMORANDUM OF GARNISHEE**
(Attachment–Enforcement of Judgment)

Page 2 of 2

EXHIBIT C
Page 146

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | LEVYING OFFICER (Name and Address): |
|---|---|
| Coleman & Horowitt, LLP<br>499 West Shaw Avenue #116  Fresno CA 93704<br>TELEPHONE NO.: 559-248-4820      FAX NO.: 559-248-0130<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name): Lois Friedman | Fresno County Sheriff Office, Civil Unit<br>P. O. Box 45025<br>Fresno, CA 93718<br>Phone: 559-600-8230<br>Fax: 559-600-8322<br>CA Relay 800-735-2929 TDD or 711 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: Van Nuys CA 91401
CITY AND ZIP CODE:
BRANCH NAME: Van Nuys Courthouse

PLAINTIFF/PETITIONER: Lois Friedman

DEFENDANT/RESPONDENT: John Murphy, M.D. et al

LEVYING OFFICER FILE NO.:
21004676

**MEMORANDUM OF GARNISHEE**
(Attachment–Enforcement of Judgment)

COURT CASE NO.:
SC121128

> NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF
> ATTACHMENT: This memorandum must be completed and mailed or delivered to the
> levying officer within 10 days after service on you of the writ and notice of levy
> or attachment unless you have fully complied with the levy. Failure to complete and
> return this memorandum may render you liable for the costs and attorney fees incur-
> red in obtaining the required information.
> — RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER —

This memorandum does *not* apply
to garnishment of earnings.

$15,100.32

1. a. Garnishee (name): Wells Fargo Bank

   b. Address:  790 W Shaw Avenue Suite 100  Fresno CA 93704

FSO- CIVIL HAS RECEIVED A CHECK IN
THE AMOUNT OF $ 15,100.32

2. Judgment Creditor (name):  Southwestern Research, Inc., a California corporation

3. ☐  (Check if applicable.) The garnishee holds neither any property nor any obligations in favor of the judgment debtor.

4. If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

NO SAFE DEPOSIT BOX

5. **For writ of execution only.** Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

NOTHING TO REPORT

*(Continued on reverse)*

Page 1 of 2

Form Approved  for Optional Use
Judicial Council of California
AT-167/EJ-152 [Revised July 1, 2013]

**MEMORANDUM OF GARNISHEE**
(Attachment–Enforcement of Judgment)
Return to Levying Officer

Code Civ. Proc., §§ 488.610,
701.030

EXHIBIT C
Page 147

AT-167/EJ-152

| SHORT TITLE: Lois Friedman vs. John Murphy, M.D. et al | LEVYING OFFICER FILE NO.: 21004676 | CASE NUMBER: SC121128 |
|---|---|---|

6. If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and the terms of the obligation and the reason for not paying it to the levying officer:

NOTHING TO REPORT

7. Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

NOTHING TO REPORT

8. **For writ of execution only.** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

NOTHING TO REPORT

9. Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

NOTHING TO REPORT

WELLS FARGO
LEVY PROCESSING
MAC S4001-01E
PO BOX  29779
PHOENIX, AZ 85038-9779
PHONE: 480-724-2000
FAX: 866-670-1561

### DECLARATION OF GARNISHEE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Wells Fargo Bank            Shawna Mcfarland      NOV 2 2 2021
                                    Agent
_____            ▶ _____
            (TYPE OR PRINT NAME)                                      (SIGNATURE)

| If you need more space to provide the information required by this memorandum, you may attach additional pages. |
|---|
| ☐  Total number of pages attached: |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and a…*
After recording, return to:    Coleman & Horowitt, LLP
499 West Shaw Avenue #116
Fresno CA 93704

TEL NO.: 559-248-4820          FAX NO. *(optional)* 559-248-0130
EMAIL ADDRESS *(optional)*:

| [X] | ATTORNEY FOR | [ ] | ORIGINAL JUDGMENT CREDITOR | [ ] | ASSIGNEE OF RECORD |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:    6230 Sylmar Avenue
MAILING ADDRESS:   Van Nuys CA 91401

CITY AND ZIP CODE:

BRANCH NAME:    Van Nuys Courthouse

PLAINTIFF/PETITIONER: Lois Friedman

DEFENDANT/RESPONDENT:    John Murphy, M.D., et al

**NOTICE OF LEVY**

under Writ of    [X] Execution (Money Judgment)

[ ] Sale

*FOR RECORDER'S USE ONLY*

LEVYING OFFICER *(name and address)*:
Fresno County Sheriff Office, Civil Unit
P. O. Box 45025
Fresno, CA 93718
CA Relay 800-735-2929 TDD or 711

LEVYING OFFICER FILE NO.:
21004677

COURT CASE NO.:
SC121128

TO THE PERSON NOTIFIED *(name):* Hunter Maag  5550 Partridge Court  Westlake Village CA 91362-5415

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:
    a. Judgment debtor (name): SEE ATTACHED LIST.
    b. The property to be levied upon is described:
        [ ] in the accompanying writ of possession or writ of sale.
        [X] as follows:   Any and all accounts including but not limited to checking, savings, money markets, T-bills, securities, stocks and bonds, safe deposit boxes  and account #'s 3191169154, 3191175979 standing in the name of the judgment debtor(s).

2. The judgment is for *(check one)*:
    [ ] wages owed.          [ ] child/spousal support.          [X] other. Unknown

3. The amount necessary to satisfy the judgment creditor's judgment writ is
    a. Total amount due (less partial satisfactions) from line 18 of writ (form EJ-130) . . . . . . . . . . $    21,493,014.02
    b. Levy fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    0.00
    c. Sheriff's disbursement fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    12.00
    d. Recoverable costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    0.00
    e. Total *(a through d)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    21,493,026.02
    f. Daily interest from line 19a of writ (form EJ-130) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    5,829.47

4. You are notified as:
    a. [ ] a judgment debtor.
    b. [X] a person other than the judgment debtor *(state capacity in which person is notified):* 3rd Party

*(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on page two.)*

Notice of Levy was
[✓] mailed on *(date):* 12/6/2021
[ ] delivered on *(date):*

[ ] posted on *(date):*
[ ] filed on *(date):*
[ ] recorded on *(date):*

**THIRD PARTY HAS BEEN NOTIFIED**

Date: 12/4/2021

Sheriff's Authorized Agent    *Tara Hawthorne*
                (TYPE OR PRINT NAME)

▶ 
                (SIGNATURE)
[✓] Levying officer    [ ] Registered process server

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-150 [Rev. September 1, 2020]

**NOTICE OF LEVY**
**(Enforcement of Judgment)**

**3rd Party Copy**          Wells Fargo Bank

Code of Civil Procedure, § 699.540
*www.courts.ca.gov*

EXHIBIT C
Page 149

| SHORT TITLE: Lois Friedman vs. John Murphy, et al. | LEVYING OFFICER (Name and Address):<br>21004677 | COURT CASE NO.:<br>SC121128 |
|---|---|---|

## –INFORMATION FOR JUDGMENT DEBTOR–

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. There are automatic exemptions that financial institutions should apply to a deposit account before providing funds to the levying officer. See below for more information.

3. You may claim any available exemption for your property. A list of exemptions can be found on form EJ-155. **If you wish to claim an exemption for personal property, you must do so within 15 days after this notice was delivered to you or 20 days after this notice was mailed to you** by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. The date of filing is calculated as the date the claim is received by the levying officer, or the date of the postmark if the claim is mailed and assigned a tracking number by the U.S. Postal Service or another common carrier. **If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

4. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

5. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

6. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

7. All sales at an execution sale are final; there is no right of redemption.

## – INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR –

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien, which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. If you are a financial institution, you are required to apply applicable exemptions to deposit accounts. See below.

3. You must complete the accompanying Memorandum of Garnishee within 10 days.

4. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property under sections 720.010–720.800 of the Code of Civil Procedure.

5. **Make checks payable to the levying officer shown on page 1.**

## – INFORMATION ABOUT DEPOSIT ACCOUNTS –

1. If the levy is *not* to satisfy a judgment for wages owed, child or spousal support, or liability to the state government, financial institutions must automatically exempt money in a deposit account up to a certain dollar amount, under section 704.220 of the Code of Civil Procedure, with no claim of exemption required. See form EJ-156 for the exemption amount.

2. Other automatic exemptions may apply to deposit accounts, such as exemptions for directly deposited social security or public benefits under section 704.080. (See form EJ-156 for the exemption amounts.) Generally, the financial institution should apply the larger set of exemptions that apply to an account. See section 704.220(b).

3. If a judgment debtor has multiple accounts in one or more financial institutions, either the judgment creditor or judgment debtor may file an application in the superior court identified on the front of this form for an order as to which account the exemption should apply. (See section 704.220(e).) To get such an order, file an *Ex Parte Application for Order on Deposit Account Exemption* (form EJ-157) as soon as possible. (See EJ-157-INFO for instructions.) If the judgment debtor has more than one account in a financial institution, that institution may decide how and to which account to apply the exemption, unless it is served with a court order directing how to apply the exemption.

**NOTICE OF LEVY**
(Enforcement of Judgment)

EXHIBIT C
Page 150

BEST COPY

61003821 REQU    AT-167/EJ-152

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Coleman & Horowitt, LLP<br>499 West Shaw Avenue #116  Fresno CA 93704<br>TELEPHONE NO.: 559-248-4820    FAX NO.: 559-248-0130<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):*  Lois Friedman | LEVYING OFFICER *(Name and Address)*<br>Fresno County Sheriff Office, Civil Unit<br>P. O. Box 45025<br>Fresno, CA 93718<br>Phone: 559-600-8230<br>Fax: 559-600-8322<br>CA Relay 800-735-2929 TDD or 711 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 6230 Sylmar Avenue<br>MAILING ADDRESS: Van Nuys CA 91401<br>CITY AND ZIP CODE:<br>BRANCH NAME: Van Nuys Courthouse | |
| PLAINTIFF/PETITIONER: Lois Friedman | LEVYING OFFICER FILE NO.:<br>‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>21004677 |
| DEFENDANT/RESPONDENT: John Murphy, M.D., et al | |
| MEMORANDUM OF GARNISHEE<br>(Attachment—Enforcement of Judgment) | COURT CASE NO.:<br>SC121126 |

| | |
|---|---|
| NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incurred in obtaining the required information.<br>— RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER — | This memorandum does not apply to garnishment of earnings.<br><br>$348.66 |

1. a. Garnishee *(name):* Wells Fargo Bank

   b. Address:  790 W Shaw Avenue Ste 100  Fresno CA 93704

2. Judgment Creditor *(name):* Southwestern Research, Inc., a California corporation

3. ☐ *(Check if applicable.)* The garnishee holds neither any property nor any obligations in favor of the judgment debtor.

4. If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:


SEE ATTACHMENT
NO SAFE DEPOSIT BOX


5. For writ of execution only. Describe any property of the judgment debtor not levied upon that is in your possession or under your control:


NOTHING TO REPORT

2021 DEC -4  PM 03
FRESNO COUNTY
SHERIFF'S OFFICE
CIVIL UNIT
RECEIVED

*(Continued on reverse)*    Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>AT-167/EJ-152 [Revised July 1, 2013]
MEMORANDUM OF GARNISHEE<br>(Attachment—Enforcement of Judgment)<br>Return to Levying Officer
Code Civ. Proc., §§ 488.610,<br>701.030

EXHIBIT C
Page 151

TIME RECEIVED                          REMOTE CSID        DURATION      ...ES    STATUS
December 3, 2021 at 4:35:15 PM PST     4804825770         85          ...        Received

Dec. 3. 2021  5:33PM    WELLS FARGO BANK 4804825770                    No. 0506   P. 1

# WELLS FARGO BANK
## LEGAL SUPPORT DEPARTMENT
### fka Legal Order Processing

*P.O. BOX 29779 MAC# S 4001-01E*
*PHOENIX, AZ 85038*
*FAX: 866-670-1561*
*PHONE: 480-724-2000*

## FACSIMILE TRANSMISSION

**To:**      **Fresno County Sheriff**          **Fax: 559-600-8322**
             Attn: Geiselle

**From:**    **Jacki**                          **Date: 12/03/2021**

**Number of pages including cover:**      **5**

**Comments:**

Note
This message is intended only for the use of the individual or entity to which it is addressed and may contain
information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of
this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or
copying of this communication is strictly prohibited. If you have received this communication in error, please
notify us immediately by telephone. Thank you.

EXHIBIT C
Page 152

AT-167/EJ-152

| SHORT TITLE: Lois Friedman vs. John Murphy, M.D., et al | LEVYING OFFICER FILE NO.: 21004877 | CASE NUMBER: SC121128 |
|---|---|---|

6. If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and the terms of the obligation and the reason for not paying it to the levying officer:

NOTHING TO REPORT

7. Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

NOTHING TO REPORT

8. For writ of execution only. Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

NOTHING TO REPORT

9. Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

THIS LEVY REACHES ONE (OR MORE) DEPOSIT ACCOUNT(S) IN THE NAME OF PERSON(S) OTHER THAN THE JUDGMENT DEBTOR (ALONE OR TOGETHER WITH THE JUDGMENT DEBTOR). PURSUANT TO CA CCP § 700.160 WELLS FARGO BANK, N.A. WILL HOLD THE FUNDS LEVIED UPON UNTIL $11,410.57 IS CURRENTLY BEING HELD

WELLS FARGO
LEVY PROCESSING
MAC S4001-01E
PO BOX 29779
PHOENIX, AZ 85038-9779
PHONE: 480-724-2000
FAX: 866-670-1561

DECLARATION OF GARNISHEE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: NOV 2 3 2021

Wells Fargo Bank          Shawna Mcfarland
                          Agent
(TYPE OR PRINT NAME)                                    Shawna McFarland
                                                         (SIGNATURE)

If you need more space to provide the information required by this memorandum, you may attach additional pages.
☐ Total number of pages attached:

AT-167/EJ-152 [Rev. July 1, 2013]          MEMORANDUM OF GARNISHEE          Page 2 of 2
                                   (Attachment—Enforcement of Judgment)

EXHIBIT C
Page 153

EJ-130

| Plaintiff/Petitioner:  LOIS FRIEDMAN, et al. | CASE NUMBER: |
|---|---|
| Defendant/Respondent:  JOHN MURPHY, M.D., et al. | SC121128 |

21. ☒ Additional judgment debtor(s) (name, type of legal entity if not a natural person, and last known address):

SOUTHERN CALIFORNIA RESEARCH LLC
436 N. Roxbury Drive, Suite 222 (also Suite 205)
Beverly Hills, CA 90210

JOHN MURPHY, M.D.
1300 SE McArthur Boulevard
Stuart, FL 34996
FILED BK AND WILL NOT EXECUTE JUDGMENT

22. The judgment is for (check one):

   a. ☐ wages owed.
   b. ☐ child support or spousal support.
   c. ☒ other.

23. ☐ Notice of sale has been requested by (name and address):

24. ☐ Joint debtor was declared bound by the judgment (CCP 989-994)
   a. on (date):
   b. name, type of legal entity if not a natural person, and
      last known address of joint debtor:

   a. on (date):
   b. name, type of legal entity if not a natural person, and
      last known address of joint debtor:

   c. ☐ Additional costs against certain joint debtors are itemized:  ☐ below  ☐ on Attachment 24c.

25. ☐ (Writ of Possession or Writ of Sale) Judgment was entered for the following:
   a. ☐ Possession of real property: The complaint was filed on (date):
      (Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)

     (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The
         judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

     (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

     (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
         judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns
         to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) (See CCP
         415.46 and 1174.3(a)(2).)

     (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the Prejudgment Claim of Right to Possession was
        not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

       (a) The daily rental value on the date the complaint was filed was $
       (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates (specify):

*Item 25 continued on next page*

EXHIBIT C
Page 154



Wells Fargo Bank, N.A.
Levy Processing Department
PO Box 29779 Mac# S4001-01E
Phoenix, AZ 85038
Phone# 480/724-2000
Fax# 866/670-1561

# ATTACHMENT for Third Party on accounts

*HUNTER MAAG*
*5550 PARTRIDGE CT*
*WESTLAKE VILLAGE CA 91362-5415*

*WFB is currently holding $ 11,410.57 with the third party listed above.*

*THIS LEVY REACHES ONE (OR MORE) DEPOSIT ACCOUNT(S) IN THE NAME OF PERSON(S) OTHER THAN THE JUDGMENT DEBTOR (ALONE OR TOGETHER WITH THE JUDGMENT DEBTOR). PURSUANT TO CA CCP § 700.160 WELLS FARGO BANK, N.A. WILL HOLD THE FUNDS LEVIED UPON UNTIL NOTIFIED WITH THE APPROPRIATE DOCUMENTATION BY THE LEVYING OFFICER TO FORWARD THE FUNDS.*

RECEIVED
2021 DEC -4  PM 1:03
FRESNO COUNTY
SHERIFF'S OFFICE
CIVIL UNIT

*Levying officer file # 21004677*

*Court case #  SC121128*

WELLS FARGO BANK LLG # 61003821

EXHIBIT C
Page 155

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **MOTION FOR DISALLOWANCE OF PROOF OF CLAIM 7 FILED BY SOUTHWESTERN RESEARCH, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MONSI MORALES AND DARRELL MAAG** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 2, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On September 2, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE: Hon. Deborah J. Saltzman, U.S. Bankruptcy Court, 255 E. Temple St., Ste. 1634, Los Angeles, CA 90012
Claimant 7: Southwestern Research, Inc., c/o Donald L. Cornwell, Law Offices of Donald L. Cornwell, 11766 Wilshire Blvd., Suite 700, Los Angeles, CA 90025

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 2, 2022 | Helen Cardoza | /s/ Helen Cardoza |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION:

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

**ATTORNEY FOR CREDITOR:** J Scott Bovitz    bovitz@bovitz-spitzer.com
**ATTORNEY FOR CREDITOR: Jeffrey D Cawdrey**    jcawdrey@grsm.com adeyemo@gordonrees.com;
sdurazo@grsm.com
**ATTORNEY FOR CREDITOR: Donald Cornwell**    don@doncornwell.com
**ATTORNEY FOR CREDITOR: Vincent V Frounjian**    vvf.law@gmail.com
**ATTORNEY FOR DEBTOR: Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
**ATTORNEY FOR US TRUSTEE: Kristin T Mihelic**    kristin.t.mihelic@usdoj.gov
**ATTORNEY FOR DEBTOR: Monserrat Morales**    Monsi@MarguliesFaithLaw.com,
Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com
**ATTORNEY FOR DEBTOR: James R Selth**    jim@wsrlaw.net, jselth@yahoo.com;vinnet@ecf.inforuptcy.com
**ATTORNEY FOR CREDITOR: Valerie Smith**    claims@recoverycorp.com
**United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
**ATTORNEY FOR DEBTOR: Daniel J Weintraub**    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**