Craig G. Margulies (State Bar No. 185925)
*Craig@MarguliesFaithLaw.com*
Monsi Morales (State Bar No. 235520)
*Monsi@MarguliesFaithLaw.com*
MARGULIES FAITH LLP
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Counsel for the Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>DARRELL D. MAAG<br><br>Debtor. | Bk. Case No.: 9:22-bk-10023--DS<br><br>Chapter: 11<br><br>**SUPPLEMENT TO DEBTOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 14, 2022**<br><br><u>Confirmation Hearing</u>:<br>Date:  May 15-16, 2023<br>Time:  10:00 a.m.<br>Place:  United States Bankruptcy Court<br>           Roybal Federal Building<br>           Courtroom 1639<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE:**

Darrell Maag (the "Debtor") hereby supplements his *Memorandum of Points and Authorities in Support of Confirmation of Debtor's Chapter 11 Plan of Reorganization Dated October 14, 2022* (the "Confirmation Brief," Dkt. No. 91), seeking an Order confirming the

0

*Debtor's Chapter 11 Plan of Reorganization Dated October 14, 2022* (SCR Case, Dkt. No. 255, the "Plan")[1] pursuant to section 1129(a) of title 11 of the United States Code (the "Bankruptcy Code").

The Plan received votes from several of the Debtor's creditors, including secured creditor Honda Financial, who support the Debtor's reorganization efforts. One objection to the Plan was filed by Southwestern Research, Inc. ("SRI"), and SRI, which is a Class 4 creditor, voted to reject the Plan. Despite SRI's objection and vote against the Plan, the Debtor has demonstrated that the Plan can be confirmed under the "cramdown" provisions of 11 U.S.C. § 1129(b).[2] Moreover, the Debtor has demonstrated the Plan's feasibility and benefit to creditors.[3] Further, the Debtor has shown that the Plan satisfies the best interests of creditors and the Debtor.[4] Specifically, the Plan proposes to liquidate all the Debtor's non-exempt assets and offers a significant return to unsecured creditors. Alternatively, liquidation of the estate would provide no greater payments to unsecured creditors and the additional time and expense of a chapter 7 proceeding, including the appointment and fees of a chapter 7 trustee and their professionals, likely would result in significant delay and reduction in assets available for distribution.

For all the reasons stated in the Confirmation Brief and herein, the Debtor requests that the Court confirm the Plan.

## I.  **Solicitation And Votes**[5]

After approval of the Disclosure Statement by the Court, the Debtor mailed copies of the Plan, the Disclosure Statement and ballots to creditors entitled to vote on the Plan. Based on the Plan treatment, Claims in Class 1 are unimpaired and deemed to have accepted the Plan. Claims in Class 2, Class 4 and Class 5 are impaired, and holders of such Claims are entitled to vote on the Plan. Class 2 and Class 4 each has one creditor, American Honda Finance Corp. and SRI, respectively, and Class 5 consists of holders of General Unsecured Claims. Class 3, which does

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.
[2] See Confirmation Brief, Section IV.N.
[3] See Confirmation Brief, Section IV.K.
[4] See Confirmation Brief, Section IV.G.
[5] The following section updates and supersedes Section II.E of the Confirmation Brief.

1

not include any Allowed Claims, as discussed below, is deemed eliminated pursuant to Section 4.3 of the Plan.

Class 2, consisting of the Honda Secured Claim, voted to accept the Plan.

Creditor Pierce Brothers was originally classified as a secured creditor holding an Allowed Class 3 Claim. However, on February 19, 2023, SRI filed a motion seeking to reclassify the Pierce Brothers claim as unsecured (Dkt. No. 85). After a hearing, the Court entered an order sustaining SRI's objection to the claim of Pierce Brothers (Dkt. No. 168), and the claim was deemed an Allowed General Unsecured Claim. As a result, the Pierce Brothers claim was moved to Class 5, and there are no Allowed Class 3 Claims. Section 4.3 of the Plan provides that,

> [A]ny Class that does not contain any Allowed Claims..., as of the date of the Confirmation Hearing, shall be deemed to have been deleted from [the] Plan for purposes of (a) voting to accept or reject [the] Plan and (b) determining whether it has accepted or rejected [the] Plan under section 1129(a)(8) of the Bankruptcy Code.

The SRI Claim was classified properly in Class 4. In accordance with a negotiated stipulation with SRI, the Debtor agreed to withdraw his pending objection to the SRI Claim at least through the date of the Confirmation Hearing and to allow SRI to vote on the Plan. After such stipulation was reached, the Debtor sent SRI a solicitation package, including a Ballot for Class 4. In complete disregard for the solicitation procedures approved by the Court, SRI filed two separate ballots, one in Class 4, in the amount of $6,854,890.96, and one in Class 5, in the amount of $12,325,000.88. Because the SRI Claim is not classified as a Class 5 Claim, its ballot purporting to cast a vote in Class 5 was determined to not be an Allowed Class 5 Ballot and disregarded for Plan voting purposes. SRI's Class 4 Ballot, while in an incorrect amount, was counted as a vote to reject the Plan. Thus, Class 4 is deemed to have rejected the Plan.

The Debtor originally received three (3) ballots from alleged holders of Class 5 Claims, including the Class 5 ballot submitted by SRI. The other two (2) ballots were determined to be from holders of Class 5 Claims that the Debtor believed were entitled to vote in such Class (the "Class 5 Ballots"). The Class 5 Ballots were received from Valley Oaks Memorial Park ("Valley Oaks"), who voted to accept the Plan. Following a hearing on a motion filed by SRI (Dkt. No. 107), the claims of Valley Oaks (scheduled by the Debtor) were disallowed, as the Court

2

determined that American Memorial Life Insurance Company ("American Memorial") was the true creditor under the Valley Oaks contract with the Debtor. As a result, the Class 5 Ballots received from Valley Oaks were disregarded.

Shortly after the Order disallowing the Valley Oaks claims was entered, the Debtor amended his Schedule F to list American Memorial as a creditor and served American Memorial with a Solicitation Package, including a ballot. American Memorial did not submit a ballot accepting or rejecting the Plan. As a result, the Debtor received only one ballot from holders of an Allowed Class 5 Claim, from Pierce Brothers. Pierce Brothers voted to accept the Plan.

Notwithstanding the change in Class 5 creditors and votes, or the rejection of the Plan by Class 4, the Debtor satisfies the "cram down" procedures under section 1129 in order to confirm the Plan.

## II. Requirements For Plan Confirmation Are Satisfied

Section 1129 provides that a plan of reorganization shall be confirmed if the applicable confirmation requirements set forth in section 1129 are satisfied. In the Motion, the Debtor detailed how the Plan satisfies all the confirmation requirements under section 1129, including those requiring analysis of the original ballots received. The following discussion demonstrates how the Plan satisfies each confirmation requirement set forth in sections 1129(a)(8) and (a)(10) following the change in votes resulting from the change of the Class 5 claims and disregarding of the ballots of Valley Oaks. All other factors and arguments in favor of confirmation of the Plan remain as set forth in the Confirmation Brief.

### A. Acceptance or Unimpairment (Section 1129(a)(8))[6]

Section 1129(a)(8) requires that each class of claims and interests either has accepted the plan or is not impaired under the plan. A class of claims accepts the plan if holders of at least two-thirds in dollar amount and a majority in number of claims of that class vote to accept the plan, counting only those claims whose holders actually vote to accept or reject the plan.

---

[6] The following section updates and supersedes Section IV.H of the Confirmation Brief.

3

Class 1 under the Plan is unimpaired and therefore deemed to have accepted the Plan pursuant to section 1126(f).  Classes 2 and 5 voted unanimously to accept the Plan.  As a result of the reclassification of the Pierce Brothers' Claim, there are no Allowed Class 3 Claims, and Class 3 is deemed eliminated.

SRI, whose SRI Claim is classified in Class 4, altered the Class 4 ballot sent by the Debtor and improperly filed a Class 4 ballot and a Class 5 ballot, each rejecting the Plan.  The SRI Claim is not a Class 5 Claim, and its self-created Class 5 ballot was not deemed to be an Allowed Class 5 Ballot and not counted for voting purposes.  Based on SRI's Class 4 ballot, Class 4 voted to reject the Plan.  However, as explained below, the Plan should be confirmed despite this rejection by Class 4.

### B. Acceptance By One Impaired Class (Section 1129(a)(10))[7]

Section 1129(a)(10) requires that, if a class of claims is impaired under the Plan, at least one class of impaired claims has accepted the plan, determined without including any acceptance of the plan by an insider holding a claim in such class.  As set forth above and in the Ballot Summary provided in the Declaration of Monsi Morales filed concurrently with the Confirmation Brief (Dkt. No. 94), Classes 2 and 5, which are impaired, have accepted the Plan without counting the votes of any Insiders.  Therefore, the Debtor has complied with section 1129(a)(10).

DATED:  May 8, 2023               **MARGULIES FAITH, LLP**

                                  By: __/s/ Monsi Morales__
                                      Monsi Morales
                                      Craig G. Margulies
                                      Attorneys for Darrell Maag

---

[7] The following section updates and supersedes Section IV.J of the Confirmation Brief.

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **SUPPLEMENT TO DEBTOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 14, 2022** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On **May 8, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **May 8, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE: Pursuant to the General Order 21-04, Judge's copies are not required for any document less than 25 pages

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 8, 2023 | Angela Saba | /s/ Angela Saba |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

**Megan M Adeyemo on behalf of Debtor Darrell D. Maag**
madeyemo@grsm.com, asoto@grsm.com

**J Scott Bovitz on behalf of Creditor Southwestern Research, Inc.**
bovitz@bovitz-spitzer.com

**J Scott Bovitz on behalf of Defendant Southwestern Research, Inc.**
bovitz@bovitz-spitzer.com

**J Scott Bovitz on behalf of Plaintiff Southwestern Research, Inc.**
bovitz@bovitz-spitzer.com

**Jeffrey D Cawdrey on behalf of Debtor Darrell D. Maag**
jcawdrey@grsm.com, madeyemo@gordonrees.com;sdurazo@grsm.com

**Jeffrey D Cawdrey on behalf of Defendant Darrell Maag**
jcawdrey@grsm.com, madeyemo@gordonrees.com;sdurazo@grsm.com

**Donald Cornwell on behalf of Creditor Southwestern Research, Inc.**
don@doncornwell.com

**Donald Cornwell on behalf of Creditor Southwestern Research, Inc.**
don@doncornwell.com

**Donald Cornwell on behalf of Defendant Southwestern Research, Inc.**
don@doncornwell.com

**Vincent V Frounjian on behalf of Creditor AMERICAN HONDA FINANCE CORPORATION**
vvf.law@gmail.com

**Craig G Margulies on behalf of Debtor Darrell D. Maag**
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

**Craig G Margulies on behalf of Debtor Darrell Derrick Maag**
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

**Craig G Margulies on behalf of Plaintiff Darrell Derrick Maag**
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

**Kristin T Mihelic on behalf of U.S. Trustee United States Trustee (ND)**
kristin.t.mihelic@usdoj.gov

**Monserrat Morales on behalf of Debtor Darrell D. Maag**
Monsi@MarguliesFaithLaw.com,
Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com

**Monserrat Morales on behalf of Debtor Darrell Derrick Maag**
Monsi@MarguliesFaithLaw.com,

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com

**Monserrat Morales on behalf of Interested Party Courtesy NEF**
Monsi@MarguliesFaithLaw.com,
Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com

**Monserrat Morales on behalf of Plaintiff Darrell Derrick Maag**
Monsi@MarguliesFaithLaw.com,
Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com

**Jerry Namba (TR)**
jnambaepiq@earthlink.net, jnambalaw@yahoo.com;jn01@trustesolutions.net;paknamba@gmail.com

**James R Selth on behalf of Debtor Southern California Research, LLC**
jselth@wztslaw.com, jselth@yahoo.com;maraki@wztslaw.com;sfritz@wztslaw.com

**James R Selth on behalf of Interested Party Courtesy NEF**
jselth@wztslaw.com, jselth@yahoo.com;maraki@wztslaw.com;sfritz@wztslaw.com

**James R Selth on behalf of Interested Party Courtesy NEF**
jselth@wztslaw.com, jselth@yahoo.com;maraki@wztslaw.com;sfritz@wztslaw.com

**Valerie Smith on behalf of Interested Party Courtesy NEF**
claims@recoverycorp.com

**United States Trustee (ND)**
ustpregion16.nd.ecf@usdoj.gov

**Daniel J Weintraub on behalf of Debtor Southern California Research, LLC**
dweintraub@wztslaw.com, vinnet@ecf.inforuptcy.com

**Daniel J Weintraub on behalf of Plaintiff Southern California Research, LLC**
dweintraub@wztslaw.com, vinnet@ecf.inforuptcy.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**